# INDIVIDUAL PRACTICES AND RULES OF
# MAGISTRATE JUDGE JOSEPH A. MARUTOLLO

United States District Court
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Courtroom: N324 / Chambers: N331
Telephone: 718-510-9700 (Chambers)
Email: Marutollo_Chambers@nyed.uscourts.gov
Courtroom Deputy: Esther Glasgow

*Updated April 29, 2024*

Unless otherwise ordered by the Court, matters before Judge Marutollo will be conducted pursuant to the following practices and rules.

**I.      CONSENTING TO MAGISTRATE JUDGE JURISDICTION**

Pursuant to Administrative Order No. 2023-23, the Eastern District of New York Board of Judges has established a two-year pilot program concerning the assignment of civil cases to Magistrate Judges. Should the parties consent to the jurisdiction of Judge Marutollo, the parties shall promptly file the Notice of Option to Consent to Magistrate Judge Jurisdiction.

**II.     COMMUNICATIONS WITH CHAMBERS**

   A.   Written Communications

Except as provided below, communications with Chambers shall be by letter electronically filed with the Court, with copies simultaneously delivered or mailed to any *pro se* litigant. Counsel must provide a brief description of the subject matter of the letter in the ECF entry field (*e.g.*, "Joint Letter in connection with Initial Status Conference") not simply, "Letter." No hard copies of letters shall be delivered to Chambers or to the Court. As set forth in Section IV below, any requests for an extension of time must be uploaded to ECF using the "motion" event type.

   B.   Telephone Calls and Faxes

Telephone calls to Chambers are permitted only in emergency situations requiring immediate attention. Faxes to Chambers are not permitted.

   C.   Courtesy Copies

Courtesy copies should only be provided to Chambers upon request of the Court.

D.  Required Notification to Chambers

A party or the parties shall immediately notify Chambers via email (Marutollo_Chambers@nyed.uscourts.gov) if any of the following events occur:

1.  any motion has been referred to Judge Marutollo by the presiding District Judge;

2.  the parties have reached a settlement; or

3.  any party has reason to believe that there may be grounds that Judge Marutollo should be recused from any pending civil or criminal matter due to his direct or indirect involvement in the matter during the time that he served in the United States Attorney's Office, or for any other reason.  *See* 28 U.S.C. § 455 (judicial recusal statute); Local Civil Rule 7.1.1 (per the Committee Note, the disclosure obligation imposed on the parties in this rule is designed "to serve a useful purpose in helping to ensure that Judges will be given prompt notice of changes that might require consideration of possible recusal").

### III.  CONFERENCES

A.  Appearances of Counsel

Any attorney appearing before the Court must first enter a notice of appearance on ECF.  The Court strongly encourages the participation of junior lawyers in all court proceedings.  As the late United States District Judge Jack B. Weinstein once stated, it is "important for everyone, and for the litigation process, that the upcoming generation understands the fundamentals and just gets up on their feet."  Where junior lawyers are familiar with the matter under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate.  The Court is amenable to permitting more than one lawyer to argue for a party, especially where it creates an opportunity for a junior lawyer to argue.

The Court recognizes that the decision of who conducts each proceeding is with the lawyer in charge of each case, and ultimately the represented party.  In any appearance, all attorneys must have authority to bind the party that they represent consistent with the proceeding and should be prepared to address any matters likely to arise. The counsel of record must still also appear alongside any participating junior lawyer, unless counsel has separately sought and received permission not to appear.

B.  Initial Conference

Pursuant to Fed. R. Civ. P. 26(f), the parties must meet and confer prior to the Initial Conference to discuss the nature and basis of their claims and defenses, the possibilities for a prompt settlement, and a proposed discovery plan.  To assist the parties, the Court will provide the parties

with a proposed Discovery Plan and Scheduling Order prior to the Initial Conference.[1] The proposed Discovery Plan and Scheduling Order must be completed and filed no later than three (3) business days prior to the Initial Conference pursuant to the order setting forth the date of the Initial Conference. The parties should discuss their discovery needs thoroughly in advance of the Initial Conference so that the Court may adopt a realistic schedule in conjunction with the assigned District Judge's Rules. Once a Discovery Plan and Scheduling Order has been so ordered by the Court, the discovery deadlines will be enforced and amended only upon a showing of good cause.

    C.    <u>Settlement Conference</u>

        1.    At least fourteen (14) days prior to the Settlement Conference, Plaintiff's counsel shall submit a settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, Defendant's counsel shall submit an offer to Plaintiff's counsel with a brief explanation of why such a settlement is appropriate.

        2.    At least five (5) business days prior to the Settlement Conference, the parties shall submit *ex parte* settlement letters to Chambers by email (Marutollo_Chambers@nyed.uscourts.gov). The *ex parte* settlement letters should include the following: (a) the communicated demand or offer as prescribed in Rule III.C.1 above; (b) the strengths and weakness of their case; and (c) any legal arguments in support of their settlement position with citations to relevant authorities. As these *ex parte* statements will be treated as confidential and will not be docketed, they should include a realistic assessment of the party's settlement position. The *ex parte* letters shall be limited to five (5) pages exclusive of attachments.

        3.    Parties are required to personally attend the conference even if represented by counsel. In the case of a corporate party, the individual attending the conference should be a corporate employee with full authority to settle the matter. In the case of a Government or municipal entity requiring the approval of a body, such as a board, legislature, or agency, the individual attending the conference must be fully authorized to approve and submit a recommendation to that governing body or to contact, in real time, the person authorized to make such a recommendation. An insured party shall appear with a representative of the insurer(s) authorized to negotiate, and who has full authority to settle the matter.

**IV.**    <u>REQUESTS FOR ADJOURNMENTS OR EXTENSIONS OF TIME</u>

All requests for adjournments of a court conference or extensions of time shall be filed on ECF as a "Motion" (not a "Letter") at least two (2) business days prior to the scheduled appearance or deadline. Any adjournment of a court appearance being requested less than two (2) business days

---

[1] The Proposed Discovery Plan and Scheduling Order may also be downloaded from the Court's website.

prior to the scheduled appearance or deadline shall be accompanied by a telephone call to Chambers advising the Court of the request. All requests for adjournments or extensions must state the original date of the conference or deadline; the reasons for the adjournment or extension; the number of previous requests for adjournment or extension, and whether those requests were granted; whether the adversary consents, and if not, the reasons given by the adversary for refusing to consent; and if the requested adjournment or extension affects any other scheduled dates.

## V.     NON-DISPOSITIVE MOTIONS

As a general matter, and unless otherwise directed by the presiding District Judge, all non-dispositive pre-trial motions, including discovery motions, are to be made to Judge Marutollo.

### A.     Motions for Admission *Pro Hac Vice*

A motion for admission *pro hac vice*, together with a proposed order admitting the attorney *pro hac vice*, shall be served and filed electronically at least seven (7) business days prior to the return date designated in the notice of motion. Although there is no need to file a memorandum of law, this motion must comply with Local Civil Rule 1.3. These motions will be on submission. If any party objects to the motion, opposition papers must be served and filed at least two (2) business days prior to the return date. No reply papers are permitted.

### B.     Discovery Motions

Parties must make a good faith effort to resolve disputes before making any discovery motion. *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37.3(a). In the event that the parties are unable to resolve a discovery dispute, the parties must write to the Court and describe their dispute in a single letter, jointly composed. The joint letter shall be filed on ECF as a "Motion" (not a "Letter"). The letter shall begin with a brief statement of the claims and defenses at issue in the case. Each party's portion of the joint submission shall be limited to three (3) pages. *See* Local Civil Rule 37.3(c). In the event that the parties are unable to agree upon a single, joint letter, the parties may submit separate letters within the time limits set forth in Local Civil Rule 37.3(c), but must demonstrate good cause as to why they were unable to submit a joint letter. The parties shall adhere to the meet and confer requirements set forth in Fed. R. Civ. P. 37(a)(1) and should describe those efforts in their submission. After submission of the joint letter, the Court may schedule a conference to discuss the dispute. If the dispute cannot be resolved during the conference, the Court may order the parties to brief a motion to compel or for a protective order. The parties should not file any discovery materials on ECF unless necessary for the joint letter or Court-ordered discovery motion.

Absent extraordinary circumstances, discovery applications made later than thirty (30) days prior to the close of discovery may be denied as untimely.

### C.     Non-Dispositive, Non-Discovery Motions

For non-dispositive, non-discovery pre-trial disputes, the parties must first make good faith efforts to resolve the disputes prior to seeking the Court's intervention pursuant to Local Civil Rule 37.3(a). Parties are encouraged to make non-dispositive motions by letter. Parties seeking judicial resolution of such issues should comply with Local Civil Rule 7.1(d) or 37.3(c), as applicable. The

Court expects parties to exercise judgment as to the length of the letter motion. If necessary, after submission of the letter motion, the Court may advise the moving party to file a formal motion pursuant to Local Civil Rules 6.1 and 7.1.

**VI.    DISPOSITIVE MOTIONS**

Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge, in accordance with his or her Individual Practices and Rules, unless the parties have consented to Judge Marutollo for all purposes in accordance with 28 U.S.C. § 636(c)(1).

Where the parties have consented to Judge Marutollo, the following rules apply.

A.    Pre-Motion Conferences

1. Pre-motion conferences are not required in Social Security appeals, habeas cases, or cases in which one or more parties are proceeding *pro se*. In all other cases, a party must request a pre-motion conference before filing any dispositive motion pursuant to Fed. R. Civ. P. 12 or 56; any motion for a change of venue; or a motion to amend a pleading pursuant to Fed. R. Civ. P. 15 when leave of court is required.[2]

2. To request a pre-motion conference, the moving party is to file and serve a pre-motion conference letter, not to exceed three (3) pages, setting forth the basis for the anticipated motion.[3] The letter shall include citations to relevant authority and should provide a brief overview of the anticipated motion. A party's submission of a pre-motion letter seeking leave to file a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the date of the pre-motion conference.

3. All parties served with the moving party's pre-motion conference letter are required to serve and file a letter response within five (5) business days of service of the moving party's letter, unless otherwise ordered by the Court. The response shall not exceed three (3) pages. When a party responds to a pre-motion conference letter in anticipation of a motion to dismiss, they should state whether they intend to: file an amended complaint as of right, pursuant to Fed. R. Civ. P. Rule 15(a)(1)(B); seek leave to amend in light of one or more alleged pleading defects; or proceed to briefing on the contemplated motion. Replies are not permitted.

---

[2] When submitting a pre-motion letter regarding a request to amend a pleading, the moving party shall attach: (1) the proposed amended pleading and (2) a redlined comparison of the operative pleading and proposed amended pleading.

[3] If the pre-motion conference letter is filed in anticipation of a motion pursuant to Fed. R. Civ. P. 56, a statement of facts on a motion for summary judgment (a Local Civil Rule 56.1 Statement) does not need to be filed.

    4.    In appropriate cases, the Court may construe the pre-motion conference letter, along with counsel's arguments at the pre-motion conference, as the motion itself.  The Court may also set a briefing schedule without a pre-motion conference if the Court determines that a pre-motion conference will not be a useful expenditure of the parties' time.

    5.    If any party concludes in good faith that delaying the filing of a motion, in order to comply with any aspect of these Individual Practices and Rules, will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil or Appellate Procedure, together with an explanation of the basis for that conclusion.

B.    <u>Motion Papers</u>

    1.    Motion papers shall be filed promptly.  Parties should not hold motion papers until all papers are complete.  The Court does not follow a "bundling rule."

    2.    Unless prior permission has been granted, memoranda of law in support of, and in opposition to, dispositive motions is limited to twenty-five (25) double-spaced pages, not including tables of contents, tables of authorities, exhibits, appendices, or attachments. Reply memoranda are limited to ten (10) double-spaced pages, not including tables of contents, tables of authorities, exhibits, appendices, or attachments.

    3.    All memoranda of law shall be produced in 12-point font, with footnotes in 11-point font, and shall have one-inch margins on all sides.  All memoranda must be filed in a text-searchable format.

    4.    For all Social Security appeals filed on or after December 1, 2022, the parties shall comply with the procedures set forth in Administrative Order 2023-06.  Joint stipulations of facts are not required for Social Security cases.

## VII.   <u>CONFIDENTIALITY ORDERS</u>

To assist the parties, the Court has provided a form Confidentiality Order that the parties may submit to the Court for approval to protect the confidentiality of information exchanged in discovery.[4] If necessary, the parties may submit to the Court both a redlined version identifying the proposed changes, the reason for the changes, and a clean version of the proposed confidentiality order for the Court to adopt.

## VIII.   <u>DISPUTES DURING ONGOING DEPOSITIONS</u>

Parties encountering disputes during depositions shall first make every effort to resolve the dispute among themselves.  Should the parties be unable to reach a satisfactory resolution regarding

---

[4] The Confidentiality Order may also be downloaded from the Court's website.

the dispute, the parties are directed to contact Chambers immediately by telephone with all parties on the line. The Court will either resolve the matter at that time or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute.

**IX.    PRE-TRIAL SUBMISSIONS**

The parties must file a joint proposed pre-trial order in the format prescribed by the presiding District Judge on or before the deadline set by the Court or as set forth in the presiding District Judge's Individual Practices and Rules.

Where the parties have consented to Judge Marutollo, the following rules apply for pre-trial submissions.

   A.    Joint Proposed Pre-Trial Orders

   Unless otherwise ordered by the Court, within sixty (60) days from the date for the completion of discovery in a civil case, the parties shall submit to the Court a joint proposed pre-trial order that includes the following:

   1.    The full caption of the action;

   2.    The names, addresses (including firm names), telephone number, and email addresses of trial counsel;

   3.    A brief statement by Plaintiff as to the basis of subject-matter jurisdiction, and a brief statement by Defendant as to the presence or absence of subject-matter jurisdiction, each of which shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount;

   4.    A brief summary by each party of the claims and defenses that the party has asserted that remain to be tried—without recital of evidentiary matters but with citations to all statutes on which the party has relied—and of the claims and defenses that the party has previously asserted that are not to be tried;

   5.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

   6.    Any stipulations or agreed statements of fact or law that have been agreed to by all parties;

   7.    A statement by each party as to the witnesses whose testimony is to be offered in the party's case-in-chief, indicating whether such witnesses will testify in person or by deposition. The statement should also include a brief narrative of the expected testimony for each witness. Only listed witnesses will be permitted to testify except when prompt notice has been given and good cause shown;

        8.     A designation by each party of those portions of any deposition testimony to be offered in its case-in-chief, with any cross-designations and objections by any other party;

        9.     A table by each party of exhibits to be offered in the party's case-in-chief, with an indication as to whether any party objects to any such exhibits and a brief statement of the nature of the objection (*e.g.*, "relevance," "authenticity," "hearsay"), and a brief response to those objections. The table format below should be followed:

| Exhibit | Description | Objection(s) | Brief response to the Objection(s) |
|---|---|---|---|
|  |  |  |  |

All exhibits must be pre-marked in the order in which they are expected to be used (using numerals for Plaintiff's exhibits and letters for Defendant's exhibits). Parties are expected to resolve before trial all issues of authenticity or chain of custody. Only exhibits listed will be received in evidence, except for good cause shown.

    B.     <u>Filings Prior to Trial</u>

        1.     All motions addressing any evidentiary or other issues that should be resolved *in limine* shall be filed at least thirty (30) days before the trial. Responses, if any, shall be due seven (7) days later. Oral argument will be scheduled if necessary.

        2.     For jury trials, proposed jury instructions, *voir dire* questions, and a jury verdict sheet shall be filed at least ten (10) days prior to the start of the trial. These proposed pre-trial submissions should also be submitted to Chambers via email ([Marutollo_Chambers@nyed.uscourts.gov](mailto:Marutollo_Chambers@nyed.uscourts.gov)) in Microsoft Word format. If a party believes that it would be useful, a pretrial memorandum shall also be filed at least ten (10) days prior to the start of the trial.

        3.     For non-jury trials, if a party believes that it would be useful, a pretrial memorandum shall be filed at least ten (10) days prior to the start of the trial.

    C.     <u>Courtesy Copies of Trial Exhibits</u>

Unless otherwise ordered by the Court, each party shall provide the Court with three binders of their pre-marked exhibits with tabs reflecting each exhibit's corresponding number or letter. The parties shall bring their binders to the final pre-trial conference.

**X.**     **INTERPRETER SERVICES IN CIVIL CASES**

Interpreter services are not provided by the Court in civil cases. If a party speaks a language other than English, the party must arrange to conduct the case in English. If a non-English speaking

party represented by an attorney is ordered to appear for a court conference, that party must bring a professional interpreter if translation services are needed.  A *pro se* party may bring an English-speaking friend or family member to court conferences.  Persons acting as interpreters must translate exactly what is said and may not advocate for the party.

**XI.**     SEALING OF SUBMISSIONS

No document may be filed with the Clerk under seal without an order of this Court addressing the specific documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and any other controlling authority.  The application shall also include a proposed redacted version of the document(s) in question for public docketing.  Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2.  The redactions expressly authorized by Rule 5.2 may be made without application to the Court.  Instructions for filing sealed documents in civil cases are linked here; instructions for filing sealed documents in criminal cases are linked here.

*Individual Practices and Rules of Magistrate Judge Joseph A. Marutollo*