

| MURIEL GOODE-TRUFANT<br>Corporation Counsel | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | JOANNE M. McLAREN<br>*Senior Counsel*<br>Telephone: (212) 356-2413<br>jmclaren@law.nyc.gov |
|---|---|---|

November 12, 2025

**VIA ECF**
Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Hilary Steadman, *et al.*</u> v. City of New York, *et al.*
        25-CV-4081 (RER) (JAM)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent the City of New York, Detective Craig Jacob, and P.O. Candice Richards ("Defendants") in the above-referenced matter. For the reasons discussed herein, Defendants respectfully request that the initial conference currently scheduled for November 18, 2025, be adjourned without date and that Defendants be relieved of their obligation to meet and confer on a discovery coordination order, following the template created by the George Floyd protest cases, *see* ECF No. 21, and to file a proposed discovery plan by November 13, 2025. Alternatively, Defendants request an extension of time until December 10, 2025, to answer or otherwise respond to the First Amended Class Action Complaint (hereinafter "the Amended Complaint").[1] Plaintiffs do not consent to this request.

---

[1] Plaintiffs seek to represent a class consisting of: "all persons who at the time the protest that took place on April 30, outside the encampment at CCNY (the "Protest"), had any claims alleged in this Complaint, including, but not limited to, a claim they were (these categories overlap in some ways): 1. arrested; 2. detained in any fashion, without custodial arrest; 3. subjected to any force; 4. faced any police action that might have or did have any chilling effect; 5. were otherwise subjected to, without any limitation, any of the policies, practices, and customs alleged elsewhere in this complaint. For the lack of ambiguity, this includes persons who were subjected to any conduct by employees, agents, or other actors associated with or acting on behalf of the City, whether that action was: 1. as part of enforcement action directed at the Protest itself; 2. because of physical proximity to the Protest; 3. because of perceived association with the Protest; 4. because of observation of the Protest, or any attempt or perceived attempt to document NYPD conduct during the Protest in any fashion; 5. otherwise because of any connection whatsoever to the Protest." *See* Amended Complaint, ¶ 217.

On November 4, 2025, the Hon. Ramon E. Reyes denied Defendants' motion to transfer venue. *See* ECF ¶ 21. Judge Reyes also ordered the parties to meet and confer on a discovery schedule with Your Honor. *Id.* That same day, Your Honor scheduled an initial conference in this matter for November 18, 2025, and ordered the parties to submit a proposed discovery plan by November 13, 2025. *See* ECF ¶ 22.

At this time, however, it is premature for the parties to proceed with discovery. As an initial matter, the City has not yet responded to the Amended Complaint and, currently, there is no deadline for Defendants to do so.[2] Indeed, the Amended Complaint may be amenable to a motion to dismiss, in whole or in part. Therefore, until any motion is made and ultimately decided by Judge Reyes, the parties will not be in a meaningful position to schedule or even discuss the anticipated scope of discovery in this case. For example, should Defendants successfully dismiss allegations pertaining to the putative class, it would certainly curtail the scope of fact discovery going forward.

Alternatively, if Your Honor is not inclined to grant this request without date, Defendants respectfully request that their time to answer or otherwise respond to the three hundred and fifty-seven (357) paragraph Amended Complaint be extended until December 10, 2025. By this date, the City will either answer the Complaint or seek a pre-motion conference in accordance with Judge Reyes' individual rules of practice.

Defendants thank this Court for its consideration herein.

Respectfully submitted,

s/ *Joanne M. McLaren*
Joanne M. McLaren
*Senior Counsel*
Special Federal Litigation Division

cc: All counsel of record (via ECF)

---

[2] Plaintiffs apparently take the position that Defendants' answer was due on October 31, 2025. However, on September 26, 2025, this Court adjourned the initial conference and all associated deadlines in the case pending the resolution of Defendants' anticipated motion for a change of venue to the Southern District of New York. *See* Order dated September 26, 2025. That motion was not resolved until November 4, 2025. *See* ECF ¶ 21.