

November 14, 2025

Honorable Joseph A. Marutollo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing

    Re:    <u>Steadman et al. v. City of New York et al., 25-cv-4081</u>

Dear Judge Marutollo:

    My firm, with co-counsel, represents Plaintiffs and the putative class in the case above. This is intended as a cover letter to the parties' proposed case management plan and coordination order, because the parties have one outstanding disagreement.

    The parties essentially disagree about the details of items two and three of the Court's form case management plan. Each parties' position is below, while the agreed coordination order as well as a case management plan draft with the disputed paragraphs left blank.

**Defendants' Position:**

    On November 4, 2025, the Hon. Ramon E. Reyes denied Defendants' motion to transfer venue. *See* ECF ¶ 21. Judge Reyes also ordered the parties to meet and confer on a discovery schedule with Your Honor. *Id*. That same day, Your Honor scheduled an initial conference in this matter for November 18, 2025, and ordered the parties to submit a proposed discovery plan by November 13, 2025. *See* ECF ¶ 22. By letter dated November 12, 2025, Defendants requested an adjournment of the initial conference and the deadline for the parties to submit a proposed discovery plan. *See* ECF 24. That same day, Your Honor denied the request to adjourn the initial conference, ordered the parties to submit a proposed scheduling order by today, and granted the Defendants an extension of time until December 10, 2025 to respond to the complaint in this action.

    The parties have reached an impasse on the timing of the filing of an amended complaint in this action, questions 2 and 3 on the Court's proposed discovery plan. Plaintiffs seek to be permitted to file an amended complaint to add new parties by no later than November 13, 2026, the very same day that fact discovery is scheduled to close. Presumably then, leave of Court would not be required by virtue of Defendants' consent. However, such is simply unworkable from Defendants' perspective.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



First, an amendment on the date fact discovery closes essentially starts the case anew and prejudices Defendants. If a new defendant is added to the case,[1] this office must determine whether representation is appropriate, undertake the statutorily required process under New York's General Municipal Law, and then respond on behalf of the individual. Such a process is time-consuming and would essentially put the parties back at "square one" from both a pleading and discovery perspective as it pertains to any newly-added individual defendant.

Second, the newly added individual is entitled to move to dismiss, if appropriate, and may even assert the defense of qualified immunity. Of course, the Supreme Court has instructed that the defense of qualified immunity should be resolved at the ***earliest*** stage of a litigation because qualified immunity is intended to protect the officers from "suit." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The deadline proposed by Plaintiffs would not permit Defendants to comply with this instruction from the Supreme Court.

Third, there is simply no reason to believe that an amendment at that late date would be necessary. Defendants are well-aware of their discovery obligations and their obligations under F.R.C.P. 26. Plaintiffs should be required to establish good cause for any amendment, particularly one that is made a year into the discovery process.

Plaintiffs' suggestion that this is a discovery issue pertaining to the identification of John Does misses the point entirely. This is a scheduling issue, not a discovery issue. Furthermore, it is entirely premature for Plaintiffs to suggest, at this early juncture, that they need assistance identifying John Does particularly where discovery has not even commenced and Defendants have not even made their Initial Disclosures. Of course, remedies exist ***during*** the discovery process for Plaintiffs to obtain assistance with the identification of the John Doe Defendants. Now, however, is not the appropriate time for them to raise this issue.

**Plaintiffs' Position:**

As set out below, Plaintiffs believe the best solution is for the Court to either allow amendments to name John Does whenever they are identified in discovery, or set a date for the City to identify the John Does and allow amendment shortly thereafter.

By way of background, the parties met and conferred this morning — after Plaintiff followed up multiple times to schedule a conference and Defendants unilaterally canceled the initial 26(f), with Defendants only providing availability *today* — to discuss the case management plan for the first time. The parties discussed Defendants' objection to a date to amend and date to add more parties set at the end of discovery. Plaintiffs made clear the reason they proposed those dates was not for a *substantive* amendment, but to allow amendment to name John Does *if* (and only if)

---

[1] "While motions to amend a complaint are typically governed by Rule 15(a), Rule 21 is the operative rule if the proposed amendment adds new parties." *Elisa W. v. City of New York*, No. 15 Civ. 5273 (JAV) (SLC), 2025 LX 32910, at *10-11 (S.D.N.Y. May 22, 2025). "'[U]nder Rule 21, the court must consider principles of fundamental fairness and judicial efficiency[,]' considering 'whether an order under Rule 21 would prejudice any party, or would result in undue delay.'" *Id.* (quoting *In re Merrill Lynch & Co. Res. Repts. Sec. Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003)).

COHEN&GREEN    Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



discovery reveals them late in the discovery period. Plaintiffs proposed a variety of solutions, including accelerating Doe disclosures, making clear only "non-substantive" amendments were permitted.

At the meeting, the parties reached the agreement set forth in the attached draft case management plan: Paragraph 2 would have an early date, and paragraph 3 would read "No additional parties may be joined after: March 13, 2026, except that John and Jane Does may be added and named prior to November 13, 2026." But a little over an hour later, Defendants decided to walk back that agreement and demand that paragraph 3 add "subject to court approval." Defendants admitted "We did not discuss that language."

The dilemma here is simple: Either Defendants should identify John Does early so Plaintiffs can amend, or Plaintiffs should be allowed to amend when discovery reveals who the John Does are. Defendants' demand to add "court approval" language is an attempt to have it both ways, and defeats the purpose of a joinder date in the case management plan.[2] Both at the conference and thereafter, Plaintiffs suggested they were open to two different solutions:

1. "[The parties] agree on language" like that agreed to at the meet and confer: No additional parties may be joined after: March 13, 2026, except that John and Jane Does may be added and named prior to November 13, 2026"; or

2. "[The Parties] set March or April dates [to name new parties], but add language saying: 'The City shall identify all John and Jane Doe Defendants as described in the Complaint on or before February …, 2025.'"

But Defendants have rejected both of these approaches. Accordingly, Plaintiffs believe picking one of these two solutions, and the Court should not adopt Defendants' prejudicial and illogical approach.

To begin, there is no point in a deadline that includes "City's proposed to add "subject to court approval" to paragraph 3 defeats the purpose of having paragraph 3 at all: Plaintiffs already can amend with Court approval at any time under Rule 15 or 21. One purpose of having a date in the Case Management Plan is to *save* the Court work, and have a date where amendments *do not* require the Court to address motions (*see also,* n. 2 below).

As far as the two proposals:

*First,* setting a close-of-discovery (or at least post-deposition) deadline to amend is a straightforward way to address John Does. This solution allows discovery to play out at whatever pace it does — particularly in light of the fact that depositions will not take place for some time.

---

[2] It also ignores that Plaintiffs could just file new suits against those Does without leave of Court, which would just make things messier.



Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



While Plaintiffs certainly intend to amend at the earliest point after identifying John Doe, the difficulty is that it is not uncommon for the City to identify Does quite late in the discovery period.[3]

Perhaps more to the point, Courts routinely permit Case Management Plans that account for this, notwithstanding the City's complaints — and the City even consents to similar dates not entirely irregularly. *See, e.g.,* Case Management Place, *York v. City of New York*, 22-cv-6432, ECF No. 13 ¶ D (EDNY) (consent to same day for close of discovery and joinder); *Curran-Groome v. City of New York*, 20-cv-710, ECF Nos. 40 at 1; 41 (allowing a longer amendment deadline over the City's objection, to name John Does).

*Second*, Courts routinely simply order the City to identify John Does. *See generally, Dacosta v City of NY*, 296 F Supp 3d 569, 599 (EDNY 2017); *accord, e.g.,* Order, *Rodriguez v. City of New York*, 21-cv-10815), ECF No 52 (S.D.N.Y. May 31, 2023) ("By June 2, 2023 defendants shall identify Doe Officers 82 and 86 and produce any body worn camera footage or state in affidavit form from a person within The NYPD all steps taken to identify the Doe Officers 82 and 86"); Order, *Sharma v. City of New York*, 21-cv-10892), ECF No. 19 (S.D.N.Y. May 2, 2022) (similar); Order, *Hasnain v. City of New York*, 24-cv-6221, ECF No. 17 (E.D.N.Y. 2024) (granting motion to compel identification of Does).

As noted at the meet and confer, Plaintiffs have no objection to whatever dates the City wants as the deadline for amendment and joinder, so long as the City is required to identify John Doe Defendants before that date. If the Court is not inclined to set a date towards the end of the discovery period (and at a minimum, after depositions can reasonably be expected to have taken place), the Court should direct Defendants to identify all John and Jane Doe Defendants at least 30 days before whatever deadline it does set.

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosures.

cc:
All relevant parties by electronic filing.

---

[3] This is not to say that timing is inherently unreasonable: Sometimes identifying Does is difficult, and — for example — something clicks for an officer when answering post-deposition document requests.

COHEN&GREEN                                                                                                    Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com