

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **SANDRA A. BOBER**<br>*Senior Counsel*<br>(212) 356-0827<br>sabober@law.nyc.gov |

December 8, 2025

**BY ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Steadman v. The City of New York*, 25-cv-4081 (RER) (MMH)

Your Honor:

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, representing defendants City of New York, Jacob Craig, and Candice Richards ("Defendants"). Defendants' response to plaintiffs' First Amended Class Action Complaint (the *Steadman* Complaint") is due December 10, 2025. Defendants respectfully request that the Court stay Defendants' time to respond to the *Steadman* Complaint pending resolution of the City's motion to dismiss or, alternatively, transfer a related case, *Makkawi v. City of New York*, 25-6321 (S.D.N.Y.), pending before the Honorable Dale E. Ho. Plaintiffs responded as follows to Defendants' request for consent:

> Plaintiffs do not consent to Defendants' request for a stay *sine die* of their time to file an Answer. If Judge Ho grants the Defendants' pending motion in *Makkawi*, Defendants will not be deprived of their right to respond to any amended complaint filed by Plaintiffs in *Steadman*. If Judge Ho denies the Defendants' request, and Defendants have filed their Answer as currently scheduled in *Steadman*, both *Steadman* and *Makkawi* will be able to proceed to discovery in step with each other as contemplated by the proposed coordination Order filed by the parties in *Steadman*. That said, if the Defendants need another extension with an end date to sort out other issues, Plaintiffs would not object.

Defendants requested extensions of time to respond to the *Steadman* Complaint on two prior occasions, which the Court granted. DE 16, 24. Your Honor has not yet scheduled an initial

conference in this matter; thus, Defendants' request does not impact any other scheduled Court appearance.

By way of brief background, this is a putative class action brought against the City and members of the NYPD on behalf of pro-Palestine protesters at the Harlem campus of the City College of New York on April 30, 2024. *Makkawi* is a putative class action brought against the City and NYPD on behalf of pro-Palestine protesters who were present at several pro-Palestine protests, including six in Brooklyn, from October 21, 2023 forward. The plaintiffs in *Makkawi*, in addition to being represented by the same lawyers as here, challenge the same policies, assert the same causes of action, and seek the same injunctive relief as the plaintiffs in this action, with the only difference being that the *Makkawi* complaint carves out the *Steadman* plaintiffs from its class definition.[1]

On December 1, 2025, the City moved before Judge Ho to dismiss, or alternatively transfer, the *Makkawi* Complaint on the basis of the Second Circuit's first-filed rule, which provides that, "[a]s a general rule, where there are two competing lawsuits, the first suit should have priority." *Emps. Ins. of Wausau v. Fox Ent. Grp., Inc.*, 522 F.3d 271, 274–75 (2d Cir. 2008) (internal quotation marks omitted); *see also Makkawi*, 25-6321, DE 36–38 (motion papers). Under the rule, courts are empowered with discretionary authority to dismiss, stay, or transfer duplicative actions to manage their dockets, conserve judicial resources, and avoid inconsistent judgments. The City asserts in *Makkawi* that Judge Ho should apply the first-filed rule and dismiss (or, in the alternative, transfer) the *Makkawi* case because the similarity between the plaintiffs, the factual allegations, the claims, the legal theories, the lawyers, the discovery and evidence that will be required, and the relief sought counsel against allowing these actions to proceed on two different tracks in two districts. Indeed, Judge Ho recently recognized that transfer is appropriate when putative class actions are filed close in time by the same lawyers and allege violation of the same statutes, under the same legal theories, and seek identical relief. *Walsh v. Nelnet Servicing, LLC*, No. 24 Civ. 4325, at *8 (DEH), 2025 U.S. Dist. LEXIS 137297 (S.D.N.Y. July 18, 2025) (transferring case and noting that the first-filed action, filed by the same lawyers, "could easily have been framed to include both classes"); *see also id.* ("[T]he fact that the Plaintiff has crafted her putative class to not overlap with the putative class in *Derrico*—that is, has explicitly carved out the *Derrico* class member from the class in this case—does not defeat Defendant's Motion, because the first-filed rule does not require identical plaintiffs; it only requires that the plaintiffs be substantially similar.") (cleaned up); *Thomas v. Apple-Metro, Inc.*, No. 14-CV-4120 (VEC), 2015 U.S. Dist. LEXIS 14574, at *9–10 (S.D.N.Y. Feb. 5, 2015) (applying the first-filed rule where "the lawsuits at issue seek identical relief, assert nearly identical claims . . . , and have been filed in a sister New York

---

[1] On September 23, 2025, the City requested a pre-motion conference in this case regarding their anticipated motion to transfer *Steadman* to the Southern District of New York, arguing that the balance of convenience and justice favored transfer to the Southern District because, *inter alia*, the Southern District of New York is an appropriate venue and convenient for putative class members by virtue of the fact that plaintiffs' counsel brought the *Makkawi* putative class action there, and that action would have encompassed this one had plaintiffs' counsel not selectively excised the singular protest of April 30, 2024, from the putative class. DE 17 at 3. Plaintiffs opposed and, at a conference on November 4, 2025, Judge Reyes honored plaintiffs' choice of forum by deeming Defendants' motion "as made on the letters" and denying it. *See* DE 20, 21.

2

district court with respect to the same class of plaintiffs as against the same core group of Defendants," and noting that "[c]ourts have found that the first-filed rule is well-suited to such circumstances").

At the initial conference in *Makkawi* on December 2, 2025, Judge Ho ordered the parties' to complete briefing on the City's motion to dismiss by December 23, 2025. *Makkawi*, 25-6321, DE 39. Judge Ho also declined to enter a case management plan while the City's motion is pending. Given the outstanding motion to dismiss the *Makkawi* action; the strength of that motion; and, because both the *Steadman* and *Makkawi* actions are in their infancy, there is a strong likelihood that Judge Ho will dismiss rather than transfer the *Makkawi* action. In turn, plaintiffs may seek to amend the *Steadman* Complaint. *See*, *e.g.*, *Thomas*, 2015 U.S. Dist. LEXIS 14574, at *13 (granting defendants' motion to dismiss pursuant to the first-filed rule on the grounds that: "[J]udicial economy and fairness to all parties require dismissal of [plaintiff's] collective action claims. There is simply no reason for this Court to decide nearly identical questions of law and fact as those now being adjudicated in the Eastern District Actions, with regard to the same requested relief, the same Defendants and the same class of plaintiffs."); *Jeffrey v. DTG Operations, Inc.*, No. 19-CV-7209, 2020 U.S. Dist. LEXIS 56265, at *7–8 (E.D.N.Y. Mar. 31, 2020) ("The Court finds unavailing Plaintiff's argument that the dismissal of this case 'will essentially lead to the airport Location Managers' New York Labor Law claims not being heard [because] . . . Plaintiff Kemal is seeking to limit his case to non-airport Location Managers.' The Court finds this contention disingenuous, especially since Plaintiffs' counsel is the same in both cases, and does not credit it. Any concerns Plaintiff may have about not being able to pursue his and the class's New York Labor law claims with respect to the airport locations . . . can be easily addressed by the *Kemal* plaintiff amending his complaint to add the claims from this lawsuit.") (cleaned up); *Burke v. Bimbo Bakeries USA, Inc.*, No. 19-cv-902, 2019 U.S. Dist. LEXIS 198263, at *9–10 (N.D.N.Y. Nov. 15, 2019) ("The class/collective claims raised in these two cases are so substantially similar as to require dismissal. . . . It would be patently unfair to require Defendants to litigate the class issues here at the same time as those matters are being litigated in the first-filed action.") (cleaned up); *Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338, 357 (D. Conn. 2019) ("There is little economy in requiring a subset of the New York plaintiffs to seek relief in a separate forum on one set of claims, particularly when the same parties, witnesses, and evidence will all remain relevant to proceedings here."). Even if the *Makkawi* action was transferred instead of dismissed, and consistent with Judge Ho's instruction in the *Walsh matter,* plaintiffs should amend *Steadman* to include both classes. Under these circumstances, and in the absence of a stay, Defendants will suffer the burden of responding to a 66-page complaint that is likely to become moot.

For these reasons, Defendants respectfully request that Your Honor stay Defendants' time to respond to the *Steadman* Complaint pending resolution of the City's motion to dismiss the *Makkawi* action. Thank you for your consideration of these requests.

Respectfully submitted,

*/s/ Sandra A. Bober*
Sandra A. Bober
*Senior Counsel*

cc:   By ECF
      All counsel of record