Updated: September 04, 2025

**Individual Practice Rules of**

**MAGISTRATE JUDGE MARCIA M. HENRY**

**United States District Court**
**Eastern District of New York**
**225 Cadman Plaza East**
**Courtroom 13C South**
**Brooklyn, New York 11201**
**Telephone: (718) 804-2740**

**I.     COMMUNICATION WITH CHAMBERS**

    **A.     Written Communications**

        1.    **General.**  The Electronic Communications Filing ("ECF") system is the primary means of communications with the Court.  All documents directed to Judge Henry in civil actions must be filed electronically, except as stated below or as otherwise directed by the Court.

        2.    **Correspondence Between Parties.**  Parties may not file their correspondence with each other via ECF unless the Court requests or they are part of a motion requesting relief from the Court.  Similarly, the parties shall not file via ECF any discovery exchanged between the parties unless it is the subject of a motion.

        3.    **ECF.**  Attorneys must enter a notice of appearance and register to receive ECF notifications prior to filing any letters, motions or other documents.  Because all orders issued by the Court will be transmitted to counsel only electronically, attorneys are responsible for keeping their ECF registration current with the Clerk's Office.

        4.    **Hard Copies.**  Hard copies of electronic filings should not be mailed, faxed or hand-delivered to chambers unless the Court requests courtesy copies.

Individual Practice Rules of Magistrate Judge Marcia M. Henry
Updated: September 04, 2025

    5.   **Pro Se Litigants**

        a.   *Pro se* litigants are exempt from ECF requirements but may request permission to file documents electronically.

        b.   *Pro se* litigants may register, if eligible, to receive electronic notification of court filings in civil cases.[1]

        c.   *Pro se* litigants should file any documents: (1) via hand delivery or U.S. mail to the designated "*Pro Se* clerk" in the Clerk's office to the attention of Judge Henry and the presiding District Judge or (2) by delivering a copy (by email or U.S. mail) to the attorney for the opposing party.

        d.   Court orders will be provided to *pro se* litigants by U.S. mail, unless they receive electronic notifications or otherwise directed by the Court. *Pro se* litigants must keep current contact information on file with the Court.

        e.   Counsel in cases involving *pro se* litigants must send copies of documents filed via ECF to the *pro se* party, and file proof of service via ECF.

        f.   *Pro se* litigants are encouraged to contact the *Pro Se* Office for any case-related questions at (718) 613-2665. *Pro se* litigants are directed to the relevant Local Civil Rules, including 12.1, 33.2, and 56.2.[2]

    6.   **Change of Address.** Parties shall immediately notify the Court and the opposing parties via ECF if their address or telephone number changes.

**B.**   **Telephone Calls and Case Related Inquiries**

    1.   **General.** Telephone calls to chambers are prohibited except as set forth in these rules. The Court does not discuss substantive legal matters about a case or accept adjournment requests via telephone. Faxes to chambers are not permitted.

    2.   **Emergencies.** Counsel or parties should contact chambers if, on the day of a scheduled court conference, the parties cannot appear due to an emergency

---

[1] Instructions and eligibility requirements are available here: https://www.nyed.uscourts.gov/pro-se-document-submission-and-consent-notifications

[2] The Local Rules for the U.S. District Courts for the Eastern and Southern Districts of New York are available here: https://www.nyed.uscourts.gov/sites/default/files/uploads/joint%20local%20rules%2001022025.pdf

2

and counsel want to inform the Court that an adjournment request via ECF is forthcoming. If so, counsel may call (718) 804-2740 between 9 a.m. and 5 p.m. Eastern Time.

3. **Required Notification to Chambers.** A party or the parties shall immediately notify chambers by telephone if any party believes Judge Henry should be recused from any pending civil or criminal matter due to her direct or indirect involvement in the matter during the time she served in the United States Attorney's Office, or for any other reason.

4. **Questions About Dockets.** For case related questions, including deadlines and confirmation of conference dates, counsel should electronically access the docket sheet. Counsel may call the Clerk's Office at (718) 613-2610 for assistance accessing the docket sheet. Counsel shall not to ask the party answering the line to read the docket sheet for them.

## II. COURT CONFERENCES

### A. Conferencing Platforms

1. The Court will designate the method of conferencing in scheduling orders. The Court may choose to conference with the parties by telephone, video or in person.

2. **Telephone.** If the court conference is held by telephone, the dial-in number will be noted in the scheduling order. The parties are directed to dial in ten (10) minutes before the scheduled time for the conference.

3. **Video.** If the court conference is held video, the Court will email a Zoom link to the email addresses of all counsel listed on the docket. Parties are instructed to follow the instructions docketed by the Court in advance of any video conference.

4. **In Person.** Parties shall arrive at least ten (10) minutes prior to the designated start time and shall check in with the Courtroom Deputy.

### B. Requests for Adjournments and/or Extensions

1. **Absent an emergency, parties must meet and confer in good faith prior to requesting adjournments or extensions.**

2. Requests for adjournments and/or for extensions of filing deadlines must be filed electronically as a letter motion using the "Motions" option via ECF, not the "Letter" option.

Individual Practice Rules of Magistrate Judge Marcia M. Henry
Updated: September 04, 2025

    3.    All requests for adjournments and/or extensions, absent an emergency, shall be made in writing at least three (3) business days prior to the scheduled appearance or filing deadline.

    4.    All requests for adjournments or extensions of filing deadlines must state:

        a.    the appearance date(s) or deadline(s) to be adjourned or extended;

        b.    the reason for the request;

        c.    the number of previous requests for adjournment or extension (by any party);

        d.    whether those previous requests were granted or denied;

        e.    whether the other party or parties' consent (including any reasons given for withholding consent); or, if the other parties could not be reached for input, efforts made to reach those parties; and

        f.    whether the request affects any other scheduled Court appearance or deadline.

    5.    To the extent a party seeks to adjourn a Court conference, if appropriate, the party shall propose mutually convenient date(s) for the re-scheduled conference.

    6.    If the requested adjournment or extension affects the deadlines in a previously entered Discovery Plan and Scheduling Order, the parties should attach a revised Proposed Discovery Plan/Scheduling Order[3] to the letter motion.

**C.    Settlement Conferences**

    1.    Judge Henry is available to conduct settlement conferences. Please refer to Judge Henry's Standing Order for Settlement Conferences[4] for important information regarding requesting and appearing for settlement conferences before Judge Henry. **Failure to abide by these rules may result in sanctions**.

---

[3] Judge Henry's Proposed Discovery Plan/Scheduling Order is available here: https://img.nyed.uscourts.gov/files/local_rules/ProposedDiscoveryPlanMMH.pdf

[4] Judge Henry's Standing Order for Settlement Conferences is available here: https://www.nyed.uscourts.gov/sites/default/files/uploads/mmh-settlement%20conference%20addendum.pdf

D. **Attorney Appearances**

1. **Courtroom Opportunities for Relatively Inexperienced Attorneys**

    a. The Court **strongly** encourages participation of relatively inexperienced attorneys in all court proceedings, including but not limited to initial conferences, status conferences, settlement conferences, and hearings on discovery motions and dispositive motions.

    b. All attorneys appearing should have the degree of authority consistent with the proceeding. For example, an attorney attending an initial conference should have the authority to commit his or her party to a discovery schedule and should be prepared to address other matters likely to arise, including the party's willingness to participate in a mediation or settlement conference.

    c. Relatively inexperienced attorneys who seek to participate in hearings of substantial complexity (*e.g.*, oral argument for a dispositive motion) should be accompanied and supervised by a more experienced attorney.

2. **"Of Counsel" Appearances Prohibited**

    a. Only a party's counsel of record, or an attorney personally authorized to appear by the party (and not simply by the party's counsel of record) may appear on behalf of a party.

    b. An attorney acting "of counsel" for a party's counsel of record may not appear without the represented party's explicit authorization, as such an attorney has no authority to make binding representations on behalf of any party. *See* N.Y. Rules of Prof'l Conduct 1.2(c), 22 N.Y.C.R.R. § 1200 (requiring client to give "informed consent" before an attorney may make a limited appearance on the client's behalf).

E. **Interpreter Services**

1. The Court does not provide interpreter services in civil cases. If a party speaks a language other than English, the party must make his or her own arrangements to obtain an interpreter.

2. A party may bring an English-speaking friend or family member to Court conferences. However, persons acting as interpreters must translate exactly what is said; they may not speak for or advocate for the party.

Individual Practice Rules of Magistrate Judge Marcia M. Henry
Updated: September 04, 2025

**III. DISCOVERY**

    **A. Initial Conference**

        1. The parties must comply with the Initial Conference Order issued in advance of the scheduled Initial Conference. At least ten (10) business days before the Initial Conference, the parties must meet and confer, exchange initial disclosures, and complete the Proposed Discovery Plan/Scheduling Order (posted to Judge Henry's website). The joint completed Proposed Discovery Plan/Scheduling Order must be filed via ECF at least five (5) business days before the Initial Conference.

        2. At the Initial Conference, the parties must be prepared to give an overview of the factual and legal issues of the case, discuss the Proposed Discovery Plan/Scheduling Order, and outline the anticipated discovery. **Counsel with knowledge of the case must attend.**

        3. Once a Discovery Scheduling Order has been entered with the parties' input, the discovery deadlines will be enforced and amended only upon a showing of good cause.

    **B. Discovery During Pendency of a Motion to Dismiss**

        1. There is no automatic stay of discovery, unless authorized by statute, should one or more defendants file a motion to dismiss.

        2. Discovery is only stayed if a party files a letter motion to stay discovery and the Court grants such a motion. A stay application, even on consent, must explain why a stay is warranted, including by demonstrating that the standards under Federal Rule of Civil Procedure ("Rule") 26(c) have been satisfied.

    **C. Confidentiality Orders**

        1. To conserve resources of the Court and the parties, confidentiality orders should be in the form posted to Judge Henry's website and labeled "Protective Order Form."

        2. If a party believes that changes to the form order are required due to the circumstances of the case, it may submit to the Court proposed changes via letter motion via ECF. The letter motion (not to exceed three pages) must explain the need for the changes and **must** attach as exhibits a clean copy of the proposed order and a redlined comparison between the proposed order and the undersigned's form Protective Order.

**IV.    DISPUTES DURING ONGOING DEPOSITIONS**

    A.    **Before seeking court intervention, parties should make every effort to resolve deposition disputes among themselves in good faith and consistent with the rules regarding discovery disputes**.

    B.    If the parties are unable to reach a satisfactory resolution, the parties are directed to contact Chambers immediately by telephone with all parties on the line.  The parties should be ready to provide a brief overview of the dispute to the Court staff.  The Court Deputy will provide a conference line for the parties to reconvene on the record.  Judge Henry will then hear oral argument on the deposition dispute and issue a ruling.

    C.    If the parties leave a voicemail, the message must include the case number and a direct callback number for the Court staff to reach the parties conducting the deposition.  The Court will either resolve the matter or instruct the parties to move on to other issues in the deposition until such time as the Court can address the dispute.

    D.    To the extent practical, the parties should continue the deposition while waiting for the Court to address the dispute.  The parties may not discontinue the deposition without first attempting to contact the Court to resolve the dispute.

**V.    MOTIONS**

    A.    **Pre-Motion Conferences**

        1.    In general, no pre-motion conferences are required before filing a motion.

    B.    **Non-Dispositive Motions**

        1.    Discovery Motions

            a.    Before making a discovery motion, parties must make a good faith effort, pursuant to Local Civil Rule 26.4 and Fed. R. Civ. P. 37(a)(1), to resolve disputes, including discussion by contemporaneous means (e.g., telephone, video conference, and/or in person).  Failure to comply with this requirement, or to include a certification of such efforts consistent with Rule 37(a)(1), will result in the denial of the motion.

            b.    If discovery motions are absolutely necessary, litigants shall file them electronically by letter motion as a "Motion."  Such letter motions may not exceed three (3) pages in length, exclusive of attachments.  A response not exceeding three (3) pages in length,

Individual Practice Rules of Magistrate Judge Marcia M. Henry
Updated: September 04, 2025

      exclusive of attachments, must be served and filed within seven days (7) of receipt of the letter motion, unless a motion for additional time is granted.

    c.    Reply briefs are only permitted upon obtaining leave of Court and are otherwise prohibited.

    d.    Every motion to compel or motion for a protective order shall attach as exhibits the language of the specific discovery request that is at issue in the motion. Failure to comply with this rule may result in denial of the motion.

    e.    If necessary, after submission of the letter motion, the Court may advise the moving party to file a formal motion pursuant to Local Civil Rules 6.1 and 7.1.

2.    Other Non-Dispositive Motions

    a.    All other non-dispositive motions (*i.e.*, motions to amend the complaint, stay discovery, appoint lead counsel, conditional certification of a collective action, etc.) should comply with Local Civil Rule 7.1(e). The length of the letter motion shall not exceed fifteen (15) pages, exclusive of attachments. Opposition papers are also limited to fifteen (15) pages. No replies shall be permitted absent leave from the Court.

    b.    The parties must first make good faith efforts to resolve the disputes prior to seeking the Court's intervention.

C.    **Dispositive Motions.** Dispositive motions, such as motions to dismiss and motions for summary judgment, must be made to the presiding District Judge, in conformance with his or her individual rules, unless the parties have consented to Judge Henry's jurisdiction for all purposes in accordance with 28 U.S.C. § 636(c)(1).[5] Where the parties have so consented, the following rules apply to dispositive motions:

1.    **Memoranda of Law.** Legal arguments must be set forth in a memorandum of law rather than in affidavits, affirmations, or declarations. *See* Local Civil Rule 7.1. Memoranda of law in support of and in opposition to

---

[5] Parties wishing to consent to the Magistrate Judge's jurisdiction for the entire case, should complete and file this form: https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. Parties wishing to consent to the Magistrate Judge's jurisdiction for a particular dispositive motion, should complete and file this form: https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-dispositive-motion-magistrate-judge.

       motions on notice are limited to fifteen (15) pages, and reply memoranda are limited to ten (10) pages.  Case citations must contain pinpoint cites.  All memoranda of law must use reasonable margins, double spacing, and a reasonable font of twelve (12) point or larger, including for footnotes.  Any papers not complying with these requirements will be rejected.

2. **Courtesy copies** are NOT required unless specifically requested by the Court.

3. **Reply briefs** are only permitted for motions for summary judgment or motions to dismiss.

4. **Motions Implicating Fed. R. App. P. 4(a)(4)(A) or Similar Time-Limiting Rules.**  If any party concludes in good faith that delaying the filing of a motion in order to comply with any aspect of these individual practices will deprive the party of a substantive right, the party may file the motion within the time required by the Federal Rules of Civil and/or Appellate Procedure, together with an explanation of the basis for the conclusion.

5. **Summary Judgment Motions.**  All motions for summary judgment must comply with Rule 56 of the Federal Rules of Civil Procedure as well as Local Civil Rule 56.1.  If the non-movant is proceeding *pro se*, the movant must also comply with Local Civil Rule 56.2.

D. **Motions for Admission *Pro Hac Vice***

1. A motion for admission *pro hac vice*, together with a proposed order admitting the attorney *pro hac vice*, shall be served and filed electronically at least seven (7) days prior to the return date designated in the notice of motion.  Although there is no need to file a memorandum of law, this motion must comply with Local Civil Rule 1.3(i).  These motions shall be on submission.

2. If any party objects to the motion, opposition papers must be served and filed at least two (2) days prior to the return date.  No reply papers are permitted.

E. **Oral Argument**

1. Parties may request oral argument by letter accompanying moving, opposition, or reply papers.  The Court will determine whether argument will be heard and, if so, will advise counsel of the argument date and time.  The Court may also order oral argument *sua sponte*.

2. The parties are not limited to one oralist per side.  More than one person may speak on behalf of each party at oral argument, but the division of

responsibility must be conducive to the orderly conduct of oral argument, and the person with the best knowledge of the issue is encouraged to speak to that side.

## VI. TRIALS ON CONSENT

The following rules apply in cases where the parties have consented to Judge Henry's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

A. **Proposed Joint Pretrial Order in Civil Cases.** Unless otherwise ordered by the Court, within sixty (60) days after the date of the completion of discovery in a civil case, the parties must submit to the Court via ECF a proposed Joint Pretrial Order. The parties are directed to cooperate with each other to prepare the proposed Joint Pretrial Order, which shall include the following:

1. **Caption.** The full caption of the action.

2. **Parties and Counsel.** The names (including firm names), addresses, telephone numbers, and e-mail addresses of trial counsel.

3. **Jurisdiction.** A brief statement by Plaintiff(s) as to the basis of subject matter jurisdiction and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements must include citations to (a) all statutes and legal doctrines relied on and (b) relevant facts as to citizenship and amount in controversy.

4. **Claims and Defenses.** By each party, a brief summary of the elements of the claims and defenses that the party has asserted and that remain to be tried. The summary must include citations to all relevant statutes.

5. **Damages.** A brief statement of the categories and amounts of damages claimed or other relief sought.

6. **Jury or Bench Trial.** A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed.

7. **Stipulations.** A statement of stipulated facts, if any.

8. **Witnesses.** From each party, a list of names and titles (if applicable) for the fact and expert witnesses whose testimony will be offered in the party's case-in-chief, as well as any anticipated rebuttal witnesses, together with a brief narrative statement of each witness's expected testimony. Only listed witnesses will be permitted to testify unless prompt notice is given and good cause is shown.

Individual Practice Rules of Magistrate Judge Marcia M. Henry
Updated: September 04, 2025

9. **Deposition Testimony.** By each party, a designation of deposition testimony to be offered by the party in its case-in-chief, along with any cross-designations and objections by any other party.

10. **Exhibits.** A schedule listing exhibits to be offered in evidence and, if not admitted by stipulation, the party or parties offering each exhibit. The schedule shall also include possible impeachment documents and/or exhibits and exhibits to be offered only on rebuttal. Plaintiff's exhibits are to be identified with the prefix "P" followed by a number; Defendant's exhibits are to be identified by the prefix "D" followed by a number. The parties must list and briefly describe the basis for any objections to the admissibility of any exhibits to be offered by any other party. Parties are expected to resolve before trial all issues concerning authenticity, chain of custody, and other related grounds. Only exhibits listed will be received in evidence, except for good cause shown.

11. **Motions *in Limine*.** A list of any proposed motions *in limine* addressing evidentiary or other issues and a brief description of the nature of each motion.

B. **Exchange of Exhibits.** All exhibits must be pre-marked for trial and exchanged between or among the parties at least ten (10) business days before trial. If an exhibit is voluminous, it should be placed in a binder with tabs. The Court needs four (4) copies of all exhibits for use at trial.

C. **Additional Filings Before Trial**

1. **Jury Trials.** Unless the Court orders otherwise, the parties shall file via ECF their respective requests to charge and proposed *voir dire* questions **at least two (2) weeks** before trial. Requests to charge are limited to the elements of the claims, the damages sought, and defenses. General instructions will be prepared by the Court.

2. **Bench Trials.** Unless the Court orders otherwise, the parties shall file via ECF a <u>joint</u> statement of the elements of each claim or defense involving that party, together with a summary of the facts relied upon to establish each element, **at least two (2) weeks** before trial.

D. **Post-Trial Submissions.** In bench trials, parties shall file proposed findings of fact and conclusions of law no later than two (2) weeks after the conclusion of trial. No responses to such submissions shall be permitted.

Individual Practice Rules of Magistrate Judge Marcia M. Henry
Updated: September 04, 2025

## VII. SEALING OF SUBMISSIONS

    **A.**     **Procedures.** Motions for leave to file documents under seal must be filed via ECF in accordance with the EDNY's instructions for electronically filing sealed documents.[6] The proposed sealed document(s) must be attached to the motion for leave to file under seal.

---

[6] Instructions for filing sealed documents in civil cases are located at: https://img.nyed.uscourts.gov/files/forms/EfilingSealedCV.pdf. Instructions for filing sealed documents in criminal cases are located at: https://www.nyed.uscourts.gov/bulletin-filing-sealed-documents-criminal-matters