

| **MURIEL GOODE-TRUFANT**<br>Corporation Counsel | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **JOANNE M. McLAREN**<br>*Senior Counsel*<br>Telephone: (212) 356-2413<br>jmclaren@law.nyc.gov |
|---|---|---|

January 26, 2026

**VIA ECF**
Honorable Ramon E. Reyes
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Hilary Steadman, *et al.* v. City of New York, *et al.*
       25-CV-4081 (RER) (MMH)

Your Honor:

  I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent the City of New York (the "City"), Detective Craig Jacob, and Police Officer Candice Richards ("Defendants") in the above-referenced matter. Defendants write pursuant to Your Honor's Individual Practices and Rules to respectfully request a pre-motion conference regarding Defendants' anticipated motion to dismiss the claims for injunctive and declaratory relief and to dismiss or strike the class allegations set forth in Plaintiffs' Amended Complaint (ECF No. 9) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(f). The principle bases for Defendants' motion, as set forth more fully below, are, first, that the policies being challenged in the instant case were challenged, and resulted in a settlement agreement being overseen by Judge Colleen McMahon of the Southern District of New York, in cases arising from the 2020-2021 Black Lives Matter protests. *See* Stipulated Order Pursuant to Fed. R. Civ. P. 41 (a)(2) in In Re: New York City Policing During Summer 2020 Demonstrations, 20-cv-8924 (CM) (S.D.N.Y. September 5, 2023), ECF No. 1099-2 (attached hereto as Exhibit 1). The relitigation of those claims here is barred by res judicata. Second, because that settlement renders future injury purely speculative, Plaintiffs have no standing to seek injunctive relief. Third, without the redundant request for injunctive relief, all that remains are individualized claims, for example, that putative class members were arrested without probable cause, or improperly subjected to other police action not rising to the level of arrest, that their right to protest was chilled, and that they were subjected to excessive force, all rife with fact-specific issues and unsuitable for class-wide treatment.

  By way of background, Plaintiffs bring this putative class action pursuant to 42 U.S.C. § 1983 alleging, inter alia, that the City and members of the New York City Police Department

("NYPD") violated their rights while they were participating in a protest outside the campus of City College of New York in Harlem on April 30, 2024. They seek to represent a class consisting of all persons who were protesting outside City College on April 30, 2024, who were subject to widely varying police action, including those who: were arrested; were detained without arrest; were subjected to any force; were faced with any police action which caused or simply had the potential to cause a chilling effect; or were otherwise subject, without limitation, to policies and practices of which Plaintiffs complain. See ECF No. 9 at ¶ 217. They bring claims including false arrest, excessive force, violation of First Amendment rights, negligent training and supervision, municipal liability, and conversion. See id., passim. Plaintiffs seek a monetary remedy as well as declaratory and injunctive relief. See id. at ¶¶4-5.

In its very first paragraph, the First Amended Complaint refers to the settlement agreement which many of the firms representing Plaintiffs here entered into with the City following the Black Lives Matter protests in 2020 and 2021. See id. at ¶ 1. That settlement agreement regulates, in painstaking detail, prospective protest policing (including but not limited to content-neutrality, restrictions on flex cuffs, conditions of the Mass Arrest Processing Center ("MAPC"), requirement of individualized probable cause, specific requirements of dispersal orders, restrictions on use of force, restrictions on encirclement or kettling, requirement that tools to loosen flex cuffs be available, etc.), see Exhibit 1, passim, the very issues which Plaintiffs challenge here, see Steadman Complaint ECF No. 9, passim. Judge McMahon is overseeing that settlement, which provides a mechanism for any alleged material breach of the terms to be brought to her attention for resolution. Despite their intimate knowledge of the terms of that negotiated settlement, Plaintiffs now seek the same injunctive relief here. Because the claims in In Re: New York City Policing During Summer 2020 Demonstrations are materially indistinguishable from those brought by Plaintiffs here, and were litigated to final resolution by the New York State Attorney General, in a parens patriae capacity, the Steadman Plaintiffs' claims are barred by res judicata. See Douglas v. City of New York, Index No. 153606/2021, 2026 N.Y. Misc. LEXIS 8, at * 33-34 (N.Y. Sup. Ct. N.Y. Cty. Jan. 5, 2026).

That the injunctive relief sought is already being implemented deprives the Steadman Plaintiffs of standing. "An objection to standing is properly made on a Rule 12(b)(1) motion." Williams v. City of New York, 34 F. Supp.3d 292, 294 (S.D.N.Y. 2014). Where a plaintiff lacks standing to seek particular relief, a federal court lacks subject-matter jurisdiction to entertain the request See id. "A court considering a Rule 12(b)(1) motion may consider evidence outside of the pleadings to determine whether subject-matter jurisdiction exists." Almareh v. Mayorkas, 20 Civ. 11024 (VEC), 2021 U.S. Dist. LEXIS 203546, at *4 (S.D.N.Y. Oct. 20, 2021) (citing Morrison v. Nat'l Austl. Bank, 547 F.3d 167, 170 (2d Cir. 2008)). When seeking injunctive relief against a municipality, a plaintiff has standing only if he can "carry the burden of establishing that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct." Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004)) (citation omitted). Under the leading case of City of Los Angeles v. Lyons, 461 U.S. 95 (1983), "a plaintiff seeking injunctive relief must demonstrate both a likelihood of future harm and the existence of an official policy or its equivalent." Shain, 356 F.3d at 216 (citing Lyons, 461 U.S. at 105–06). "[A] plaintiff seeking injunctive relief cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm." Harty v. Simon Property Group, L.P., 428 Fed. App'x. 69, 71 (2d Cir. 2011) (Summary Order) (citing Lyons 461 U.S. at 105). The Complaint here does not plausibly allege the likelihood of future harm. Rather, given that the relief Plaintiffs purport to seek has been agreed upon by the prior settlement agreement, and the City's implementation and compliance with the settlement terms is

already being overseen by a federal court, there is no non-speculative likelihood that Plaintiffs will again suffer future harm. Thus, Plaintiffs do not have standing to seek injunctive relief.

Plaintiffs' class claims must also be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6), or stricken pursuant to Fed. R. Civ. P. 12(f) which permits the Court to strike from a pleading any redundant or immaterial matter, see Fed. R. Civ. P. 12 (f), including class allegations, see Jackson v. Boehringer Ingelheim Pharms., Inc., 3:12-md-02385, 2013 U.S. Dist. LEXIS 100726, at *11-12 (S.D. Ill., July 18, 2013). "Whether to grant or deny a motion to strike lies within the court's sound discretion." Garcia v. Execu/Search Grp., LLC, 17 Civ. 9401 (WHP), 2019 U.S. Dist. LEXIS 26291, at *3 (S.D.N.Y. Feb. 19, 2019). "[I]f the complaint itself demonstrates that the requirements for maintaining a class action cannot be met, the Court may strike the class allegations at any practicable time after the suit has been filed." Shaw v. Hornblower Cruises & Events, LCC, 21 Civ. 10408 (VM), 2022 U.S. Dist. LEXIS 202703, at *12 (S.D.N.Y. Nov. 7, 2022) (citation omitted); see also Camacho v. City of New York, et. al., 19 Civ. 11096 (DLC), 2020 U.S. Dist. LEXIS 125801, at *9-11 (S.D.N.Y. July 16, 2020) (striking class allegations before a motion for class certification was filed because it was "already clear" that the defects in the class allegations could not be cured).

Plaintiffs' class allegations here should be stricken for a number of reasons. It is clear that the requirements of commonality, typicality and predominance (Fed. R. Civ. P. 23(a)(2) and (3) and 23(b)(3)) cannot be met because resolution of Plaintiffs' claims would require individualized determinations that do not lend themselves to class treatment. See Haus v. City of New York, 03 Civ. 4915 (RWS)(MHD), 2011 U.S. Dist. LEXIS 155735, at *317 (S.D.N.Y. Aug. 31, 2011) (M.J. Dolinger) (neither commonality nor typicality will be satisfied if the court must engage in a "case-by-case evaluation of each encounter" in order to establish liability). In this regard, at a minimum, it is clear that there are numerous individualized determinations that militate against class treatment due to Plaintiffs' clear inability to meet Rule 23's requirements: was each person arrested or not;[1] was each individual arrest made with probable cause; was each protester in a position to hear the orders to disperse;[2] what tactics NYPD used to effect any arrests;[3] whether each protester was resisting arrest; whether the force used, if any, was excessive given the rapidly changing circumstances in which the NYPD were required to operate that night; what damages each protester suffered, if any; whether the arrest information passed along to the District Attorney's Office was materially false, etc. Such individualized inquiries have thwarted class certification in other protest cases, see, e.g., Astorga v. County of L.A., CV 20-9805-AB, 2021 U.S. Dist. LEXIS 78138, at *11-12, 16-17 (C.D. Cal. March 17, 2021) (differences in protesters' actions, whether lawful or unlawful, and the police response, destroyed commonality and typicality); Black Lives Matter 5280 v. City & Cty. of Denver, 20-cv-1878-RBJ, 2021 U.S. Dist. LEXIS 119737, at *9 (D. Colo. June 28, 2021 (protest force

---

[1] The class allegations themselves describe swathes of disparate treatment ranging from arrest to no arrest to an amorphous catchall provision (people "subjected to, without any limitation, any of the policies, practices, and customs alleged elsewhere in this complaint.")

[2] Ms. Steadman, for example, was allegedly not given "an opportunity to hear [NYPD orders], let alone comply" (ECF No. 9 at ¶49) while presumably other protesters heard NYPD orders but chose to disobey them.

[3] Here, for example, a crux of Plaintiffs' complaint is "kettling" or encirclement; Plaintiff Steadman claims that she was able to escape NYPD's alleged encirclement (Docket Entry No. 9 at ¶43) while Ms. Herbeck allegedly was surrounded on all sides and had no ability to escape the encirclement (Id. at 76-77).

claims not suitable for class treatment where court would need to undertake an individualized factual inquiry to determine whether an officer's use of force against a given protester was justified); Don't Shoot Portland v. City of Portland, 3:20-cv-00917-HZ, 2022 U.S. Dist. LEXIS 122693, at *48-49, 54-57 (D. Or. July 12, 2022) (holding that Monell liability could not be decided on a class-wide basis as whether a class member suffered a constitutional injury *and* whether that injury was caused by the complained-of policy are individualized inquiries; finding that excessive force determinations cannot be made *en masse* and that such cases are especially unsuited to class disposition). These types of individualized inquiries preclude class certification here and the class action allegations should be stricken now as it is clear that these defects cannot be remedied.

      Accordingly, Defendants respectfully request that the Court schedule a pre-motion conference on Defendants' motion to dismiss.

      Defendants thank the Court for its consideration in this matter.

Respectfully submitted,

s/ *Joanne M. McLaren*
Joanne M. McLaren
*Senior Counsel*
Special Federal Litigation Division

cc:    All counsel of record (via ECF)