**MASSIMI LAW PLLC**
99 Wall Street, Suite 1264, New York, NY 10005

February 2, 2026

Hon. Ramón E. Reyes
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East, Brooklyn, NY 11201

      Re:    **Steadman, et al v. City of New York, et al.,**
                **25 CV 4081 (RER) (MMH)**

Your Honor:

      I, along with co-counsel, represent the Plaintiffs in this matter. Plaintiffs submit this letter in opposition to Defendants' pre-motion conference letter to dismiss the claims for injunctive and declaratory relief and to dismiss or strike the class allegations set forth in Plaintiffs' First Amended Complaint ("FAC") (ECF No. 9) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 2(f). Plaintiffs respectfully request that the Court deny Defendants' motion on the letters pursuant to Section IV.A.5 of the Court's Individual Rules of Practice.

      Defendants' motion is premised on the logical fallacy that the Attorney General is in privity with the Plaintiffs and class in this case such that the NYPD is eternally insulated from liability or injunctive relief for any wrongdoing related to any protest or demonstration for all eternity. This is not what *parens patriae* means. Rather, "[t]hat concept does not involve the State's stepping in to represent the interests of particular citizens." *Alfred L. Snapp & Son v. P.R.*, 458 U.S. 592 (1981). However, even assuming the Defendants' idea that the government is regarded as the legal protector of its people (the common law meaning of *parens patriae* which is not considered the modern meaning), it would be a violation of this role for the Attorney General to enter into a settlement agreement indefinitely leaving protesters with less basic legal recourse in a time when it is urgently necessary.

      Beyond that, Defendants' theory of *parens patriae* as a kind of "virtual representation" class action because of "identity of interests and some kind of relationship between parties and nonparties" runs squarely into binding Supreme Court caselaw ("Absent certification of a class under Federal Rule 23, the precondition for binding" any non-class member is "not met." *Smith v Bayer Corp.*, 564 US 299, 301 (2011)). And indeed, Defendants' attempt to lean on the fact that "many of the firms representing Plaintiffs here" participated in the consolidated litigation is exactly the theory the Supreme Court rejected in *Smith*. A state court decision cannot call into question one from the Supreme Court.

      Furthermore, Defendants are incorrect about the "principle bases" for their motion listed in their letter. Contrary to Defendants' assertions, here Plaintiffs challenge policies which are not the subject of the settlement agreement *In Re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (CM) (S.D.N.Y. September 5, 2023), ECF No. 1099-2 ("Settlement Agreement."). As such, Defendants are incorrect that Plaintiffs are "relitigat[ing]" those claims and they are therefore not "barred by *res judicata*." Given that the Settlement Agreement does not apply to the instant claims, it does not "render[] future injury purely speculative." Finally, Defendants cannot move to strike class allegations that have not been certified.

Defendants' recitation of the facts omits all context distinguishing this case from the 2020 protests and demonstrations following the murder of George Floyd. Here, Plaintiffs challenge the NYPD's civil rights violations against protestors demonstrating in support of Palestinian rights and against the genocide in Gaza. Plaintiffs on behalf of themselves and putative class members have filed this case pursuant to 42 U.S.C. §1983 related to these civil rights violations.

The Plaintiffs and the class they represent are not covered by the Settlement Agreement for the Summer 2020 cases. The Attorney General did not enter into the Settlement Agreement to insulate the NYPD from all future liability or injunctive relief regarding protest-related activity in NYC. Defendants' desire to insulate the NYPD requires a perverse reading of the Summer 2020 Settlement Agreement which is not supported by the one case Defendants cite: *Douglas v. City of New York*. 2026 N.Y. Misc. LEXIS 8, at * 33-34 (N.Y. Sup. Ct. N.Y. Cty. Jan. 5, 2026). As an initial matter, *Douglas* was issued by a state trial court and it is not binding on this, or any, court.[1] *Douglas* involved a New York state judge interpreting only a NY state law. *Douglas* arose from the same facts as the Attorney General's action: NYPD policing of the Summer 2020 protests. The Sumer 2020 Settlement Agreement was entered into on September 5, 2023. At issue here are federal constitutional claims related to protests for Palestine than began on October 7, 2023- **after** the Settlement Agreement was entered into. *Douglas* is simply not relevant here.

*Douglas* does not counsel dismissing any claims here. In New York, the doctrine of *res judicata* requires that once a final decision on the merits is issued on a claim, all other claims among the parties or their privies arising out of the same transaction or series of transactions are barred. *Green v. Santa Fe Indus., Inc.*, 70 N.Y.2d 244, 519 N.Y.S.2d 793, 514 N.E.2d 105, 108 (1987). The Summer 2020 Settlement Agreement is not a final decision on the merits. In the *whereas* clause of the settlement agreement, the City maintained its denial of the allegations and entered into said agreement "without admitting any fault or liability". In addition, the court did not enter judgment against the Defendants. The settlement agreement is also only temporary- it is in effect for thirty-six months. It is likely that that settlement agreement will expire well before this matter is resolved.

Further, this case addresses different issues than those of the Summer 2020 Settlement Agreement. This case challenges the NYPD's disdain and discrimination towards pro-Palestine protests *specifically*, because of its disagreement with the perceived message of such protests. The NYPD's brutality towards pro-Palestine protestors is uniquely discriminatory. *See* FAC ¶¶ 90, 177. As one example, the FAC pleads that "under the guise of combatting antisemitism, members of the NYPD have received protest training that is Islamophobic, anti-Arab, and anti-Palestinian. Through this training, members of the NYPD are taught that symbols of Palestinian and Arab identity are antisemitic, and that they should prosecute them accordingly." FAC ¶ 177. This case is largely focused on issues specific to protests for Palestine. Even many of the more general policies challenged here were not addressed in the Sumer 2020 Settlement Agreement: for example, the use of Vehicle and Traffic Law §1156(a) exclusively against protesters as a pretext to arrest people for engaging in disfavored speech (FAC ¶288 (a)); using excessively tight handcuffs as a means of punishing protesters for their speech, leaving tight handcuffs on for hours and only ever removing them at mass arrest processing locations; "allowing a culture and de facto practice of disregarding both written policy and manufacturer/medical instructions that plastic cuffs must . . only be used on non-resisting arrestees and . . . and similar disregards for the seriousness of the risks that accompany

---

[1] *The Douglas* ruling is also not final. The time for Plaintiffs in *Douglas* to file an appeal does not run until February 7, 2026, and it is very likely that an appeal will be filed.

zip-tie cuffs" (FAC ¶288 (b); and "Either officially sanctioning or allowing a culture to fester where command/ "white shirt" level officers attack and escalate rather than facilitate and de-escalate protesters, and move in with maximum force, use batons to the head, punches and other extreme uses of force routinely and for 'fun.'" (FAC ¶288(c)). The only way that *Douglas* merits dismissal here would be an absurdly generalized reading of the case to preclude any injunctive claims against the NYPD for policing protests ever again- even for situations that had not yet occurred and claims that were never raised in Summer 2020 litigation. That simply cannot be the case.

Defendants' motion to strike also lacks merit for several reasons. *First*, motions to strike class action allegations are "even more disfavored" than other Rule 12(f) motions because they ask a court to "preemptively terminate" a class "before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification." *Ironforge.com v. Paychex, Inc.*, 747 F.Supp.2d 384, 404 (W.D.N.Y. 2010); *see also Greene v. City of New York*, 773 F. Supp. 3d 94 (S.D.N.Y. Mar. 28, 2025) (denying City's 12(f) motion to dismiss class allegations in part because, as the Defendants do here, "Defendants raise[ed] the same arguments that would ordinarily be raised at the class certification stage." *Greene* 773 F. Supp. 3d at 116). Determination of whether Rule 23(b)'s requirements have been met likewise must await record development and argument at the class certification stage. *See Winfield v. Citibank,N.A.*, 842 F. Supp. 2d 560, 574 (S.D.N.Y. 2012) (denying motion to strike). Put succinctly, it is "simply too soon to tell" whether a class will be certified. *Chenensky v. N.Y. Life Ins. Co.*, No. 07 CIV. 11504 WHP, 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011) (denying motion to strike). *Second*, Rule 12(f) motions are meant for "redundant, immaterial, impertinent, or scandalous matter," not properly pleaded class allegations. Fed. R. Civ. P. 12(f). A movant must show that: "(1) no evidence in support of the allegations would be admissible;(2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *In re Fannie Mae 2008 Sec. Litig.*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012). Defendants cannot make such a showing here.

Defendants cite primarily out of circuit, unpublished cases, decided not at the 12(f) stage, but at the certification stage. But they fail to acknowledge multiple protest-specific classes, much like the one here, have been certified -- including on the consolidated docket Defendants cite (and it is hard to see how, if Defendants' theory of *res judicata* is correct, Defendants could even argue against certification given that fact). *See, e.g., Sierra v City of NY*, 2024 US Dist LEXIS 38444, at *2-3 (SDNY Mar. 5, 2024) (certifying one specific protest class action, like requested here); *Sow v City of NY*, 2024 US Dist LEXIS 38488, at *6-7 (SDNY Mar. 4, 2024) (certifying a single class for 18 different protest locations). The very existence of these cases precludes resolution of the class allegations at the motion to strike stage, given the extremely high standard.

We thank the Court for its time and consideration.

Respectfully submitted,

*Jessica Massimi*
JESSICA MASSIMI, Esq.

3