UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

HILARY STEADMAN and KRISTIN HERBECK, on
behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK; NYPD MEMBER JACOB
CRAIG; NYPD MEMBER CANDICE RICHARDS (Shield
No. 8120); NYPD MEMBERS JOHN AND JANE DOES 1-
20,

Defendants.

------------------------------------------------------------------------- x

**ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE CRAIG JACOB, AND POLICE OFFICER CANDICE RICHARDSON**

25-CV-4081 (RER)(MMH)

Jury Trial Demanded

Defendants the City of New York, Detective Craig Jacob ("Jacob") and Police Officer Candice Richards ("Richards") (collectively, "Defendants") by their attorney, Steven Banks, Corporation Counsel of the City of New York, for their Answer to the First Amended Complaint brought by plaintiffs Hilary Steadman ("Steadman") and Kristin Herbeck ("Herbeck") (collectively, "Plaintiffs"), respectfully allege, upon information and belief, as follows:

1.     Admit that Plaintiffs were participating in a protest on April 30, 2024, and that Plaintiffs were arrested or received a summons in lieu of arrest, deny knowledge or information sufficient to form a belief as to the truth of the alleged purpose of the protest, and deny the remaining allegations set forth in paragraph 1 of the First Amended Complaint.

2.     Admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein, and deny the remaining allegations set forth in paragraph 2 of the First Amended Complaint.

3.     Admit that Plaintiffs purport to bring this action as stated therein and deny the remaining allegations set forth in paragraph 3 of the First Amended Complaint.

4. Admit that Plaintiffs purport to invoke the Court's authority as stated therein and deny the remaining allegations set forth in paragraph 4 of the First Amended Complaint.

5. Defendants state that the allegations set forth in paragraph 5 of the First Amended Complaint are not averments of fact that require a response.

6. Admit that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein, and deny the remaining allegations set forth in paragraph 6 of the First Amended Complaint.

7. Admit that Plaintiffs purport to base venue as stated therein and deny the remaining allegations set forth in paragraph 7 of the First Amended Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the First Amended Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the First Amended Complaint.

10. Admit that the City is a municipal corporation incorporated under the laws of the State of New York and that the City maintains a police department, respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between the City and the New York City Police Department ("NYPD"), and deny the remaining allegations set forth in paragraph 10 of the First Amended Complaint.

11. Admit that Jacob was and is employed by the New York City Police Department, and that Plaintiffs purport to proceed as set forth therein, and deny the remaining allegations set forth in paragraph 11 of the First Amended Complaint.

12. Admit that Richards was and is employed by the New York City Police Department, and that Plaintiffs purport to proceed as set forth therein, and deny the remaining allegations set forth in paragraph 12 of the First Amended Complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the First Amended Complaint as they pertain to unidentified defendants.

14.    Admit that Jacob and Richards were employed by the City of New York as members of the NYPD and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 of the First Amended Complaint.

15.    Defendants state that the allegations set forth in paragraph 15 of the First Amended Complaint are legal conclusions to which no response is required.

16.    Defendants state that the allegations set forth in paragraph 16 of the First Amended Complaint are legal conclusions to which no response is required.

17.    Defendants state that the allegations set forth in paragraph 17 of the First Amended Complaint are legal conclusions to which no response is required.

18.    Deny the allegations set forth in paragraph 18 of the First Amended Complaint.

19.    Deny the allegations set forth in paragraph 19 of the First Amended Complaint.

20.    Deny the allegations set forth in paragraph 20 of the First Amended Complaint, including that there was any conduct which NYPD officers were required to prevent or limit, or in which they were required to intervene.

21.    Admit that Plaintiffs purport to proceed as stated therein and deny the remaining allegations set forth in paragraph 21 of the First Amended Complaint.

22.    Admit that that a document purporting to be a Notice of Claim was received by the Comptroller's Office, refer all questions of law to this Court, and deny the remaining allegations set forth in paragraph 22 of the First Amended Complaint.

23.    Admit the allegations set forth in paragraph 23 of the First Amended Complaint.

24.     Admit that Plaintiff Herbeck caused to be filed a Notice of Claim and that at least thirty days have elapsed from the filing thereof and the claims have not been paid or adjusted and deny the remaining allegations set forth in paragraph 24 of the First Amended Complaint.

25.     Admit that Plaintiffs attended a protest near City College of New York in Harlem on April 30, 2024, and that Plaintiffs define their putative class to include those and only those who attended the same protest and deny the remaining allegations set forth in paragraph 25 of the First Amended Complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the First Amended Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the First Amended Complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the First Amended Complaint.

29.     Deny that a "class" exists or has been certified and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the First Amended Complaint.

30.     Deny the allegations set forth in paragraph 30 of the First Amended Complaint.

31.     Deny the allegations set forth in paragraph 31 of the First Amended Complaint.

32.     Deny the allegations set forth in paragraph 32 of the First Amended Complaint.

33.     Deny the allegations set forth in paragraph 33 of the First Amended Complaint.

34.     Deny the allegations set forth in paragraph 34 of the First Amended Complaint.

35.     Admit that NYPD effected certain arrests and deny the remaining allegations set forth in paragraph 35 of the First Amended Complaint.

36.    Deny the allegations set forth in paragraph 36 of the First Amended Complaint.

37.    Deny the allegations set forth in paragraph 37 of the First Amended Complaint.

38.    Admit that Steadman was present near City College of New York in Harlem on April 30, 2024, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 38 of the First Amended Complaint.

39.    Deny the allegations set forth in paragraph 39 of the First Amended Complaint.

40.    Deny the allegations set forth in paragraph 40 of the First Amended Complaint.

41.    Deny the allegations set forth in paragraph 41 of the First Amended Complaint.

42.    Defendants state that paragraph 42 is not an intelligible sentence to which a response is required.  To the extent that a response is required, Defendants deny the allegations set forth in paragraph 42 of the First Amended Complaint.

43.    Deny the allegations set forth in paragraph 43 of the First Amended Complaint, including that there was any encirclement from which Plaintiff was required to "slip out."

44.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation that Steadman witnessed an unidentified officer arrest a woman and deny the remaining allegations set forth in paragraph 44 of the First Amended Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation that Steadman followed a woman and an unidentified officer and deny the remaining allegations set forth in paragraph 45 of the First Amended Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegation about what an unidentified officer said to Steadman and deny the remaining allegations set forth in paragraph 46 of the First Amended Complaint.

47.    Deny the allegations set forth in paragraph 47 of the First Amended Complaint.

48.    Deny the allegations set forth in paragraph 48 of the First Amended Complaint.

49.    Admit that Craig shouted instructions for Steadman to get out of the street and deny the remaining allegations set forth in paragraph 49 of the First Amended Complaint.

50.    Deny the allegations set forth in paragraph 50 of the First Amended Complaint.

51.    Deny the allegations set forth in paragraph 51 of the First Amended Complaint.

52.    Deny the allegations set forth in paragraph 52 of the First Amended Complaint.

53.    Deny the allegations set forth in paragraph 53 of the First Amended Complaint.

54.    Deny the allegations set forth in paragraph 54 of the First Amended Complaint.

55.    Deny the allegations set forth in paragraph 55 of the First Amended Complaint.

56.    Deny the allegations set forth in paragraph 56 of the First Amended Complaint.

57.    Deny the allegations set forth in paragraph 57 of the First Amended Complaint.

58.    Deny the allegations set forth in paragraph 58 of the First Amended Complaint.

59.    Deny the allegations set forth in paragraph 59 of the First Amended Complaint.

60.    Deny the allegations set forth in paragraph 60 of the First Amended Complaint.

61.    Admit, upon information and belief, that Steadman was handcuffed with metal handcuffs and deny the remaining allegations set forth in paragraph 61 of the First Amended Complaint.

62.    Deny the allegations set forth in paragraph 62 of the First Amended Complaint.

63.    Deny the allegations set forth in paragraph 63 of the First Amended Complaint.

64.    Deny the allegations set forth in paragraph 64 of the First Amended Complaint.

65.    Deny the allegations set forth in paragraph 65 of the First Amended Complaint.

66.    Deny the allegations set forth in paragraph 66 of the First Amended Complaint.

67.    Admit that Steadman was issued a Desk Appearance Ticket for Obstructing Governmental Administration and deny the remaining allegations set forth in paragraph 67 of the First Amended Complaint.

68.    Deny the allegations set forth in paragraph 68 of the First Amended Complaint.

69.    Deny the allegations set forth in paragraph 69 of the First Amended Complaint.

70.    Deny the allegations set forth in paragraph 70 of the First Amended Complaint.

71.    Respectfully refer all questions of law to this Court and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 71 of the First Amended Complaint.

72.    Deny the allegations set forth in paragraph 72 of the First Amended Complaint.

73.    Admit that Herbeck was present near City College of New York in Harlem on April 30, 2024, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 73 of the First Amended Complaint.

74.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the First Amended Complaint.

75.    Deny the allegations set forth in paragraph 75 of the First Amended Complaint.

76.    Deny the allegations set forth in paragraph 76 of the First Amended Complaint.

77.    Deny the allegations set forth in paragraph 77 of the First Amended Complaint.

78.    Deny the allegations set forth in paragraph 78 of the First Amended Complaint.

79.    Deny the allegations set forth in paragraph 79 of the First Amended Complaint.

80.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the First Amended Complaint.

81.    Deny the allegations set forth in paragraph 81 of the First Amended Complaint.

82. Deny the allegations set forth in paragraph 82 of the First Amended Complaint.

83. Deny the allegations set forth in paragraph 83 of the First Amended Complaint.

84. Deny the allegations set forth in paragraph 84 of the First Amended Complaint.

85. Deny the allegations set forth in paragraph 85 of the First Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the First Amended Complaint.

87. Admit the allegations set forth in paragraph 87 of the First Amended Complaint.

88. Deny the allegations set forth in paragraph 88 of the First Amended Complaint.

89. Respectfully refer all questions of law to this Court and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 89 of the First Amended Complaint.

90. Deny the allegations set forth in paragraph 90 of the First Amended Complaint.

91. Deny the allegations set forth in paragraph 91 of the First Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the First Amended Complaint.

93. Deny the allegations set forth in paragraph 93 of the First Amended Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the First Amended Complaint.

95. Deny the allegations set forth in paragraph 95 of the First Amended Complaint.

96. Deny the allegations set forth in paragraph 96 of the First Amended Complaint.

97. Deny the allegations set forth in paragraph 97 of the First Amended Complaint.

98. Deny the allegations set forth in paragraph 98 of the First Amended Complaint.

99. Deny the allegations set forth in paragraph 99 of the First Amended Complaint.

100.    Respectfully refer the Court to official statements by Mayor Adams for a true and correct copy of the contents and context thereof and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 100 of the First Amended Complaint.

101.    Respectfully refer the Court to official statements by Kaz Daughtry for a true and correct copy of the contents and context thereof and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 101 of the First Amended Complaint.

102.    Deny the allegations set forth in paragraph 102 of the First Amended Complaint.

103.    Deny the allegations set forth in paragraph 103 of the First Amended Complaint.

104.    Deny the allegations set forth in paragraph 104 of the First Amended Complaint.

105.    Deny the allegations set forth in paragraph 105 of the First Amended Complaint.

106.    Deny the allegations set forth in paragraph 106 of the First Amended Complaint.

107.    Deny the allegations set forth in paragraph 107 of the First Amended Complaint.

108.    Deny the allegations set forth in paragraph 108 of the First Amended Complaint.

109.    Deny the allegations set forth in paragraph 109 of the First Amended Complaint.

110.    Deny the allegations set forth in paragraph 110 of the First Amended Complaint.

111.    Deny the allegations set forth in paragraph 111 including sub-paragraphs 111 (a)-(c) of the First Amended Complaint.

112.    Respectfully refer the Court to the New York State Attorney General 2020 preliminary report ("AG Report") cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 112 of the First Amended Complaint.

113.    Respectfully refer the Court to the AG Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 113 of the First Amended Complaint.

114.    Respectfully refer the Court to the AG Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 114 of the First Amended Complaint.

115.    Admit that the NYC Department of Investigation ("DOI") issued a report (the "DOI Report") purporting to examine NYPD conduct in response to the 2020 Black Lives Matter protests, respectfully refer the Court to the DOI Report for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 115 of the First Amended Complaint.

116.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 116 of the First Amended Complaint.

117.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 117 of the First Amended Complaint.

118.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 118 of the First Amended Complaint.

119.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof.

120.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 120 of the First Amended Complaint.

121.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 121 of the First Amended Complaint.

122.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 122 of the First Amended Complaint.

123.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 123 of the First Amended Complaint.

124.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 124 of the First Amended Complaint.

125.    Respectfully refer the Court to the Human Rights Watch Report ("HRW Report") cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 125 of the First Amended Complaint.

126.    Respectfully refer the Court to the HRW Report cited therein for a true and accurate record of the full content and context thereof and deny the remaining allegations set forth in paragraph 126 of the First Amended Complaint.

127.    Respectfully refer the Court to official statements by then-Commissioner Shea for a true and correct copy of the contents and context thereof and deny the remaining allegations set

forth in paragraph 127 of the First Amended Complaint.

128.    Respectfully refer this Court to the Report by the Office of the Corporation Counsel of the City of New York (the "OCC Report") cited therein for a true and accurate recitation of the contents thereof and deny the remaining allegations set forth in paragraph 128 of the First Amended Complaint.

129.    Respectfully refer this Court to the OCC Report cited therein for a true and accurate recitation of the contents thereof and deny the remaining allegations set forth in paragraph 129 of the First Amended Complaint.

130.    Respectfully refer the Court to the OCC Report cited therein for a true and accurate record of the content and context thereof and deny the remaining allegations set forth in paragraph 130 of the First Amended Complaint.

131.    Deny the allegations set forth in paragraph 131 of the First Amended Complaint.

132.    Deny the allegations set forth in paragraph 132 of the First Amended Complaint.

133.    Deny the allegations set forth in paragraph 133 of the First Amended Complaint.

134.    Deny the allegations set forth in paragraph 134 of the First Amended Complaint.

135.    Deny the allegations set forth in paragraph 135 of the First Amended Complaint.

136.    Deny the allegations set forth in paragraph 136 of the First Amended Complaint.

137.    Deny the allegations set forth in paragraph 137 of the First Amended Complaint.

138.    Deny the allegations set forth in paragraph 138 of the First Amended Complaint.

139.    Deny the allegations set forth in paragraph 139 of the First Amended Complaint.

140.    Deny the allegations set forth in paragraph 140 of the First Amended Complaint.

141.    Admit that the City has been named in prior civil lawsuits by demonstrators alleging unlawful conduct by the NYPD and deny the remaining allegations set forth in paragraph 141 of the First Amended Complaint.

142.    Respectfully refer the Court to the cases cited in these sub-paragraphs for which, in most, if not all, instances, no disposition or ruling on the merits of the case has been provided, and deny the remaining allegations set forth in paragraphs 142 and 142 (a) through (s) of the First Amended Complaint.

143.    Deny the allegations set forth in paragraph 143 of the First Amended Complaint.

144.    Deny the allegations set forth in paragraph 144 of the First Amended Complaint.

145.    Admit that, at one time, a document entitled "Disorder Control Guidelines" did exist within NYPD and deny the remaining allegations set forth in paragraph 145 of the First Amended Complaint.

146.    Deny the allegations set forth in paragraph 146 of the First Amended Complaint.

147.    Deny the allegations set forth in paragraph 147 of the First Amended Complaint and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

148.    Deny the allegations set forth in paragraph 148 of the First Amended Complaint.

149.    Deny the allegations set forth in paragraph 149 of the First Amended Complaint.

150.    Deny the allegations set forth in paragraph 150 of the First Amended Complaint and further state that the Disorder Control Guidelines, which are no longer in effect, speak for themselves.

151.    Deny the allegations set forth in paragraph 151 of the First Amended Complaint.

152.    Deny the allegations set forth in paragraph 152 of the First Amended Complaint.

153.    Deny the allegations set forth in paragraph 153 and 153 (a) through 153 (h) of the First Amended Complaint.

154.    Deny the allegations set forth in paragraph 154 of the First Amended Complaint.

155.    Admit that the SRG is a specialized unit within the NYPD and deny the remaining allegations set forth in paragraph 155 of the First Amended Complaint, including that the protest at issue in this litigation took place in 2020.

156.    Admit that the SRG is a specialized unit within the NYPD and deny the remaining allegations set forth in paragraph 156 of the First Amended Complaint.

157.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the First Amended Complaint.

158.    Admit that members of SRG have been present at certain protests, demonstrations, and other large gatherings and deny the remaining allegations set forth in paragraph 158 of the First Amended Complaint, including that the instant lawsuit stems from a 2020 protest.

159.    Deny the allegations set forth in paragraph 159 of the First Amended Complaint, including that the instant lawsuit stems from a 2020 protest.

160.    Deny the allegations set forth in paragraph 160 of the First Amended Complaint.

161.    Deny the allegations set forth in paragraph 161 of the First Amended Complaint.

162.    Deny the allegations set forth in paragraph 162 of the First Amended Complaint.

163.    Respectfully refer the Court to the OCC Report cited therein for a true and accurate record of the content and context thereof and deny the remaining allegations set forth in paragraph 163 of the First Amended Complaint.

164.    Deny the allegations set forth in paragraph 164 of the First Amended Complaint.

165.    Admit that certain after-action reports were created, the contents of which speak for themselves, and deny the remaining allegations set forth in paragraph 165 of the First Amended Complaint.

166.    Respectfully refer the Court to the article cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 166 of the First Amended Complaint.

167.    Respectfully refer the Court to the reports cited therein for a true and accurate record of the contents and context thereof and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 167 of the First Amended Complaint.

168.    Deny the allegations set forth in paragraph 168 of the First Amended Complaint.

169.    Respectfully refer the Court to the OCC Report cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 169 of the First Amended Complaint.

170.    Admit that policymakers communicated with one another as well as other senior and junior NYPD staff regarding protest activity and deny the remaining allegations set forth in paragraph 170 of the First Amended Complaint.

171.    Deny the allegations set forth in paragraph 171 of the First Amended Complaint.

172.    State that the deposition transcripts from the *Packard* action speak for themselves and deny the remaining allegations set forth in paragraph 172 of the First Amended Complaint.

173.    Deny the allegations set forth in paragraph 173 of the First Amended Complaint.

174.    State that all deposition transcripts in other cases, some of which are confidential, speak for themselves and deny the remaining allegations set forth in paragraph 174 of the First

Amended Complaint.

175.    Respectfully refer the Court to the OCC Report cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 175 of the First Amended Complaint.

176.    Deny the allegations set forth in paragraph 176 of the First Amended Complaint.

177.    Deny the allegations set forth in paragraph 177 of the First Amended Complaint.

178.    Deny the allegations set forth in paragraph 178 of the First Amended Complaint.

179.    Deny the allegations set forth in paragraph 179 of the First Amended Complaint.

180.    Deny the allegations set forth in paragraph 180 of the First Amended Complaint.

181.    Respectfully refer this Court to the report of the Office of the Inspector General cited therein (the "OIG Report") for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 181 including subparts (a) - (e) of the First Amended Complaint.

182.    Respectfully refer this Court to the OIG Report and the NYPD Patrol Guide sections cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 182 of the First Amended Complaint.

183.    Respectfully refer this Court to the NYPD Patrol Guide sections cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 183 of the First Amended Complaint.

184.    Deny the allegations set forth in paragraph 184 of the First Amended Complaint.

185.    Deny the allegations set forth in paragraph 185 of the First Amended Complaint.

186.    Deny the allegations set forth in paragraph 186 of the First Amended Complaint.

187.    Deny the allegations set forth in paragraph 187 of the First Amended Complaint.

188.    Deny the allegations set forth in paragraph 188 of the First Amended Complaint.

189.    Deny the allegations set forth in paragraph 189 of the First Amended Complaint.

190.    Deny the allegations set forth in paragraph 190 of the First Amended Complaint.

191.    Deny the allegations set forth in paragraph 191 of the First Amended Complaint.

192.    Deny the allegations set forth in paragraph 192 of the First Amended Complaint.

193.    Admit that Plaintiffs purport to proceed as stated therein and deny the remaining allegations set forth in paragraph 193 of the First Amended Complaint.

194.    Deny the allegations set forth in paragraph 194 of the First Amended Complaint.

195.    Deny the allegations set forth in paragraph 195 of the First Amended Complaint.

196.    Deny the allegations set forth in paragraph 196 of the First Amended Complaint.

197.    Deny the allegations set forth in paragraph 197 of the First Amended Complaint.

198.    Deny the allegations set forth in paragraph 198 of the First Amended Complaint.

199.    Deny the allegations set forth in paragraph 199 of the First Amended Complaint.

200.    Deny the allegations set forth in paragraph 200 of the First Amended Complaint.

201.    Deny the allegations set forth in paragraphs 201 and 201(a) - (d) of the First Amended Complaint.

202.    There is no individual paragraph numbered 202.

203.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 203 of the First Amended Complaint.

204.    Deny the allegations set forth in paragraph 204 of the First Amended Complaint.

205.    Respectfully refer this Court to the AG Report and transcripts of hearings held by the New York State Attorney General's Office cited therein for a true and accurate record of the

contents and context thereof and deny the remaining allegations set forth in paragraph 205 of the First Amended Complaint.

206.    Admit that the DOI issued the DOI Report, purporting to examine NYPD conduct, respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the contents and context thereof, and deny the remaining allegations set forth in paragraph 206 of the First Amended Complaint.

207.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 207 of the First Amended Complaint.

208.    Respectfully refer the Court to the DOI Report cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 208 of the First Amended Complaint.

209.    Respectfully refer the Court to the HRW Report cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 209 of the First Amended Complaint.

210.    Deny the allegations set forth in paragraph 210 of the First Amended Complaint.

211.    Deny the allegations set forth in paragraph 211 of the First Amended Complaint.

212.    Respectfully refer the Court to the HRW Report cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 212 of the First Amended Complaint.

213.    Deny the allegations set forth in paragraph 213 of the First Amended Complaint.

214.    Respectfully refer the Court to the cases cited therein for a true and accurate record of the contents and context thereof and deny the remaining allegations set forth in paragraph 214

of the First Amended Complaint.

215. Deny the allegations set forth in paragraph 215 of the First Amended Complaint.

216. Deny the allegations set forth in paragraph 216 of the First Amended Complaint.

217. Admit that Plaintiffs purport to seek to proceed as stated therein and deny the remaining allegations set forth in paragraph 217 of the First Amended Complaint.

218. Deny the allegations set forth in paragraph 218 of the First Amended Complaint.

219. Deny the allegations contained in paragraph 219 of the First Amended Complaint, including that the constitutional and statutory rights of members of the purported class have been violated.

220. Deny the allegations set forth in paragraph 220 of the First Amended Complaint.

221. Deny the allegations set forth in paragraph 221 of the First Amended Complaint.

222. Deny the allegations set forth in paragraph 222 of the First Amended Complaint.

223. Deny the allegations set forth in paragraph 223 of the First Amended Complaint.

224. Deny the allegations set forth in paragraph 224 of the First Amended Complaint.

225. Deny the allegations set forth in paragraph 225 of the First Amended Complaint.

226. Deny the allegations set forth in paragraph 226 of the First Amended Complaint.

227. Deny knowledge or information sufficient to form a belief as to whether many putative class representatives and putative class members continue to regularly engage in Palestine protests and deny the remaining allegations set forth in paragraph 227 of the First Amended Complaint.

228. Deny the allegations set forth in paragraph 228 of the First Amended Complaint.

229. Admit, upon information and belief, the allegations set forth in paragraph 229 of the First Amended Complaint.

230.    Paragraph 230 of the First Amended Complaint is not a complete sentence or averment of fact to which a response is required.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 231 of the First Amended Complaint.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 232 of the First Amended Complaint.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 233 of the First Amended Complaint.

234.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 234 of the First Amended Complaint.

235.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 235 of the First Amended Complaint.

236.    Deny the allegations set forth in paragraph 236 of the First Amended Complaint.

237.    Deny the allegations set forth in paragraph 237 of the First Amended Complaint.

238.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

239.    Deny the allegations set forth in paragraph 239 of the First Amended Complaint.

240.    Deny the allegations set forth in paragraph 240 of the First Amended Complaint.

241.    Deny the allegations set forth in paragraph 241 of the First Amended Complaint.

242.    Deny the allegations set forth in paragraph 242 of the First Amended Complaint.

243.    Deny the allegations set forth in paragraph 243 of the First Amended Complaint.

244.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

245. Deny the allegations set forth in paragraph 245 of the First Amended Complaint.

246. Deny the allegations set forth in paragraph 246 of the First Amended Complaint.

247. Deny the allegations set forth in paragraph 247 of the First Amended Complaint.

248. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

249. Deny the allegations set forth in paragraph 249 of the First Amended Complaint.

250. Deny the allegations set forth in paragraph 250, including subparts a - d, of the First Amended Complaint.

251. Deny the allegations set forth in paragraph 251 of the First Amended Complaint.

252. Deny the allegations set forth in paragraph 252 of the First Amended Complaint.

253. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

254. Deny the allegations set forth in paragraph 254 of the First Amended Complaint.

255. Deny the allegations set forth in paragraph 255 of the First Amended Complaint.

256. Deny the allegations set forth in paragraph 256 of the First Amended Complaint.

257. Deny the allegations set forth in paragraph 257 of the First Amended Complaint.

258. Deny the allegations set forth in paragraph 258 of the First Amended Complaint.

259. Deny the allegations set forth in paragraph 259 of the First Amended Complaint.

260. Deny the allegations set forth in paragraph 260 of the First Amended Complaint.

261. Deny the allegations set forth in paragraph 261 of the First Amended Complaint.

262. Deny the allegations set forth in paragraph 262 of the First Amended Complaint.

263. Deny the allegations set forth in paragraph 263 of the First Amended Complaint.

264.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

265.    Deny the allegations set forth in paragraph 265 of the First Amended Complaint.

266.    Deny the allegations set forth in paragraph 266 of the First Amended Complaint.

267.    Deny the allegations set forth in paragraph 267 of the First Amended Complaint.

268.    Deny the allegations set forth in paragraph 268 of the First Amended Complaint.

269.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

270.    Deny the allegations set forth in paragraph 270 of the First Amended Complaint.

271.    Deny the allegations set forth in paragraph 271 of the First Amended Complaint.

272.    Deny the allegations set forth in paragraph 272 of the First Amended Complaint.

273.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

274.    Deny the allegations set forth in paragraph 274 of the First Amended Complaint.

275.    Deny the allegations set forth in paragraph 275 of the First Amended Complaint.

276.    Deny the allegations set forth in paragraph 276 of the First Amended Complaint.

277.    Deny the allegations set forth in paragraph 277 of the First Amended Complaint.

278.    Deny the allegations set forth in paragraph 278 of the First Amended Complaint.

279.    Deny the allegations set forth in paragraph 279 of the First Amended Complaint.

280.    Deny the allegations set forth in paragraph 280 of the First Amended Complaint.

281.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

282.    Deny the allegations set forth in paragraph 282 of the First Amended Complaint.

283.    Deny the allegations set forth in paragraph 283 of the First Amended Complaint.

284.    Deny the allegations set forth in paragraph 284 of the First Amended Complaint.

285.    Defendants repeat and reallege the responses set forth in the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

286.    Deny the allegations set forth in paragraph 286 of the First Amended Complaint.

287.    Deny the allegations set forth in paragraph 287 of the First Amended Complaint.

288.    Deny the allegations set forth in paragraph 288, including subparts a - e, of the First Amended Complaint.

289.    Deny the allegations set forth in paragraph 289 of the First Amended Complaint.

290.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

291.    Deny the allegations set forth in paragraph 291 of the First Amended Complaint.

292.    Deny the allegations set forth in paragraph 292 of the First Amended Complaint.

293.    Deny the allegations set forth in paragraph 293 of the First Amended Complaint.

294.    Deny the allegations set forth in paragraph 294 of the First Amended Complaint.

295.    Deny the allegations set forth in paragraph 295 of the First Amended Complaint.

296.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

297.    Respectfully refers this Court to the sections of the New York City Administrative Code cited therein for a true and correct copy of the contents thereof.

298.    Defendants state that the allegations set forth in paragraph 298 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

299.    Defendants state that the allegations set forth in paragraph 299 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

300.    Defendants state that the allegations set forth in paragraph 300 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

301.    Deny the allegations set forth in paragraph 301 of the First Amended Complaint.

302.    Deny the allegations set forth in paragraph 302 of the First Amended Complaint.

303.    Defendants state that the allegations set forth in paragraph 303 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

304.    Deny the allegations set forth in paragraph 304 of the First Amended Complaint.

305.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

306.    Defendants state that the allegations set forth in paragraph 306 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

307.    Deny the allegations set forth in paragraph 307 of the First Amended Complaint.

308.    Deny the allegations set forth in paragraph 308 of the First Amended Complaint.

309.    Deny the allegations set forth in paragraph 309 of the First Amended Complaint.

310.    Deny the allegations set forth in paragraph 310 of the First Amended Complaint.

311.    Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

312.    Defendants state that the allegations set forth in paragraph 312 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

313.    Deny the allegations set forth in paragraph 313 of the First Amended Complaint.

314.    Deny the allegations set forth in paragraph 314 of the First Amended Complaint.

315. Deny the allegations set forth in paragraph 315 of the First Amended Complaint.

316. Deny the allegations set forth in paragraph 316 of the First Amended Complaint.

317. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

318. Defendants state that the allegations set forth in paragraph 318 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

319. Deny the allegations set forth in paragraph 319 of the First Amended Complaint.

320. Deny the allegations set forth in paragraph 320 of the First Amended Complaint.

321. Deny the allegations set forth in paragraph 321 of the First Amended Complaint.

322. Deny the allegations set forth in paragraph 322 of the First Amended Complaint.

323. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

324. Defendants state that the allegations set forth in paragraph 324 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

325. Deny the allegations set forth in paragraph 325 of the First Amended Complaint.

326. Deny the allegations set forth in paragraph 326 of the First Amended Complaint.

327. Deny the allegations set forth in paragraph 327 of the First Amended Complaint.

328. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

329. Defendants state that the allegations set forth in paragraph 329 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

330. Deny the allegations set forth in paragraph 330 of the First Amended Complaint.

331. Deny the allegations set forth in paragraph 331 of the First Amended Complaint.

332. Deny the allegations set forth in paragraph 332 of the First Amended Complaint.

333. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

334. Defendants state that the allegations set forth in paragraph 334 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

335. Admit that the City of New York supervised and trained certain police officers and deny the remaining allegations set forth in paragraph 335 of the First Amended Complaint.

336. Deny the allegations set forth in paragraph 336 of the First Amended Complaint.

337. Deny the allegations set forth in paragraph 337 of the First Amended Complaint.

338. Deny the allegations set forth in paragraph 338 of the First Amended Complaint.

339. Deny the allegations set forth in paragraph 339 of the First Amended Complaint.

340. Defendants repeat and reallege the responses set forth in the preceding and following paragraphs of the First Amended Complaint as if set forth fully herein.

341. Defendants state that the allegations set forth in paragraph 341 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

342. Deny the allegations set forth in paragraph 342 of the First Amended Complaint.

343. Deny the allegations set forth in paragraph 343 of the First Amended Complaint.

344. Deny the allegations set forth in paragraph 344 of the First Amended Complaint.

345. Defendants repeat and reallege the responses set forth in the preceding paragraphs of the First Amended Complaint as if set forth fully herein.

346. Deny the allegations set forth in paragraph 346 of the First Amended Complaint.

347. Deny the allegations set forth in paragraph 347 of the First Amended Complaint.

348.    Paragraph 348 is not an intelligible sentence to which a response is required. To the extent that a response is required, Defendants deny the allegations set forth in paragraph 348 of the First Amended Complaint.

349.    Deny the allegations set forth in paragraph 349 of the First Amended Complaint.

350.    Deny the allegations set forth in paragraph 350 of the First Amended Complaint.

351.    Defendants state that the allegations set forth in paragraph 351 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

352.    Respectfully refer this Court to the sections of the New York Civil Rights Law and New York City Administrative Code cited therein for a true and correct copy of the contents thereof.

353.    Respectfully refer this Court to the sections of the New York Civil Rights Law and New York City Administrative Code cited therein for a true and correct copy of the contents thereof.

354.    Respectfully refer this Court to the section of the New York Civil Rights Law cited therein for a true and correct copy of the contents thereof and deny the remaining allegations set forth in paragraph 354 of the First Amended Complaint.

355.    Paragraph 355 is not an intelligible sentence to which a response is required. To the extent that a response is required, Defendants state that the allegations set forth in paragraph 355 of the First Amended Complaint are conclusions of law, not averments of fact, therefore no response thereto is required.

356.    Deny the allegations set forth in paragraph 356 of the First Amended Complaint.

357.    Defendants state that paragraph 357 of the First Amended Complaint is a jury demand to which no response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

358.    The First Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

359.    Defendants City, Jacob, and Richards have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have they violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

360.    Defendants Jacob and Richards have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

361.    At all times relevant to the acts alleged in the First Amended Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

362.    To the extent that Plaintiffs assert state law claims against defendants, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

363.    Plaintiffs have failed to state a claim under Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

364.    Punitive damages are not recoverable against the City of New York.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

365.    There was probable cause for Plaintiffs' arrest, detention, search, and prosecution.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

366.    Any injury alleged to have been sustained resulted from Plaintiffs' own culpable and/or negligent conduct and/or the culpable and/or negligent conduct of a third party for whom the City of New York is not responsible, and was not the proximate result of any act of Defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

367.    Plaintiffs failed to mitigate their alleged damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

368.    To the extent that any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

369.    Any claims arising under New York State law may be barred, in whole or in part, by reason of Plaintiffs' failure to comply with the requirements of the N.Y. Gen Mun. Law 50-(e), (h) and/or (i).

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

370.    The doctrine of *res judicata* precludes Plaintiffs from seeking injunctive relief which is already covered by the settlement in *In re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY).

**WHEREFORE,** Defendants City, Jacob, and Richards request judgement dismissing the First Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
        April 7, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendants City, Jacob, and Richards*
100 Church Street
New York, NY 10007
Tel: (212) 356-2413

By: _____
    Joanne M. McLaren

cc:    <u>BY ECF</u>
       All Counsel