

May 27, 2026

Hon. Marcia M. Henry, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

By Electronic Filing

> **Re:** **Steadman et al. v. City of New York et al., 25-cv-4081 (RER)(MH)**

Dear Judge Henry:

My firm, with co-counsel, represents Plaintiffs and the putative class. Under the Court's Individual Practice Rules § V(B)(1), I write requesting an Order (1) directing a final date for whatever production Defendants agree to, (2) directing responses that say what is being withheld and why (without boilerplate), and (3) serving privilege logs and verifications as the rules require.[1]

At the meet and confer, Defendants stated that they will not finish their document production until six months from now after discovery closes. Thereafter, Plaintiffs attempted to shepherd a joint motion to adjust the schedule to accommodate Defendants. After the meet and confer, Defendants changed course and refused to request their required extension. Additionally, Defendants' discovery responses violate the rules in several ways, including that they do not say what is being withheld, or why. Finally, at the meet and confer, Defendants said they are unilaterally limiting their production to documents from the one protest at issue, though Plaintiff demanded documents related toother Palestine protests in the same period.[2]

Plaintiffs cannot wait six months for the Defendants to state what documents they are withholding and why.

## Discussion

Defendants' responses (1) "do not indicate when documents and ESI that defendants *are* producing will be produced" (*Fischer v Forrest*, 2017 US Dist LEXIS 28102, at \*8-9 (SDNY Feb. 28, 2017) (emphasis added)) and (2) do not say what it is Defendants will be producing, what they are withholding, and if so, why.

---

[1] Per Local Rule 37.1 and the Court's Rule V(B)(1)(d), Plaintiffs have annexed verbatim copies of the relevant discovery materials, with the Requests as **Exhibit 1** and the Objections and Responses as **Exhibit 2**. Plaintiffs also sent a detailed deficiency letter prior to the meet and confer, which is attached as **Exhibit 3**. Plaintiffs certify that the parties met and conferred on the issues raised herein for approximately an hour on May 19, 2026 and reached impasses on all relevant issues.

[2] Plaintiffs respectfully reserve the right to raise this issue in another motion, because Defendants have not properly made that objection in their formal discovery responses.



***Responses must provide a date for production.*** The Rules require that when a party wants to set a future date for production, it must set a "reasonable time specified" for production. Fed. R. Civ. P. 34(a)(2)(B)-(C). Defendants have refused to do so. At the meet and confer, Defendants estimated it would be at least six months before their production was complete even without documents from other Palestine protests. That date is well past the close of all discovery. The parties initially agreed to make a joint motion to adjust the case plan.

When Plaintiff sent a draft motion and amended case plan (**Exhibit 4**), Defendants refused to join it. Instead, Defendants changed position to say while "it would likely take six additional months to produce documents," "it is difficult to determine because the parties have no agreement about the scope of production," and "[w]ithout any agreement on what is to be produced, it is hard to know when the production will be completed." That is inconsistent with the rules. A party must state a date when it will finish producing what it does not object to. Accordingly, the Court should order Defendants to "indicate when [the] documents that … defendants ***are*** producing" "will be produced" just as the Rules require. *Fischer*, 2017 US Dist LEXIS 28102, at *8-9. Or it should simply set a date itself. And either way, depending on the date, the Court should adjust the discovery schedule.

***Responses must say what is being withheld and why.*** Defendants' responses fail to say what they are and are not producing. Instead, the responses do just what the 2015 amendments were intended to end: "state[] several objections and still produce[] information" and thereby "leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." 2015 Adv. Comm. Notes to Fed. R. Civ. P. 34. Even while seemingly conceding some responses were inadequate, Defendants stated they "stood by their objections" and were unwilling to make any amendments.

The Federal Rules impose a "responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made." *Michael Kors, L.L.C. v Su Yan Ye*, 2019 US Dist LEXIS 60057, at *7 (SDNY Apr. 8, 2019).[3] As a "discovery wake-up call" Judge Peck issued noted, post-2015, objections must clearly state whether anything has been withheld. *Fischer*, 2017 US Dist LEXIS 28102, at *2. When partial production is made, the "objection to part of a request must specify the part and permit inspection of the rest." *Id.* at *4-5. As Judge Gorenstein explained to the City in the last major protest litigation: "you have to describe what you are producing and what you aren't producing." *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY) (*In re Policing*"), 2022-02-18 Tr. at 99-102 ("This is what you're supposed to do in Rule 34 anyway; you're supposed to say here's what I'm producing, here's the Bates numbers"). Particularly given the six-month delay in production, Defendants' failure to say what they intend to withhold and why freezes this case without any possibility to make progress.

---

[3] *See also, e.g., Pickar v Indiana Fed. Community Defenders, Inc.*, 2025 US Dist LEXIS 132574, at *2-3 (SDNY July 10, 2025) (same); *Sound Around, Inc. v Friedman*, 2025 US Dist LEXIS 174892, at *8 (SDNY Sep. 8, 2025) (same).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Responses cannot include meaningless and non-specific objections.* Defendants' objections also include significant amounts of impermissible "meaningless boilerplate." *Fischer*, 2017 US Dist. LEXIS 28102, at *8.  None of the objections answer basic questions like "Why is it burdensome? How is it overly broad?" *Fischer*, 2017 US Dist LEXIS 28102, at *8.  Despite asserting burden in response to virtually every request, Defendants "do[] not detail, either in terms of cost or man hours, the burden that such a search would impose on [them]." *Intl. Code Council, Inc. v Skidmore, Owings & Merrill, LLP*, 2025 US Dist LEXIS 134806, at *11 (SDNY July 15, 2025) (failure to make that estimate does not protect even a non-party from a subpoena). The objections also contain unexplained vagueness claims.  Ex. 3 addresses each of these unexplained objections at length.[4] Defendants refused to clarify or withdraw any of these objections. Moreover, Defendants offer no statement of whether these boilerplate objections were the basis for withholding documents and information.[5]

Defendants also make a frivolous objection to being asked to produce "all" documents.  At least one Court has sanctioned the City for this type of objection.  As Judge Gorenstein explained when the City claimed it was being "set up" by a request for all documents in *In re Policing*, "no one is being set up when they're being told to produce all documents on a topic, that happens every single day in every single litigation." *In re Policing*, 2022-02-11 Tr. at 14-15 (emphasis added).

*A privilege log and sworn interrogatory responses have not been served.*  Defendants also assert a variety of privileges (in response to at least Interrogatory No. 7 and Document Requests Nos. 1, 2, 7, 16- 23, 28, 29), but have not produced any privilege log.  A privilege log "must be furnished in writing at the time of the response to the discovery" (L.Civ.R. 26.2(b)) — and the Circuit has affirmed strict enforcement of the that rule as waiver (albeit with a major measure of discretion involved).  *See In re Chevron Corp.*, 749 F. Supp. 2d 170, 182 (S.D.N.Y. 2010) (noting, among other things, "[o]ne authority has suggested that the strict view is the better one, as a more lenient approach would encourage disregard of th[e] rules"), *aff'd sub nom. Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010).

Likewise, Defendants fail to describe any efforts to answer the interrogatories.  Despite Plaintiffs providing Rule 26(g)(2) notice that they "intend to treat these unverified responses as non-answers" (Ex. 3 at 20), Defendants have not supplied sworn answers.  Accordingly, Plaintiffs "have no duty to act on [Defendants' unsigned" interrogatories (Fed. R. Civ. P. 26(g)(2), and are seeking remedies for what is — in light of the effect of Rule 26(g)(2) — a failure to serve responses at all.

---

[4] As explained in Ex. 3, Defendants claim Local Rule-defined words — "all Documents," "concerning," and "communications" (*but see* L.Civ.R. 26.3(c)(1), (2), and (7)) — are vague.  Additionally, "complaint" (in the context of a CCRB complaint), "race and gender," "response [to a protest]," "at or near" in the context of a protest, "stopped, detained, questioned, or arrested" (in the context of policing), "assigned" (with specific reference to "the 'Assignments'" in a specific document), among others, are also apparently vague.  No explanation for any of these claims of vagueness is offered.

[5] The way Judge Gorenstein streamlined this (after initial efforts failed) in *In re Policing* was to order the City to produce a "chart" of their objections, and specifically list for each objection what documents were being withheld, explaining that providing that information "is what you're supposed to do in Rule 34 anyway." 2022-02-18 Tr. at 99-102.  A similar chart may be an appropriate route forward.

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As always, we thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.