**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HILARY STEADMAN and KRISTIN HERBECK, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    -against-<br><br>THE CITY OF NEW YORK; NYPD MEMBER JACOB CRAIG; NYPD MEMBER CANDICE RICHARDS (Shield No. 8120); NYPD MEMBERS JOHN AND JANE DOES 1-20,<br><br>        Defendant(s). | Case No. 25-cv-4081 (RER)(MMH) |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3 of the Eastern District of New York, Plaintiffs request that defendants City of New York, NYPD Member Jacob Craig, NYPD Member Candice Richards (Shield No. 8120); and NYPD Members John and Jane Does 1-20, ("Defendants"), answer the following interrogatories under oath, and separately and fully in writing, within thirty (30) days of service hereof, or such shorter time as the Court orders or the parties stipulate.

## **DEFINITIONS**

1. Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York (the "Local Civil Rules").

2. "Arrest" means an Officer's seizure, detention, or arrest of a person, including but not

limited to for the purpose of issuing them a C-Summons ("summons") or Desk Appearance Ticket ("DAT") or fully processing them for arraignment.

3. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain NYPD employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

4. "Complaint" or "Complaints" mean the Complaint, or any superseding amended Complaint, filed this action.

5. "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

6. "Defendants" include each and every defendant named in the Complaints.

7. "Identify" means, in addition to any specific instructions or requested information in an Interrogatory, the response must state:

   a. when referring to an oral communication, the date, subject matter, communicator, recipient of the communication, nature of the communication, whether it was recorded, and identity of any witness thereto.

   b. when referring to a document, the type of document (e.g. letter, memorandum, email, excel chart, etc.), date, author or originator, addressee(s), signatories, title or subject matter, present location, and the name and address of the current custodian of such document or, if unknown, the present custodian of any copy thereof and the last known address of each such custodian.

   c. when referring to a person, to the extent known, the person's full name, present or last known complete address, and, in addition, when referring to a natural person, the person's present or last known place of employment or business affiliation (including complete address), position, and the person's place of employment

during the relevant time period, defined in the Instructions below.

8. "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

9. "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

10. "Protests" means any and all protests, demonstrations, or gatherings at the Protest Locations identified on the attached Schedule A and/or referenced in any of the Complaints.

## INSTRUCTIONS

1. Each interrogatory operates and shall be responded to independently, and unless otherwise indicated, no interrogatory limits the scope of any other interrogatory.

2. If an objection is made to any part of an interrogatory, the response shall state that there is an objection to the interrogatory and the legal and factual basis for such objection.

3. No part of an interrogatory shall be left unanswered merely because an objection is made to another part of the interrogatory.

4. If any interrogatory demands an answer that any Defendant claims may be withheld due to privilege, work product or any other privilege or immunity from disclosure, Defendants shall answer any portion of the interrogatory that is not subject to such a claim, and shall indicate with specificity and particularity the basis of said withholding, including:

   a. the identity of the person(s) having knowledge of the information;

   b. the identity of all persons to whom the information was communicated or otherwise made available;

c.  the job title or position of every person identified in response to subparagraphs (a)and (b);

d.  the date(s) on which the information was received or became known by each person having knowledge of its existence;

e.  a brief description of the nature and subject matter of the information; and the statute, rule or decision that is claimed to give rise to the privilege.

5.  If the response to any interrogatory consists in whole or in part of an objection based upon undue burden, then with respect to such response: (a) provide such information as can be ascertained without undue burden; and (b) state with particularity the basis for such objection, including a description of the process or method required to obtain the response to the interrogatory and the estimated cost and time required to obtain the response to the interrogatory.

6.  If Defendants cannot answer any interrogatory in full after exercising due diligence to secure the information to do so, please so state and answer the interrogatory to the extent possible, explaining any inability to answer the remainder of any such interrogatory and stating all information or knowledge presently available to Defendants concerning the unanswered portion of said interrogatory.

7.  Unless otherwise indicated, the relevant time period for purposes of these Interrogatories is between October 7, 2023, until the present.

8.  In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of the interrogatory responses that might be otherwise construed outside to be outside their scope, construe:

a.  the use of the singular form of any word as including the plural and vice versa;

b.  the use of a verb in any tense as the use of that verb in all other tenses; and

    c.   the use of the feminine, masculine, or neuter genders as including all genders.

9. The Interrogatories are continuing in nature. In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if Defendants obtain further or different information.

10. To the extent Defendants wish to respond according to Rule 26(d) as to documents produced in any coordinated or consolidated case, including but not limited to *Makkawi*, or as to documents produced in the consolidated protest litigation in *In re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY), Defendants should identify by Bates number where the documents being referenced exist in those productions.

## INTERROGATORIES

### Interrogatory No. 1:

For each Protest Location listed on the attached Schedule A, identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including but not limited to the Officer's full name, shield number, tax identification number, assigned command, and rank of each Officer, and their assignment post, including the time present at each Protest Location.

### Interrogatory No. 2:

For each Protest Location listed on the attached Schedule A, identify each and every Incident Commander(s) in command.

### Interrogatory No. 3:

For each Protest Location listed on the attached Schedule A, identify the Highest Ranking Patrol Service Borough Uniformed member on scene.

**Interrogatory No. 4:**

For each Protest Location listed on the attached Schedule A, identify each and every Officer from the NYPD Legal Bureau who was involved in the police response.

**Interrogatory No. 5:**

For each Protest Location listed on the attached Schedule A, identify each and every NYPD Strategic Response Group ("SRG") Officer assigned or who performed any of the "Assignments" described in Sections I and II of the March 2019 SRG Guide, or the equivalent sections in any version of the SRG Guide that has superseded the March 2019 SRG Guide.

**Interrogatory No. 6:**

For each Protest Location listed on the attached Schedule A, identify each and every person who NYPD personnel stopped, detained, questioned, or Arrested (including those released and issued summonses or desk appearance tickets, or who were processed "on-line") at or near such Protest Location, including but not limited to:

a)  the person's full name, address, phone number, date of birth, arrest number, summons number, New York State Identification Number (NYSID), desk appearance ticket identifier, Stop Report number, and any other personal or NYPD identifying information; and

b)  the full name, rank, shield number, tax identification number, and assigned command, of all Officers involved in each of the encounters with persons identified in this interrogatory.

**Interrogatory No. 7:**

Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), or the NYC Law Department), and/or NYPD by any means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding any interaction with or observation of NYPD personnel at or near the Protest Locations listed on the attached Schedule A.

**Interrogatory No. 8:**

Identify each and every Officer associated with or otherwise involved in the factual circumstances giving rise to any and all Complaints by persons identified in response to **Interrogatory No. 7** above.

**Interrogatory No. 9:**

Identify each and every Officer who was disciplined, or recommended to receive such discipline, for conduct occurring at or relating to any of the Protests occurring at or near the Protest Locations listed on the attached Schedule A.

**Interrogatory No. 10:**

Identify each and every individual employed by the City or any of its agencies, including the Office of the Mayor, who communicated with NYPD personnel regarding the NYPD's response to the Protests occurring at or near the Protest Locations listed on the attached Schedule A.

**Interrogatory No. 11:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice present at any of the Protests listed on the attached Schedule A.

**Interrogatory No. 12:**

For each plaintiff or person identified in the Complaints, and for each other person identified in

response to **Interrogatory No. 6** above, identify each and every Officer who directly observed that person or their conduct.

**Interrogatory No. 13:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who determined there was probable cause to Arrest that person, prior to their Arrest.

**Interrogatory No. 14:**

Identify each event since 2000 in connection with which the NYPD opened up or utilized a Mass Arrest Processing Center, including in compliance with the NYPD Patrol Guide provisions and other policies related to making and processing mass and/or large-scale arrests.

**Interrogatory No. 15:**

Identify the name and contact information of each Doe Defendant described in the Complaint.

**[Signatures on Following Page]**

Dated:  February 2, 2026
        Ridgewood, NY


**COHEN&GREEN PLLC**

_[signature]_

By: Elena L. Cohen
J. Remy Green
Regina J. Yu
Leena M. Widdi
Nayantara Bhushan
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
elena@femmelaw.com


**GIDEON ORION OLIVER**

_[signature]_

277 Broadway, Suite 1501
New York, NY 10007
t: (718) 783-3682
Gideon@GideonLaw.com


**MASSIMI LAW PLLC**

/s/

Jessica Massimi
99 Wall Street, Suite 1264
New York, NY 10005
t: (646) 241-9800
jessica.massimi@gmail.com


**THE ABOUSHI LAW FIRM PLLC**

_[signature]_

Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com


**BELDOCK LEVINE & HOFFMAN LLP**

_[signature]_

By: David B. Rankin
Luna Droubi
99 Park Avenue, PH/26th Floor
New York, NY 10016
t: (212) 277-5825
drankin@blhny.com

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HILARY STEADMAN and KRISTIN HERBECK, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>    -against-<br><br>THE CITY OF NEW YORK; NYPD MEMBER JACOB CRAIG; NYPD MEMBER CANDICE RICHARDS (Shield No. 8120); NYPD MEMBERS JOHN AND JANE DOES 1-20,<br><br>            Defendant(s). | Case No. 25-cv-4081 (RER)(MMH) |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Civil Rules of the United States District Court for the Eastern District of New York, Plaintiffs in these consolidated actions ("Plaintiffs") request that defendants City of New York, NYPD Member Jacob Craig, NYPD Member Candice Richards (Shield No. 8120); and NYPD Members John and Jane Does 1-20, ("Defendants") produce for examination, inspection and copying, within thirty (30) days of the service hereof, or such shorter time as the Court orders or the parties stipulate, all documents described below at Cohen & Green P.L.L.C., 1639 Centre Street, Suite 216, Ridgewood, NY 11385, and by email to all Plaintiffs' counsel, or at such other place or time, or in such other manner, as the parties mutually agree.

1

### DEFINITIONS

1. Plaintiffs incorporate by reference herein the Uniform Definitions in Discovery Requests set out in Rule 26.3(c) of the Local Civil Rules of the United States District Court for the Eastern District of New York (the "Local Civil Rules").

2. "Arrest" means an Officer's seizure, detention, or arrest of a person, including but not limited to for the purpose of issuing them a C-Summons ("summons") or Desk Appearance Ticket ("DAT") or fully processing them for arraignment.

3. "Complaints" means the Complaint, or any superseding amended Complaint, filed in this action.

4. "Date" means the exact day and time, month, and year if ascertainable, or if not, the best approximation (including relationship to other events).

5. "Defendants" include each and every defendant named in the Complaints.

6. "Document(s)" shall have the full meaning ascribed to it in Rule 34 of the Federal Rules of Civil Procedure and Local Civil Rule 26.3(c), and for purposes of these Requests shall be deemed to include "electronically stored information" ("ESI") as also defined in Rule 34. Examples of documents include, but are not limited to, all writings in any form, calendars, correspondence, diaries, manuals, memoranda, notes, log entries, reports, records, drawings, graphs, charts, photographs, sound recordings, images, video recordings, telephone records, Bloombergs, FINEST messages, electronic mail messages, telephonic text messages (including SMS and MMS, iMessages, WhatsApp messages and all instant messages sent and received by whatever means or platform), spreadsheets, databases, all other forms of electronic communication, and other data or data compilations of whatever nature stored in any medium (including those from which information can be obtained or translated if necessary into a reasonably useable form).

2

For the avoidance of doubt, document(s) shall include all originals of any nature whatsoever and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise.

7. "Kettling," "kettling tactics" or "encirclement" means any and all plans, methods, procedures, tactics, strategies, or approaches, by whatever name or characterization, utilized by NYPD to control crowds, address disorderly conduct, and/or effectuate mass arrests and detentions, whether intentional or not, whereby Officers physically surround or otherwise contain members of the public within an area, leaving them few or no routes of egress without direct contact with Officers.

8. "Legal Observer" means an individual who attends a public demonstration to observe and document interactions between law enforcement and demonstrators.

9. "Officer" means a member of service of the NYPD, regardless of rank, including but not limited to any and all officers, detectives, sergeants, lieutenants, captains, chiefs, and/or deputy commissioners.

10. "Person" means any natural person, association, business, group, organization, legal entity, government entity, or other entity.

11. "Protests" means any and all protests, demonstrations, or gatherings at the Protest Locations identified on the attached Schedule A and/or referenced in *Steadman et al* or *Makkawi et al*.

12. "Protest-Related Violation or Offense" means an alleged violation of any of the following laws during a demonstration or protest: New York State Vehicle and Traffic Law ("VTL") Section 1156(a) (Pedestrians in Roadways); New York State Penal Law ("PL") Section 240.05 (Riot in the Second Degree); PL Section 240.10 (Unlawful Assembly);

3

PL Section 205.30 (Resisting Arrest); PL Section 195.05 (Obstruction of Governmental Administration in the Second Degree); PL Section 240.20(5) (Disorderly Conduct – Blocking Vehicular or Pedestrian Traffic); PL Section 240.20(6) (Disorderly Conduct – Refusing to Obey a Lawful Dispersal Order);; and NYAC Section 10-110(c) (Parading Without a Permit), and any other offenses with which any individual who participated in any Protested was actually Arrested for and/or charged.

## **INSTRUCTIONS**

1. In addition to following the rules of construction in Rule 26.3(d) of the Local Civil Rules, whenever necessary to bring within the scope of these Requests Documents that might otherwise be construed to be outside its scope: (a) the use of a verb in any tense shall be construed as the use of that verb in all other tenses; and (b)  the use of the feminine, masculine, or neuter genders shall include all genders.

2. No paragraph herein shall be construed with reference to any other paragraph for the purpose of limitation.

3. Unless otherwise indicated, the relevant time period for purposes of these Requests is between October 7, 2023

4. All Documents shall be produced in the manner in which they are maintained in the usual course of business.  A request for a Document shall be deemed to include a request for any and all file folders or binders within which the Document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the Document in addition to the Document itself.

5. Any Request that calls for production of specific documents or forms where the information contained within such documents or forms is maintained in electronic databases or similar repositories, Plaintiffs request production of the underlying data in

4

lieu of the documents or forms themselves, unless the documents or forms contain additional or unique information, in which case the Request encompasses both the underlying data and the documents and forms.

6. Provide all ESI in the forms and manner the parties will agree upon hereafter.

7. In the event Defendants withhold any Document called for by these Requests on the basis of a claim of privilege, Defendants shall provide the information required by Rule 26.2 of the Local Civil Rules, as agreed between the parties, at the same time as any responses.

8. In the event that any Document called for by these Requests has been destroyed or discarded, Defendant shall provide an affidavit by a person with personal knowledge identifying the Document so lost, discarded, or destroyed as completely as possible, providing at least the following information: (i) the type of Document withheld; (ii) any author, addressor and/or addressee; (iii) any indicated or blind copy recipients; (iv) the Document's date, subject matter, number of pages, and attachments or appendices; (v) all persons to whom the Document was distributed, shown or explained; (vi) the Document's date of destruction or discard, manner of destruction or discard, and reason for destruction or discard; and (vii) the persons authorizing and carrying out such destruction or discard.

9. If objection is made to any of the Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

10. If there are no Documents responsive to any particular request, the response shall state so in writing.

5

11. These Requests are continuing in nature.  In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are required promptly to serve supplementary responses and produce additional documents if Defendants obtain further or different information.

12. Defendants shall identify, by Bates number, which documents they produce are responsive to which specific Requests.

13. To the extent Defendants have produced responsive documents in any coordinated or consolidated case, including but not limited to *Makkawi*, or as to documents produced in the consolidated protest litigation in *In re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY), Defendants may identify by Bates number where the documents being referenced exist in those productions and specify they agree to deem those documents (1) produced here and (2) subject to the Confidentiality Order in this case, rather than any applicable Order in any other.

## DOCUMENTS REQUESTED

### Request No. 1:

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD relating to Officers' treatment of and response to demonstrations and protests (including mass protests), crowd control, crowd management, and/or "disorder control" that were created and/or in force prior to October 7, 2023, including, but not limited to, policies concerning:

   a)  Officers' use of tactics or objects to control crowds during a demonstration or protest;

   b)  Use of VTL § 1156(a) to make arrests or file charges during a demonstration or protest;

6

c) Officers' use of force during a demonstration or protest;

d) Use of force reporting and investigations related to uses of force during a demonstration or protest;

e) Officers' use of batons or other instruments during a demonstration or protest;

f) Officers' tactical use of other objects, such as shields and bicycles, during a demonstration or protest;

g) Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray") during a demonstration or protest;

h) Technical Assistance Response Unit ("TARU") video and audio recording related to a demonstration or protest;

i) Strategic Response and Strategic Response Group ("SRG") operations;

j) Disorder Control Training;

k) Officers' use of body worn cameras during a demonstration or protest;

l) Officers' use of zip-ties or flex cuffs during a demonstration or protest;

m) Officers' use of Kettling during a demonstration or protest;

n) Officers' interaction with, and treatment of, Legal Observers during a demonstration or protest;

o) Officers' interaction with, and treatment of, students, including but not limited to City College of New York ("CCNY") students or other people present at a protest or demonstration near or on a campus;

p) Officers' coordination with CUNY administration, before, during, or after protests or demonstrations at which the NYPD is present;

7

q)  Officers' interaction with, and treatment of, students, faculty, journalists, reporters, photographers, and members of the press during a demonstration or protest;

r)  Officers' enforcement of any applicable curfews in place during a demonstration or protest;

s)  Incident command, chain of command, and command and control during a demonstration or protest;

t)  Facilitation, accommodation, and escort of demonstrations or protests;

u)  First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;

v)  The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;

w)  Policies, procedures, or protocols relating to racial profiling;

x)  Officers' use of race in law enforcement decisions and/or implicit bias;

y)  Officers' use of racial slurs or epithets;

z)  Officers' affiliation with or participation in groups or website that promote racists views;

aa) Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;

bb) Probable cause to Arrest for a Protest-Related Violation or Offense;

cc) Discretion to Arrest for a Protest-Related Violation or Offense;

dd) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;

ee) Officers' transportation of people Arrested during or after a demonstration or protest;

ff) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a protest;

gg) Officers' provision of medical aid to civilians injured during a demonstration or protest;

hh) Officers' wearing of face coverings when interacting with the public during or after a demonstration or protest, including during arrest processing;

ii) Officers' identification of pro-Palestine support, speech, demonstrations, and protests;

jj) Officers' identification of antisemitic support, speech, demonstrations, and protests;

kk) Officers' identification of anti-muslim support, speech, demonstrations, and protests;

ll) Officers' identification of anti-Israel support, speech, demonstrations, and protests;

mm)    Officers' identification of pro-Israel support, speech, demonstrations, and protests; and

nn) Any other policies, procedures, directives or training associated with policing large-scale events, including protests, demonstrations, and events involving civil disobedience.

**Request No. 2:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects described in **Request No. 1**, including but not limited to training provided during or after October 2023, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training.

9

**Request No. 3:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell.

**Request No. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests.

**Request No. 5:**

For any and all training materials, presentations, or other similar materials responsive to **Request Nos. 1-4** above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

**Request No. 6:**

For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1**.

**Request No. 7:**

10

For each Protest Location listed in the attached Schedule A, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:

a) The commanding Officer for each location;

b) The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c) Each Officer's assignment post, including the assignment address and borough;

d) Any and all Officers assigned to supervise or oversee such deployment;

e) Any attorneys from either the NYPD or the NYC Law Department at each location;

f) All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

g) All Unusual Incident or Occurrence Reports (PD370-152; UF-49);

h) All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

i) Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments.

**Request No. 8:**

For each Protest listed on the attached Schedule A, provide the following Documents:

a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting

11

Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e) The deployment text message thread for the specific Protest;

f) Any text messages or other messages sent by any member of the NYPD concerning the specific Protest;

g) Any documents related to any press efforts by NYPD concerning the specific Protest;

h) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

i) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

12

j) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

k) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos;

l) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;

m) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);

n) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;

o) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;

p) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");

q) MAPC intake and processing records;

r) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;

13

s)  For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;

t)  For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;

u)  Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages.

**Request No. 9:**

For each person identified in response to **Interrogatory No. 6 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide the following Documents:

a)  Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

b)  Online Booking System ("OLBS") Report (including handwritten/scratch version);

c)  Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d)  Arrest Report – Supplement (PD244-157);

e)  Prisoner Pedigree Card (PD244-092);

f)  Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

14

g) Mass Arrest Pedigree Label (244-093);

h) Complaint Report (313-152) (including handwritten/scratch version);

i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision(including handwritten/scratch versions);

j) Online Prisoner Arraignment ("OLPA") Report;

k) Property Clerk Invoice (521-141);

l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

m) Medical Treatment of Prisoner (244-150);

n) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

o) Scratch and/or memo book or activity log entries for any and all officers involved;

p) C-Summons;

q) Desk Appearance Ticket (PD 260-121);

r) Desk Appearance Ticket Investigation Sheets (360-091);

s) Records provided to any local prosecutor;

t) DA Datasheets;

u) Decline to Prosecute Forms;

v) Criminal Court Complaint; and

w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**Request No. 10:**

15

For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:

a)  the date, time, and location of the encounter;

b)  the name, rank, shield number, and command of any and all Officers involved;

c)  the supervising Officer that made the decision and/or gave the order to stop the person;

d)  the identity of the person stopped; and

e)  the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved.

**Request No. 11:**

For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify all Arrests by Officers at such Protest Location, including but not limited to:

a)  the total number of Arrests;

b)  the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c)  the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d)  the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e)  the summons number, DAT number, and/or arrest number associated with each Arrest;

f)  the full name, shield number, and tax identification number of the issuing or arresting Officer;

g)  the identity of the person Arrested;

h)  location where the Arrest occurred (*i.e.*, borough and address);

16

i)   length of time of custodial detention, including date and time of stop and date and time of release;

j)   criminal charge(s); and

k)   disposition of any such charge(s).

**Request No. 12:**

Provide all Documents relating to policies, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TRI Incident Worksheets (370-154) and the TRI Incident-Investigating Supervisor's Assessment Reports (370-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP542).

**Request No. 13:**

For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:

a)   the type of force used;

b)   date/time when used;

c)   the full name, shield number, and tax identification number of the Officer using force;

d)   the assigned command of the Officer using force;

e)   supervising Officer(s);

f)   whether the Officer was on-duty or off-duty;

g)   the location where the incident occurred (including borough);

h)   the race and gender of individual against whom force was used; and

i)   the factual circumstances surrounding the force used.

**Request No. 14:**

For each Protest Location listed in the attached Schedule A, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, TARU recordings and any other recordings (such as Argus videos) and/or, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to any occurrence that happened at such Protest Location.

**Request No. 15:**

For each Protest Location listed in the attached Schedule A, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related complaints, video (including Argus video) and audio recordings, body-worn camera footage and radio transmissions, investigator notes and reports, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location.

**Request No. 16:**

For each Officer identified in response to **Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

l) *Giglio* profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

19

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

**Request No. 17:**

Provide all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct.

**Request No. 18:**

Provide all Documents concerning communications from October 7, 2023 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Adams or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following October 7, 2023, including but not limited to the Protests.

**Request No. 19:**

Provide all Documents concerning communications about any protest anticipated to take place in New York City following October 7, 2023, including but not limited to the Protests, from October 7, 2023 to present, by Defendants, Mayor Eric Adams, any NYPD Commissioners including but not limited to  Caban and Tisch, any NYPD Chief including but not limited to

Maddrey, all Borough Commanders, and any Deputy Commissioner of Intelligence including but not limited to Rebecca Weiner.

**Request No. 20:**

Provide all documents received by, referenced, or reviewed by Mayor Adams, Commissioners Caban and Tisch, and/or Chief Maddrey, Borough Commanders, Deputy Commissioner of Intelligence Rebecca Weiner, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest Locations from October 7, 2023, to present.

**Request No. 21:**

For each Protest Location listed in the attached Schedule A, provide all communications between and among any Officers supervising, commanding, or otherwise directing NYPD's response to the Protests at each Protest Location, including but not limited to communications between and among Borough Commanders, SRG Command, and Deputy Commissioner of Intelligence Rebecca Weiner.

**Request No. 22:**

Provide all Documents, including all non-privileged communications, in Defendants' possession custody, or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City, including any and all Documents received or reviewed by Corporation Counsel in preparing such report.

**Request No. 23:**

Provide all Documents, including all non-privileged communications, in Defendants' possession custody, or control concerning the December 2020 Report by the New York City Department of

Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests, including any and all Documents received or reviewed by DOI in preparing such report.

**Request No. 24:**

Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau and/or any other neighborhood policing liaisons and organizers of the Protests.

**Request No. 25:**

Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, post-mortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015).

**Request No. 26:**

Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in *Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, directives, orders, and/or instructions concerning group arrests.

**Request No. 27:**

Provide all Documents concerning the jury's verdict against defendant Monahan in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan.

22

**Request No. 28:**

Provide all Documents concerning the payment of the punitive damages awarded in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.).

**Request No. 29:**

Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: *Vincent v. Winski*, No. 14 Civ. 7744; *Gersbacher v. Winski*, No. 14 Civ. 7600.

**Request No. 30:**

Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests listed on the attached Schedule A.

**Request No. 31:**

Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling.

**Request No. 32:**

Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**Request No. 33:**

Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo-

23

Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**Request No. 34:**

All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on.

**Request No. 35:**

Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests.

**Request No. 36:**

Provide all Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests:

   a)  World Economic Forum protests in 2002;

   b)  Republican National Convention protests in 2004;

   c)  Occupy Wall Street in 2011 and 2012;

   d)  Black Lives Matter protests between 2013 and 2020;

   e)  Pro-Trump car caravans on November 1, 2020;

   f)  Protests or demonstrations in support of Gaza or Palestine, or in opposition to the genocide described in the Complaint

**Request No. 37:**

Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in **Request No. 36**.

**Request No. 38:**

Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in **Request No. 36,** including the following information:

    a)  the total number of Arrests;

    b)  the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

    c)  the total number of DATs issued elated to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

    d)  the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

    e)  the summons number, DAT number, and/or arrest number associated with each Arrest;

    f)  the full name, shield number, and tax identification number of the issuing or arresting Officer;

    g)  the identity of the person Arrested;

    h)  location where the Arrest occurred (*i.e.*, borough and address);

    i)  length of time of custodial detention, including date and time of stop and date and time of release;

    j)  criminal charge(s); and

    k)  disposition of any such charge(s).

## Request No. 39:

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or demonstration may be released with a Summons or DAT, including any relevant NYPD Patrol Guide provisions.

**Request No. 40:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense outside of a protest or demonstration.

**Request No. 41:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration.

**Request No. 42:**

Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy.

**Request No. 43:**

For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset.

**Request No. 44:**

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

**Request No. 45:**

Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any individual on the basis of their use or display of a keffiyeh, watermelon, or Palestinian flag during any of the Protests listed on the attached Schedule A.

**Request No. 46:**

Provide all Documents concerning flexcuffs, and relevant related products (such as, without limitation, tools for removing flexcuffs, flexcuff padding, flexcuff extenders, and the like), including, but not limited to:

    (a) All documents concerning Defendants' purchase of flexcuffs and related products;

    (b) All documents concerning any cost analysis of the purchase of flexcuffs and related products;

    (c) All documents concerning any advertisement, advocacy, or outreach by manufacturers of flexcuffs to the City;

    (d) All documents concerning (1) the number and availability of tools to remove flexcuffs; (2) the feasibility of having more such tools available; (3) the feasibility of using safer models of flexcuffs; (4) the feasibility of providing officers with and using flexcuff padding or other similar measures; (5) the feasibility of any other flexcuff related production; (6) the risks and any other considerations associated with using flexcuffs when an arrestee is wearing a backpack or other similar device that may fall and put pressure on flexcuffs; and (7) any other decision about the implementation of flexcuffs.

**Request No. 46:**

Provide all Documents concerning the origin of Defendants' choice to begin using and training to members of the NYPD about VTL § 1156(a) as a basis for charges at protests or demonstrations, including, but not limited to any internal communications, policy memos, UF-49s, and the like.

**Request No. 47:**

Provide all Documents concerning the instances of members of the NYPD, at protests or demonstrations, (1) covering their badge numbers; (2) using the wrong helmets or otherwise obscuring their helmet numbers; (3) otherwise engaging in actions that make it difficult to identify officers during the Summer 2020 demonstrations and thereafter, including but not limited to, internal investigatory documents, any relevant disciplinary documents or policy changes, decisions not to impose discipline, and any other document relevant to NYPD's response to the documented issues with identifying members of the NYPD referenced above.

**[Signatures on Following Page]**

Dated: February 2, 2026
        Ridgewood, NY


**COHEN&GREEN PLLC**

_____

By: Elena L. Cohen
J. Remy Green
Regina J. Yu
Leena M. Widdi
Nayantara Bhushan
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
elena@femmelaw.com


**GIDEON ORION OLIVER**

_____

277 Broadway, Suite 1501
New York, NY 10007
t: (718) 783-3682
Gideon@GideonLaw.com


**MASSIMI LAW PLLC**

/s/

_____

Jessica Massimi
99 Wall Street, Suite 1264
New York, NY 10005
t: (646) 241-9800
jessica.massimi@gmail.com


**THE ABOUSHI LAW FIRM PLLC**

_____

Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com


**BELDOCK LEVINE & HOFFMAN LLP**

_____

By: David B. Rankin
Luna Droubi
99 Park Avenue, PH/26th Floor
New York, NY 10016
t: (212) 277-5825
drankin@blhny.com

1

**Schedule A to Plaintiffs' First Set of Interrogatories and Document Demands**

| Protest Date | Approximate Location of Protest |
|---|---|
| October 8, 2023 | United Nations and Times Square |
| October 13, 2023 | Grand Army Plaza to Senator Chuck Schumer's house |
| October 20, 2023 | New York Public Library on 5th Avenue to Senator Kristen Gillibrand's office (3rd Avenue between 47th and 48th Streets) |
| October 21, 2023 | Bay Ridge, Brooklyn (5th Avenue and 67th Street) |
| October 27, 2023 | Grand Central Terminal |
| November 6, 2023 | Columbus Circle to Times Square to Grand Central |
| November 6, 2023 | Statue of Liberty |
| November 14, 2023 | Staten Island Borough Hall on Richmond Terrace, approaching the Ferry Terminal |
| November 18, 2023 | Bay Ridge (4th Avenue and 86th Street) to Sunset Park |
| November 23, 2023 | Madison Square Park to New York Public Library and surrounding subway stations |
| November 26, 2023 | Manhattan Bridge |
| November 29, 2023 | Rockefeller Center |
| December 16, 2023 | Astoria to Sunnyside to Long Island City to the United Nations/Manhattan via Queensboro Bridge |
| December 18, 2023 | Grand Central to Port Authority and Moynihan Train Hall to Greenwich Village (Charles Street & Greenwich Street) and Washington Square Park via the West Side Highway |
| December 25, 2023 | Rockefeller Center |
| December 28, 2023 | Zuccotti Park / Wall Street / Oculus / BNY Mellon building on Greenwich St |
| January 1, 2024 | JFK Airport and roadway outside the airport |
| January 8, 2024 | Brooklyn Bridge / Manhattan Bridge / Williamsburg Bridge / Holland Tunnel |
| January 12, 2024 | Yemeni consulate / UK consulate / United Nations |
| January 15, 2024 | Union Square to 103rd Street to Gracie Manor |
| January 20, 2024 | J. Hood Wright Park (Fort Washington Avenue and 174th Street) |
| January 26, 2024 | Midtown Manhattan (offices of Columbia Threadneedle Investments) to Madison Square Park |
| January 27, 2024 | Union Square to Brooklyn Bridge via Broadway / JFK Airport / Jamaica Airtrain / Jamaica Station |
| February 2, 2024 | Columbia University to Barnard College to 1 Police Plaza via Broadway |
| February 4, 2024 | Bryant Park/NYPL to Lincoln Center |
| February 7, 2024 | 5th Avenue (Biden fundraiser/motorcade) |
| February 10, 2024 | Brooklyn Museum to the Central Branch of the Brooklyn Public Library |
| February 12, 2024 | Brooklyn Bridge / Midtown Tunnel / Holland Tunnel |
| February 12, 2024 | The Jewish Museum |
| February 12 or 13, 2024 | Union Square to Midtown Manhattan (Park Avenue and 33rd Street to the Park Avenue Tunnel to the Grand Central Viaduct to the Newscorp Plaza) |

1

| **Protest Date** | **Approximate Location of Protest** |
| --- | --- |
| February 16, 2024 | NYPL on 5th Avenue to NY Times Building to Columbus Circle |
| February 19, 2024 | Astoria, Queens (Astoria Blvd and Steinway St) |
| February 22, 2024 | AIPAC headquarters / Schumer's office / Gillibrand's office |
| February 22, 2024 | West Village (outside Comedy Cellar) |
| February 26, 2024 | 30 Rockefeller Plaza |
| February 26, 2024 | E. 92nd Street and Lexington Avenue (92nd Street Y) |
| February 29, 2024 | Broadway and Vesey St |
| March 2, 2024 | Washington Square Park to Bryant Park |
| March 7, 2024 | Representative Adriano Espaillat's office (163 W 125th St) |
| March 8, 2024 | Near the Brooklyn side of the Manhattan Bridge (Concord St and Prince St) |
| March 8, 2024 | East Village, Manhattan (2nd Ave and 2nd St) |
| March 8, 2024 | Jay Street-Metrotech Subway Station |
| March 14, 2024 | NY Times Headquarters |
| March 20, 2024 | New York County Surrogate's Court |
| March 27, 2024 | Gracie Mansion |
| March 30, 2024 | Times Square |
| April 12, 2024 | Herald Square |
| April 15, 2024 | Brooklyn Bridge |
| April 16, 2024 | Google building in Manhattan |
| April 18, 2024 | Columbia University |
| April 22, 2024 | New York University Gould Plaza |
| April 23, 2024 | Grand Army Plaza/Schumer's house |
| April 30, 2024 | City College of New York and roadways nearby |
| April 30, 2024 | Columbia University |
| May 1, 2024 | Fordham University at Lincoln Center |
| May 3, 2024 | The New School (5th Avenue and 16th Street) |
| May 3, 2024 | New York University |
| May 6, 2024 | Met Gala |
| May 7, 2024 | 72nd Street and Park Avenue |
| May 7, 2024 | Fashion Institute of Technology |
| May 7, 2024 | 6th Avenue between 40th Street and 41st Street, Manhattan |
| May 10, 2024 | The New School University Center |
| May 11, 2024 | Outside Barclay's Center to the Manhattan Bridge |
| May 18, 2024 | Bay Ridge |
| May 21, 2024 | Outside Cipriani's, 55 Wall St |
| May 31, 2024 | Brooklyn Museum |
| June 2, 2024 | Israel Day Parade |
| June 5, 2024 | CUNY Central Office building on E. 42nd St, Manhattan (205 E 42nd St) |
| June 10, 2024 | Union Square to Wall Street |
| June 28, 2024 | Madison Square Garden to Hammerstein Ballroom to Union Square |
| June 30, 2024 | West Village (Pride Parade) |
| July 4, 2024 | Washington Square Park to Hudson Yards |
| July 31, 2024 | Times Square |
| August 14, 2024 | Harlem (W 146th Street & Broadway) |
| September 8, 2024 | Financial District |
| September 24, 2024 | Madison Square Park to 32nd Street and Madison Avenue to Park Avenue to Grand Central Station |

2

| Protest Date | Approximate Location of Protest |
|---|---|
| September 26, 2024 | Midtown East |
| October 7, 2024 | Wall Street to City Hall to Washington Square to Union Square to Times Square to Grand Central to Madison Square Park |
| October 14, 2024 | NY Stock Exchange |
| November 4, 2024 | 835 Forest Hill Rd, Staten Island |
| November 19, 2024 | 2810 Nostrand Avenue, Brooklyn NY |
| November 28, 2024 | 5th/6th Avenue and 55th Street, Manhattan / United Nations |
| December 12, 2024 | NYU Bobst Library |
| February 18, 2025 | 1358 50th Street, Brooklyn |
| March 5, 2025 | Barnard College (Milstein Center) |
| March 5, 2025 | NYU (Bobst Library and Vanderbilt Hall) |
| March 10, 2025 | Foley Square |
| March 13, 2025 | Trump Tower |
| April 24, 2025 | Chabad-Lubavitch Headquarters |
| April 27, 2025 | Congregation Shaare Zion on Ocean Parkway |
| April 28, 2025 | Barclays Center to Chabad-Lubavitch HQ |
| May 7, 2025 | Butler Library |
| May 8, 2025 | Brooklyn College |
| June 11, 2025 | Maersk Corporation building, Midtown Manhattan |
| June 18, 2025 | Brooklyn Navy Yard |
| August 1, 2025 | Schumer's office and Gillibrand's office |
| August 2, 2025 | City Hall to Grand Central to Penn Station |
| August 3, 2025 | Grand Army Plaza |
| August 4, 2025 | Trump International Hotel |
| August 20, 2025 | Permanent Mission of Egypt to the U.N. building |
| September 17, 2025 | Brooklyn Navy Yard |
| October 2, 2025 | Borough Hall to Brooklyn Bridge |
| November 19, 2025 | East 68th Street between 3rd Avenue and Lexington Avenue (Manhattan) |