UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- x

HILARY STEADMAN and KRISTIN HERBECK, on
behalf of themselves and all others similarly situated,

                                                        Plaintiffs,

                          -against-

THE CITY OF NEW YORK; NYPD MEMBER JACOB
CRAIG; NYPD MEMBER CANDICE RICHARDS
(Shield No. 8120); NYPD MEMBERS JOHN AND
JANE DOES 1-20,

                                                        Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS' RESPONSES
AND OBJECTIONS TO
PLAINTIFFS' FIRST SET OF
INTERROGATORIES**

25-cv-4081 (RER)(MMH)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure defendants

City of New York, Detective Craig Jacob, and P.O. Candice Richards ("Defendants") respond

and object to the First Set of Interrogatories propounded by Hilary Steadman and Kristen

Herbeck ("Plaintiffs") as follows:

## GENERAL STATEMENT

1.    By responding to any request, Defendants do not concede the materiality

of the subject to which it refers.  Defendants' responses are made expressly subject to, and

without waiving or intending to waive, any questions or objections as to the competency,

relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of

the documents or information produced, or of the subject matter thereof, in any proceeding

including the trial of this action or any subsequent proceeding.

2.    Inadvertent production of any document or information which is

privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery,

shall not constitute a waiver of any privilege or of another ground for objecting to discovery with

respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the requests for the production of documents, Defendants will provide, under separate cover, a privilege index, if appropriate.

## INTERROGATORIES

### INTERROGATORY NO. 1:

For each Protest Location listed on the attached Schedule A, identify each and every Officer present, deployed, or otherwise involved in performing official duties at or near such Protest Location, including but not limited to the Officer's full name, shield number, tax identification number, assigned command, and rank of each Officer, and their assignment post, including the time present at each Protest Location.

### OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Defendants object to Interrogatory No. 1 on the grounds that it is overly broad as it seeks the identity of "each and every officer" who was "present, deployed, or otherwise involved in performing official duties" "at or near" various locations, regardless of whether those activities were related in any way to First Amendment activities. Defendants further object on the grounds that the phrase "at or near" is vague and ambiguous. Defendants further object on the grounds that this request is vastly overbroad, unduly burdensome, and not limited to a time period or scope pertinent to this litigation as it seeks information about police staffing, including the specific time periods when mobile officers were present at specific locations, at over one hundred (100) protests over a period of more than twenty (20) years, including information about members of service who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named

2

Plaintiffs in this litigation. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the tax numbers and commands of officers who arrested individuals at the April 30, 2024 protest at issue in this litigation only, Defendants refer Plaintiffs to the Mass Arrest spreadsheet produced herewith.

**INTERROGATORY NO. 2:**

For each Protest Location listed on the attached Schedule A, identify each and every Incident Commander(s) in command.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vastly overbroad, unduly burdensome, and not limited to a time period or scope pertinent to this litigation as it seeks information about "each and every Incident Commander(s)" in command at over one hundred (100) protests over a period of more than twenty (20) years, including information about Incident Commanders who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the identity of

3

Incident Commander(s) in charge at the April 30, 2024 protest outside City College of New York at issue in this litigation, Defendants state that they will continue to search for information responsive to this interrogatory and will supplement this response within 45 days, if appropriate.

**INTERROGATORY NO. 3:**

For each Protest Location listed on the attached Schedule A, identify the Highest Ranking Patrol Service Borough Uniformed member on scene.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is vastly overbroad, unduly burdensome, and not limited to a time period or scope pertinent to this litigation as it seeks information about "the Highest Ranking Patrol Service Borough Uniformed member on scene" at over one hundred (100) protests over a period of more than twenty (20) years, including information about Patrol Service Borough uniformed members who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation. Defendants further object to this interrogatory on the grounds that it is vague and ambiguous and overly broad as the identity of the "highest ranking" member may have changed at various points throughout the protest and this interrogatory does not specify the point in time for which this information is sought. Defendants further object to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the identity of the Highest Ranking Patrol Service Borough uniformed member on scene at the April 30, 2024 protest

4

outside City College of New York at issue in this litigation, at the time of the named Plaintiffs' arrest, Defendants state that they will continue to search for information responsive to this interrogatory and will supplement this response within 45 days, if appropriate.

**INTERROGATORY NO. 4:**

For each Protest Location listed on the attached Schedule A, identify each and every Officer from the NYPD Legal Bureau who was involved in the police response.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that the phrase "involved in the police response" is vague and ambiguous. Defendants further object to this interrogatory on the grounds that it is vastly overbroad and not limited to a time period or scope pertinent to this litigation as it seeks information about officers from NYPD Legal Bureau who had some unidentified involvement with the police response at over one hundred (100) protests over a period of more than twenty (20) years, including officers who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation. Defendants further object to this interrogatory on the grounds that it assumes facts not established, i.e., that officers from the NYPD Legal Bureau had some undefined involvement with the policing of these protests. Defendants further object to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the identity of officers from the NYPD Legal Bureau who observed or approved the arrests of the named Plaintiffs at the April 30, 2024 protest

5

outside City College of New York at issue in this litigation, if any, Defendants state that they will continue to search for information responsive to this interrogatory and will supplement this response within 45 days, if appropriate.

**INTERROGATORY NO. 5:**

For each Protest Location listed on the attached Schedule A, identify each and every NYPD Strategic Response Group ("SRG") Officer assigned or who performed any of the "Assignments" described in Sections I and II of the March 2019 SRG Guide, or the equivalent sections in any version of the SRG Guide that has superseded the March 2019 SRG Guide.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that the phrase "assigned" is vague and ambiguous as it does not specify what assignment or location "assigned" is referring to, and on the grounds that the phrases "who performed any of the 'Assignments' described in Sections I and II of the March 2019 SRG Guide" and "the equivalent sections" are vague and ambiguous. Defendants further object to this interrogatory on the grounds that it is vastly overbroad and not limited to a time period or scope pertinent to this litigation as it seeks information about SRG officers who had some unspecified assignments at over one hundred (100) protests over a period of more than twenty (20) years, including SRG officers who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific

6

objections, and limiting this response to the tax numbers and commands of SRG officers who arrested individuals at the April 30, 2024 protest at issue in this litigation, if any, Defendants refer Plaintiffs to the Mass Arrest spreadsheet produced herewith which identifies the assigned commands for each arresting officer. No further response will be interposed.

**INTERROGATORY NO. 6:**

For each Protest Location listed on the attached Schedule A, identify each and every person who [*sic*] NYPD personnel stopped, detained, questioned, or Arrested (including those released and issued summonses or desk appearance tickets, or who were processed "on-line") at or near such Protest Location, including but not limited to:

    (a)    the person's full name, address, phone number, date of birth, arrest number, summons number, New York State Identification Number (NYSID), desk appearance ticket identifier, Stop Report number, and any other personal or NYPD identifying information; and

    (b)    the full name, rank, shield number, tax identification number, and assigned command, of all Officers involved in each of the encounters with persons identified in this interrogatory.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6, on the grounds that it is compound, and vastly overbroad and unduly burdensome to the extent that it requests information completely unrelated to the instant case or indeed any protest, regarding each and every person whom NYPD "stopped, detained, questioned or arrested" "at or near" more than one hundred (100) separate protests other than the discrete protest on April 30, 2024 at issue in this litigation. Defendants further object to this interrogatory on the grounds that the phrases "stopped, detained, questioned or arrested," "processed 'on-line,'" "at or near" and "involved in each of the encounters" are

7

vague and ambiguous.  Defendants further object to this interrogatory on the grounds that it seeks information unrelated to any party's claims or defenses and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing all this information outweighs any likely benefit to Plaintiffs.  Defendants further object to this interrogatory to the extent that it impermissibly seeks discovery of absent putative class members and seeks information that is sealed pursuant to New York Criminal Procedure Law ("N.Y. C.P.L.") §§ 160.50 and/or 160.55 and, therefore, not accessible to Defendants.  Defendants further object to the extent that this interrogatory implicates the privacy interests and personal safety interests of non-parties. Notwithstanding and without waiving or limiting these specific objections, and limiting this interrogatory to the arrest of the named Plaintiffs at the protest outside City College of New York on April 30, 2024, Defendants respond as follows:  See Mass Arrest Report pertaining to the April 30, 2024 City College of New York Protest, produced herewith, and documents bearing Bates numbers DEF 00061 - DEF 00083; DEF 00085 - DEF 00092; and DEF 00097 - DEF 00114.

**INTERROGATORY NO. 7:**

Identify each and every individual who has submitted a complaint to any agency of the City (including but not limited to the Civilian Complaint Review Board ("CCRB"), the NYC Department of Investigation ("DOI"), or the NYC Law Department), and/or NYPD by any means, directly or indirectly including complaints filed with other New York City agencies that were forwarded to the NYPD or any other entity for investigation or reference, regarding any interaction with or observation of NYPD personnel at or near the Protest Locations listed on the attached Schedule A.

8

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:

Defendants object to Interrogatory No. 7, on the grounds that the terms "complaint" and "at or near" are vague and ambiguous, and on the grounds that this interrogatory is vastly overbroad and unduly burdensome to the extent that it requests information completely unrelated to the instant case or indeed any protest, regarding each and every person who made any complaint, about anything, with respect to police personnel "at or near" more than one hundred (100) separate protests other than the discrete protest on April 30, 2024 at issue in this litigation, regardless of whether the complaint pertained to false arrest, or force, or any allegations related to those made in Plaintiffs' Complaint. Defendants further object to this interrogatory on the grounds that it is overly broad in that it seeks information about complaints made to any one of numerous unidentified city agencies, regardless of whether the complaint was submitted to or received by CCRB or NYPD. Defendants further object to this interrogatory on the grounds that it seeks information unrelated to any party's claims or defenses and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing all this information outweighs any likely benefit to Plaintiffs. Defendants further object to this interrogatory to the extent that it impermissibly seeks discovery of absent putative class members and seeks information that is sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and, therefore, not accessible to Defendants. Defendants further object to the extent that this interrogatory implicates the privacy interests and personal safety interests of non-parties and can be construed to seek information which may be protected from disclosure by the attorney-client, attorney-work product and/or deliberative process privilege insofar as this interrogatory is not limited, in any way, to matters that have been finalized. Defendants further object to the extent

9

that some of this information may already be in Plaintiffs' possession, custody and/or control. No further response will be interposed.

**INTERROGATORY NO. 8:**

Identify each and every Officer associated with or otherwise involved in the factual circumstances giving rise to any and all Complaints by persons identified in response to **Interrogatory No. 7** above.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that the phrase "each and every Officer" is overly broad, the phrase "associated with or otherwise involved in the factual circumstances giving rise to any and all Complaints" is overly broad, vague and ambiguous, and unintelligible, the phrase "at or near" is vague and ambiguous, and the phrase "any and all Complaints by persons identified in response to Interrogatory No. 7" is vague and ambiguous and unintelligible as the only people who brought the Complaint in this action are the named Plaintiffs whom Defendants have not named in response to Interrogatory No. 7. Defendants further object to this interrogatory on the grounds that the reference to complaints by persons identified in response to Interrogatory No. 7, which refers to individuals' "interaction with or observation of NYPD personnel at or near the Protest Locations" is overly broad and not limited in scope even to NYPD personnel involved in protest-related activities. Defendants further object on the grounds that this interrogatory is vastly overbroad and not limited to a time period pertinent to this litigation as, though unintelligible, it appears to seek information about complaints about NYPD personnel "at or near" over one hundred (100) protests over a period of more than twenty (20) years, including information about members of service who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, and regardless of whether those complaints pertained to false arrest, or force, or any

10

allegations related to those made in Plaintiffs' Complaint. Defendants further object to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs, and to the extent that it seeks information that is not within Defendants' possession, custody, or control. Defendants further object to the extent that this interrogatory implicates the privacy interests and personal safety interests of non-parties. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to any complaints made against the individually named defendants arising from conduct at the April 30, 2024 protest outside City College of New York at issue in this litigation, Defendants state that they are not aware that any such complaints were made.

**INTERROGATORY NO. 9:**

Identify each and every Officer who was disciplined, or recommended to receive such discipline, for conduct occurring at or relating to any of the Protests occurring at or near the Protest Locations listed on the attached Schedule A.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 on the grounds that the phrase "recommended to receive . . . discipline" is vague and ambiguous as it does not specify in whose opinion discipline was recommended, and the phrase "at or near" is vague and ambiguous. Defendants further object on the grounds that this interrogatory is vastly overbroad and not limited to a time period pertinent to this litigation as it seeks information about disciplinary decisions and recommendations, regardless of whether those activities were related in any way to First Amendment activities, pertaining to over one hundred (100) protests over a period of more

11

than twenty (20) years, including information about members of service who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation, regardless of whether the underlying allegations pertained to false arrest, or force, or any allegations related to those made in Plaintiffs' Complaint. Defendants further object to this interrogatory on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs, and to the extent that it seeks information about recommendations made to non-City agencies that is not within Defendants' possession, custody, or control. Defendants further object to the extent that this request implicates the privacy interests and personal safety interests of non-parties. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to discipline imposed by NYPD on the individually named defendants arising from conduct from the April 30, 2024 protest outside City College of New York at issue in this litigation, Defendants state that no individually named defendant was so disciplined.

**INTERROGATORY NO. 10:**

Identify each and every individual employed by the City or any of its agencies, including the Office of the Mayor, who communicated with NYPD personnel regarding the NYPD's response to the Protests occurring at or near the Protest Locations listed on the attached Schedule A.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 10 on the grounds that it is vastly overbroad in that it is not limited to a time period or scope pertinent to this litigation as it seeks

12

information about people who communicated, directly or indirectly, with any NYPD personnel about over one hundred (100) protests over a period of more than twenty (20) years, including those who communicated with NYPD personnel who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation. Defendants further object to this interrogatory on the grounds that it is overly broad as it seeks information about individuals employed by the City who had any communication with NYPD personnel about these over one hundred (100) protests regardless of whether that communication was made in the employee's personal rather than professional capacity and regardless of whether the NYPD personnel to whom the communication was made was aware that the individual was a City employee, and on the grounds that it is unduly burdensome as it would require Defendants to interrogate every employee from every one of the countless municipal agencies to see who may have spoken to members of the NYPD about any one of these protests over decades. Defendants further object to this interrogatory on the grounds that the phrases "NYPD's response to the Protests" and "the Protests occurring at or near the Protest Locations" are vague and ambiguous. Defendants further object to this interrogatory to the extent that it is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the identities of employees of the Office of the Mayor, who communicated in the course of their employment with NYPD supervisory personnel specifically concerning the NYPD's policing of the April 30, 2024 protest outside City College of New York at issue in the

13

Complaint, Defendants state that they will continue to search for information responsive to this interrogatory and will supplement this response within 45 days, if appropriate.

**INTERROGATORY NO. 11:**

Identify any and all personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice present at any of the Protests listed on the attached Schedule A.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vastly overbroad and not limited to a time period or scope pertinent to this litigation as it seeks information about employees of the Office of the Mayor or the Mayor's Office of Criminal Justice who were present at any of over one hundred (100) protests over a period of more than twenty (20) years, including information about employees who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by the Office of the Mayor or the Mayor's Office of Criminal Justice at that time, let alone had any interaction with the named Plaintiffs in this litigation. Defendants further object to this interrogatory to the extent that it impermissibly seeks the identity of governmental employees who attended protected First Amendment activities in their personal capacities, and thus is information which is not in Defendants' possession, custody or control. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the identity of personnel of the Office of the Mayor or the Mayor's Office of Criminal Justice on scene, in the course of their employment, at the April 30, 2024 protest outside City College of New York at

14

issue in this litigation, Defendants state that they will continue to search for information responsive to this interrogatory and will supplement this response within 45 days, if appropriate.

**INTERROGATORY NO. 12:**

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who directly observed that person or their conduct.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 on the grounds that the phrases "each . . . person identified in the Complaints" and "their conduct" are vague and ambiguous. Defendants further object to this interrogatory on the grounds that it is vastly overbroad and not limited to a time period or scope pertinent to this litigation as it seeks information about every officer who saw any person mentioned or referred to in the Complaint in this action, or whom NYPD personnel "stopped, detained, questioned, or arrested" at any of over one hundred (100) protests over a period of more than twenty (20) years, including information about officers who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation, regardless of whether the officer has any current recollection of seeing such a person or had any interaction with such a person. Defendants further object to this request on the grounds that it is unduly burdensome and seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing this information, which would entail interviewing all members of service present at any one of those over one hundred (100) protests over more than twenty (20) years to determine whether or not they saw someone being "stopped, detained, questioned, or arrested," outweighs

15

any likely benefit to Plaintiffs.  Defendants further object to this interrogatory to the extent that it impermissibly seeks discovery of absent putative class members and seeks information that is sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and, therefore, not accessible to Defendants.  No further response will be interposed.

## INTERROGATORY NO. 13:

For each plaintiff or person identified in the Complaints, and for each other person identified in response to **Interrogatory No. 6** above, identify each and every Officer who determined there was probable cause to Arrest that person, prior to their Arrest.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:

Defendants object to Interrogatory No. 13 on the grounds that the phrase "each . . . person identified in the Complaints" is vague and ambiguous.  Defendants further object to this interrogatory on the grounds that it is vastly overbroad and not limited to a time period or scope pertinent to this litigation as it seeks information about every officer who made a determination, whether privately or communicated to another member of service, that there was probable cause to arrest any individual who was mentioned or referred to in the Complaint in this action, or whom NYPD personnel "stopped, detained, questioned, or arrested" at any of over one hundred (100) protests over a period of more than twenty (20) years, including information about officers who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time, let alone had any interaction with the named Plaintiffs in this litigation, regardless of whether the officer has any current recollection of seeing such a person or had any interaction with such a person.  Defendants further object to this request on the grounds that it is unduly burdensome and seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, and insofar as the burden

16

and/or expense of producing this information, which would entail interviewing all members of service present at any one of those over one hundred (100) protests over more than twenty (20) years to determine whether or not they had any opinion about the probable cause analysis for anyone being "stopped, detained, questioned, or arrested," outweighs any likely benefit to Plaintiffs. Defendants further object to this interrogatory to the extent that it impermissibly seeks discovery of absent putative class members and seeks information that is sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and, therefore, not accessible to Defendants. No further response will be interposed.

**INTERROGATORY NO. 14:**

Identify each event since 2000 in connection with which the NYPD opened up or utilized a Mass Arrest Processing Center, including in compliance with the NYPD Patrol Guide provisions and other policies related to making and processing mass and/or large-scale arrests.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is overly broad, unduly burdensome, and not limited to a time period pertinent to this litigation. Defendants further object to this interrogatory on the grounds that it seeks information that is not related to any claim or defense in this matter and which has no bearing on Plaintiffs' arrest and/or prosecution in this matter and to the extent that this information has previously been produced to or by Plaintiffs' counsel in connection with prior litigation or Plaintiffs' counsel's role in the implementation of prior settlement agreements and thus is equally available to Plaintiffs as to Defendants. Defendants further object to this interrogatory on the grounds that it is not limited in scope in that it is not limited to occasions where NYPD opened or used a Mass Arrest Processing Center ("MAPC") in connection with protests or demonstrations in support of Gaza or Palestine. Notwithstanding and without waiving or limiting these specific objections, and

17

limiting this response to occasions where NYPD used MAPC in connection with protests or demonstrations in support of Gaza or Palestine, from 2022 to the present, Defendants state that the two named Plaintiffs were processed at MAPC on or around April 30, 2024, and Defendants further state that they are continuing to look for information responsive to this interrogatory and will supplement this response within 45 days, if appropriate.

**INTERROGATORY NO. 15:**

Identify the name and contact information of each Doe Defendant described in the Complaint.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that the phrase "each Doe Defendant described in the Complaint" is vague and ambiguous, and assumes facts not established, i.e., that officers exist who performed actions as alleged in the Complaint, attributed to John or Jane Does. Notwithstanding and without waiving or limiting these specific objections,, Defendants respond that they produced the names, tax numbers, and commands of other individuals involved in the arrest of the two named Plaintiffs on March 20, 2026.

Dated:     New York, New York
           April ___13th___, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2413

By: _____
    Joanne M. McLaren
    *Senior Counsel*

18

VIA ELECTRONIC MAIL


TO:    Elena L. Cohen
       J. Remy Green
       Regina J. Yu
       Leena M. Widdi
       Nayantara Bhushan
       **COHEN & GREEN PLLC**
       1639 Centre Street, Suite 216
       Ridgewood (Queens), New York
       11385
       (929) 888-9480
       elena@femmelaw.com

TO:    Tahanie A. Aboushi, Esq.
       **THE ABOUSHI LAW FIRM
       PLLC**
       1441 Broadway, 5th Floor
       New York, New York 10018
       (212) 391-8500
       tahanie@aboushi.com

TO:    Gideon Orion Oliver
       **GIDEON LAW**
       277 Broadway, Suite 1501
       New York, New York 10007
       (718) 783-3682
       Gideon@GideonLaw.com

TO:    David B. Rankin
       Luna Droubi
       **BELDOCK LEVINE &
       HOFFMAN LLP**
       99 Park Avenue, PH/26th Floor
       New York, New York 10016
       (212) 277-5825
       drankin@blhny.com

TO:    Jessica Massimi
       **MASSIMI LAW PLLC**
       99 Wall Street, Suite 1264
       New York, New York 10005
       (646) 241-9800
       jessica.massimi@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

HILARY STEADMAN and KRISTIN HERBECK, on
behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

THE CITY OF NEW YORK; NYPD MEMBER JACOB
CRAIG; NYPD MEMBER CANDICE RICHARDS
(Shield No. 8120); NYPD MEMBERS JOHN AND
JANE DOES 1-20,

Defendants.

------------------------------------------------------------------- x

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS**

25-cv-4081 (RER)(MMH)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Detective Craig Jacob, and P.O. Candice Richards ("Defendants") respond and object to the First Set of Requests for Production of Documents propounded by Hilary Steadman and Kristen Herbeck ("Plaintiffs") as follows:

## GENERAL STATEMENT

1. By responding to any request, Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect

to that document or any other document, or its subject matter, or the information contained therein, or of Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3. With respect to the requests for the production of documents, Defendants will provide, under separate cover, a privilege index, if appropriate.

**REQUESTS FOR DOCUMENTS**

**DOCUMENT REQUEST NO. 1:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD relating to Officers' treatment of and response to demonstrations and protests (including mass protests), crowd control, crowd management, and/or "disorder control" that were created and/or in force prior to October 7, 2023, including, but not limited to, policies concerning:

a)   Officers' use of tactics or objects to control crowds during a demonstration or protest;

b)   Use of VTL § 1156(a) to make arrests or file charges during a demonstration or protest;

c)   Officers' use of force during a demonstration or protest;

d)   Use of force reporting and investigations related to uses of force during a demonstration or protest;

e)   Officers' use of batons or other instruments during a demonstration or protest;

f)   Officers' tactical use of other objects, such as shields and bicycles, during a demonstration or protest;

g)   Officers' use of Oleoresin Capsicum (also known as "OC" or "pepper spray")

during a demonstration or protest;

h)    Technical Assistance Response Unit ("TARU") video and audio recording related to a demonstration or protest;

i)    Strategic Response and Strategic Response Group ("SRG") operations;

j)    Disorder Control Training;

k)    Officers' use of body worn cameras during a demonstration or protest;

l)    Officers' use of zip-ties or flex cuffs during a demonstration or protest;

m)    Officers' use of Kettling during a demonstration or protest;

n)    Officers' interaction with, and treatment of, Legal Observers during a demonstration or protest;

o)    Officers' interaction with, and treatment of, students, including but not limited to City College of New York ("CCNY") students or other people present at a protest or demonstration near or on a campus;

p)    Officers' coordination with CUNY administration, before, during, or after protests or demonstrations at which the NYPD is present;

q)    Officers' interaction with, and treatment of, students, faculty, journalists, reporters, photographers, and members of the press during a demonstration or protest;

r)    Officers' enforcement of any applicable curfews in place during a demonstration or protest;

s)    Incident command, chain of command, and command and control during a demonstration or protest;

t)    Facilitation, accommodation, and escort of demonstrations or protests;

3

u) First Amendment, Fourth Amendment, and Fourteenth Amendment principles applicable to policing demonstrations or protests, including the requirements that content-neutral restrictions on speech are narrowly tailored and provide ample alternatives for expression, as well as the need to provide fair warning before making certain Arrests or engaging in certain uses of force;

v) The need to give dispersal orders and a meaningful opportunity to comply with them before making certain Arrests at a demonstration or protest;

w) Policies, procedures, or protocols relating to racial profiling;

x) Officers' use of race in law enforcement decisions and/or implicit bias;

y) Officers' use of racial slurs or epithets;

z) Officers' affiliation with or participation in groups or website that promote racists [*sic*] views;

aa) Officers' Arrest of individuals during a demonstration or protest, including procedures for effecting and processing large-scale or mass arrests;

bb) Probable cause to Arrest for a Protest-Related Violation or Offense;

cc) Discretion to Arrest for a Protest-Related Violation or Offense;

dd) When to process an Arrest for a Protest-Related Violation or Offense for release with a summons or Desk Appearance Ticket, or for arraignment, including during a demonstration or a protest;

ee) Officers' transportation of people Arrested during or after a demonstration or protest;

ff) Officers' use of mass or large-scale arrest processing (including the use of a Mass Arrest Processing Center), including related to a demonstration or a

4

protest;

gg) Officers' provision of medical aid to civilians injured during a demonstration or protest;

hh) Officers' wearing of face coverings when interacting with the public during or after a demonstration or protest, including during arrest processing;

ii) Officers' identification of pro-Palestine support, speech, demonstrations, and protests;

jj) Officers' identification of antisemitic support, speech, demonstrations, and protests;

kk) Officers' identification of anti-muslim support, speech, demonstrations, and protests;

ll) Officers' identification of anti-Israel support, speech, demonstrations, and protests;

mm) Officers' identification of pro-Israel support, speech, demonstrations, and protests; and

nn) Any other policies, procedures, directives or training associated with policing large-scale events, including protests, demonstrations, and events involving civil disobedience.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that the phrase "all Documents" is overly broad, that the request is compound, that the request for policies, procedures, directives and training materials relating to forty (40) separate categories is overly broad and unduly burdensome, and that the phrase "Officers' identification of [pro-Palestine/antisemitic/anti-muslim/anti-Israel/pro-Israel/anti-Israel] support, speech,

5

demonstrations, and protests" is vague and ambiguous, and that the request is not reasonably limited to a time period pertinent to this litigation. Defendants further object to this request to the extent that it seeks documents that are not related to any claim or defense in this matter and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to the extent that this request implicates the attorney-client, attorney work-product, law enforcement, official information, and/or deliberative/pre-decisional privileges, and to the extent that these documents have previously been produced to or by Plaintiffs' counsel in connection with prior litigation or Plaintiffs' counsel's role in the implementation of prior settlement agreements and thus are equally available to Plaintiffs as to Defendants. Subject to, and without waiving or in any way limiting these objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page. Defendants further respond that they are continuing to search for any additional non-privileged policies and training materials directly pertaining to the policing of First Amendment activities, promulgated after those produced to Plaintiff's counsel in connection with *In re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY), and will produce such non-privileged documents identified by that search on a rolling basis, if appropriate.

**DOCUMENT REQUEST NO. 2:**

Provide all Documents concerning policies, procedures, directives, and training materials promulgated by NYPD during or after the Protests and relating to any and all subjects described in **Request No. 1**, including but not limited to training provided during or after October 2023, including recordings of such training, and any critique, evaluation, or review of the effectiveness of such training.

6

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that the phrase "all Documents" is overly broad, that the request is compound, that the request for policies, procedures, directives and training materials relating to forty (40) separate categories is overly broad and unduly burdensome, that the phrase "critique, evaluation, or review" is vague and ambiguous and overly broad as it does not specify whose critique, evaluation, or review is sought, and that "Officers' identification of [pro-Palestine/antisemitic/anti-muslim/anti-Israel/pro-Israel/anti-Israel] support, speech, demonstrations, and protests" is vague and ambiguous. Defendants further object to this request on the grounds that it seeks documents that are not related to any claim or defense in this matter and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to the extent that this request implicates the attorney-client, attorney work-product, law enforcement, official information, and/or deliberative/pre-decisional privileges, and to the extent that these documents have previously been produced to or by Plaintiffs' counsel in connection with prior litigation or Plaintiffs' counsel's role in the implementation of prior settlement agreements and thus are equally available to Plaintiffs as to Defendants. Subject to, and without waiving or in any way limiting these objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page. Defendants further respond that they are continuing to search for training materials directly pertaining to the policing of First Amendment activities, promulgated during or after October 2023, and will produce such non-privileged documents identified by that search on a rolling basis, if appropriate.

7

**DOCUMENT REQUEST NO. 3:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following any protest events in the past 10 years concerning the deaths of persons in police custody or whose deaths were otherwise caused by an Officer, including, but not limited to, Ramarley Graham, Akai Gurley, Eric Garner, Delrawn Small, and Sean Bell.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that the phrase "all Documents" is overly broad, that the request is compound, that the request for policies, procedures, directives and training materials relating to forty (40) categories is overly broad and unduly burdensome, and that the request is overly broad and unduly burdensome as it relates to policies, procedures, directives, and training, some of which may no longer be in effect, over the last ten years, and thus is not limited to a time period pertinent to this litigation. Defendants further object on the grounds that this request is unintelligible as it is impossible to tell whether "concerning deaths of persons in police custody or whose deaths were otherwise caused by an officer" modifies "protest events" or "policies, procedures, directives, and training materials" and, regardless, it seeks documents that are not related to any claim or defense in this matter, as this case does not allege deaths in police custody or caused by an officer, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to this request on the grounds that the request, though unintelligible, purports to seek information about policies and procedures and protests over ten years, completely unrelated to the singular protest outside City College of New York on April 30, 2024 that is at issue in this litigation, such that the request is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or

8

expense of producing these documents outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 4:**

Provide all Documents concerning policies, procedures, directives, and training materials relating to any and all subjects described in **Request No. 1** promulgated during or following protests regarding the 2004 Republican National Convention or any of the lawsuits related to the policing of those protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 to the extent that "all Documents" is overly broad, that the request is compound, that the request for policies, procedures, directives and training materials relating to forty (40) categories is overly broad and unduly burdensome, and that it is overly broad and unduly burdensome as it seeks documents about policies and practices over a period of more than twenty (20) years and which may not have been in effect at the time of the April 30, 2024 protest at issue in this litigation and thus this request is not reasonably limited to a time period pertinent to this litigation. Defendants further object to this request on the grounds that it is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. Subject to, and without waiving or in any way limiting these objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page. No further response will be interposed.

9

**DOCUMENT REQUEST NO. 5:**

For any and all training materials, presentations, or other similar materials responsive to **Request Nos. 1-4** above, Documents sufficient to identify the dates trainings were held, all persons who attended, any statistical reports of the ranks of members of the service that attended, and any certifications issued to such attendees.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that this request is compound, that it is overly broad in that it requests information about "any and all" training materials, presentations, or other similar materials, and that the request for information about participants in training relating to forty (40) categories over a period of more than twenty (20) years and which may not have been in effect at the time of the April 30, 2024 protest at issue in this litigation is overly broad and unduly burdensome and is not reasonably limited to a time period pertinent to this litigation. Defendants further object on the grounds that "similar materials" is vague and ambiguous. Defendants further object to this request on the grounds that it is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 6:**

For each Officer identified in response to **Interrogatory No. 1 in Plaintiffs' First Set of Interrogatories to All Defendants**, provide Documents sufficient to show whether and, if so, the date(s) that the Officer received training related to the subjects described in **Request No. 1.**

10

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:

Defendants object to Document Request No. 6, incorporating Interrogatory No. 1, on the grounds that it seeks information about "each and every Officer present, deployed, or otherwise involved in performing official duties at or near" more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation, and thus the request is vastly overbroad, and not limited to a time or scope pertinent to this litigation. Defendants further object on the grounds that the request for information about officers "near" certain protests is vague and ambiguous. Defendants further object on the grounds that the request is compound, and that the request for information about training relating to forty (40) categories, which may not have been in effect at the time of the April 30, 2024 protest at issue in this litigation, is overly broad and unduly burdensome and not reasonably limited to a time period pertinent to this litigation. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs, in that it seeks information about training unrelated to effecting arrests or policing protests and seeks information about the training histories of members of service not involved in the arrest of Plaintiffs or even present at the protest at issue in this litigation. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the training histories of the named defendants in this case, Defendants state that they are continuing to search for documents responsive to this request and will produce such non-privileged documents identified by that search on a rolling basis, if appropriate.

11

**DOCUMENT REQUEST NO. 7:**

For each Protest Location listed in the attached Schedule A, Documents sufficient to identify the intended roles or functions, deployments, commands, and instructions provided to each and every Officer who was assigned to, or who responded to, the Protest Location, including but not limited to documents identifying:

a)  The commanding Officer for each location;

b)  The full name, shield number, tax identification number, assigned command, and rank of each Officer deployed;

c)  Each Officer's assignment post, including the assignment address and borough;

d)  Any and all Officers assigned to supervise or oversee such deployment;

e)  Any attorneys from either the NYPD or the NYC Law Department at each location;

f)  All Threat Response Inquiry ("TRI"), Officer Injury Reports, Complaints, or other written documentation of any kind related to such deployment;

g)  All Unusual Incident or Occurrence Reports (PD370-152; UF-49);

h)  All instructions or directives regardless of form regarding police equipment and uniforms (including disorder control gear, face coverings, and so-called "mourning bands") to be worn or possessed by Officers during the assignment;

i)  Any communications relating to the decision to deploy Officers from the SRG and any instructions or directives provided to the SRG or Officers assigned to such deployments.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is compound, overly broad, and not limited to a time period pertinent to this litigation as it seeks

12

information about "roles or functions, deployments, commands, and instructions" provided to certain officers, unrestricted by time. Defendants further object to this request on the grounds that the phrases "other written documentation of any kind" and "[a]ll instructions or directives regardless of form" and "police equipment and uniforms . . . to be worn or possessed" are vague and ambiguous and overly broad. Defendants further object to this request on the grounds that it is overly broad as it seeks documents pertaining to over one hundred (100) protests over a period of more than twenty (20) years, including information about members of service who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs, and to the extent that it seeks information about attorneys present at any of these over one hundred (100) protests in their personal capacities that is not within Defendants' possession, custody, or control. Defendants further object to the extent that this request implicates the privacy interests and personal safety interests of non-parties and seeks documents that are sealed pursuant to New York Criminal Procedure Law ("N.Y. C.P.L.") §§ 160.50 and/or 160.55, and on the grounds that this request seeks information more appropriately sought by other means, such as by deposition. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to documents sufficient to show the Commanding Officer at the April 30, 2024 protest at which Plaintiffs were arrested, any TRI or Unusual Incident or Occurrence Reports from the April 30, 2024 protest which names the individually named Plaintiffs, and any instructions regarding police uniforms and

13

equipment given to the named defendants in this case, Defendants respond that they are continuing to search for documents responsive to this request and will produce such non-privileged documents identified by that search on a rolling basis, if appropriate.

**DOCUMENT REQUEST NO. 8:**

For each Protest listed on the attached Schedule A, provide the following Documents:

a) Any and all intelligence reports, threat assessments, and information compiled and/or reviewed in advance of and during the Protests, including all Documents reflecting Officers' planning for policing the Protests, and any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest;

b) Any and all communications, tactical decisions, intelligence alerts, policies or other directives issued by any Officer as a result of such intelligence reports, assessments, or other information pertaining to the Protests;

c) News clips, social media postings, and internet links gathered by the NYPD, including but not limited to such information and records gathered or created by the Office of the Deputy Commissioner for Public Information ("DCPI"), the Intelligence Division, or otherwise, related to any Protest;

d) Requests for detail, Operations Unit (including Detail Section) records, "204s", "Who's Who," "Force Figures," "Detail Overview," roll calls, tactical plans, detail rosters, assignment sheets, internal communications, and other documents) concerning NYPD's deployment or assignment of Officers and resources relating to the Protests;

e) The deployment text message thread for the specific Protest;

14

f) Any text messages or other messages sent by any member of the NYPD concerning the specific Protest;

g) Any documents related to any press efforts by NYPD concerning the specific Protest;

h) Command Log(s) and other records created as a result of or related to the operation any Incident Command Post utilized in connection with policing a Protest;

i) Records reflecting whether and, if so, by whom, when, and to what extent, dispersal orders or other warnings and opportunities to disperse or comply were given before enforcement action was taken at each Protest where force was used or detentions or Arrests were made;

j) All To/From Memoranda, Unusual Occurrence Reports, U.F. 49s, Mass Arrest Reports and/or any other Documents consisting of summaries, reviews, recaps, evaluations, critiques, after-action reports, or other reports following any Protest, including but not limited to Joint Operations Center reports;

k) All videos, including TARU videos, bodyworn camera videos, and Aviation Unit videos;

l) All audio recordings, including audio recordings of NYPD Citywide and other radio communications;

m) SPRINT reports related to recorded communications (and documents sufficient to decipher such SPRINT reports);

n) Internal NYPD communications, including, but not limited to, e-mails, text messages, records regarding telephone calls made or received;

15

o) Any and all TRI Reports, and any and all Incident Worksheets (PD370-154), and any and all TRI Incident-Investigating Supervisor's Assessment Reports (PD370-154A), any and all TRI Interaction Reports, all Unusual Incident Reports, including any and all other Documents relating to such reports and worksheets;

p) Command Log(s) from each arrest processing location to which a person arrested in connection with a Protest was brought, including any Mass Arrest Processing Center ("MAPC");

q) MAPC intake and processing records;

r) Documents sufficient to identify all Arrests by Officers based on alleged conduct occurring at each Protest Location, including Documents sufficient to identify the number of such Arrests voided by the NYPD;

s) For any Officer who was injured during any Protest, any related Line of Duty injury paperwork, including but not limited to AIDED Report(s), witness statement(s), and medical records;

t) For any non-Officer injured related to a Protest, all records related to such injury, including any AIDED Report, Medical Treatment of Prisoner Form, Central Booking Medical Screening Form, Ambulance Call Report, Computer Aided Dispatch, FDNY Pre-Hospital Care Report, and other documents related to such injury;

u) Documents concerning press inquiries received by Defendants and/or press releases or statements to the press made by individual Defendants or their agents related to any Protest, including such statements made in electronic communications such as e-mail or text messages.

16

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:

Defendants object to Document Request No. 8, and its twenty-one (21) disparate subparts, on the grounds that it is compound, and vastly overbroad and unduly burdensome to the extent that it requests "all" documents, videos, and audio recordings pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that the requests for "any and all" reports, communications, tactical decisions, intelligence alerts, policies, or other directives etc. are overly broad, the phrase "deployment text message thread" is vague and ambiguous and assumes facts not established, i.e., that officers were deployed by text message, and the phrases "information . . . reviewed in advance of and during the Protests," "any spreadsheets or other lists of "scheduled" and "unscheduled" events during the time period surrounding each Protest," and "other documents[] concerning NYPD's deployment or assignment of Officers and resources" are vague and ambiguous and overly broad, and "any press efforts by NYPD concerning the specific Protest" and "the operation any Incident Command Post utilized" are vague and ambiguous. Defendants further object to this request to the extent that it explicitly seeks documents, including but not limited to intelligence reports and threat assessments, which are covered by law enforcement, official information, and/or deliberative/pre-decisional privileges. Defendants further object to this request to the extent that it seeks documents, including but not limited to news clips, social media postings, and internal communications, including e-mails, text messages and records of phone calls, regardless of whether those documents relate in any way to the April 30, 2024 protest at issue in this litigation, or indeed any protest activity, let alone pertain to the arrest or prosecution of Plaintiffs at issue in this case. Defendants further object to this request on the grounds that it seeks information unrelated to any party's claims or defenses and is not proportional to the needs of the case,

17

considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing all of the records outweighs any likely benefit to Plaintiffs.  Defendants further object to this request to the extent that it impermissibly seeks discovery of absent putative class members and seeks documents or records protected from disclosure by the doctor/patient privilege, and/or other applicable privileges and/or HIPAA, to the extent that portions of this request seek documents which are not in Defendants' possession, custody, or control, and to the extent that this request seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, and implicates the privacy interests and personal safety interests of non-parties.  Defendants further object to this request to the extent that it seeks publicly available press statements which are equally available to Plaintiffs as to Defendants. Notwithstanding and without waiving or limiting these specific objections, Defendants state that they will continue to search for the following documents responsive to this request and will produce such non-privileged documents identified by that search on a rolling basis, if appropriate:  open-source data compiled in advance of and during the April 30, 2024 protest at issue in this litigation, concerning the April 30, 2024 protest; non-privileged communications made in anticipation of the April 30, 2024 protest, about the policing of the April 30, 2024, protest, from custodians to be agreed upon by the parties; roll calls and command logs from the named defendants' commands from the time of the April 30, 2024 protest; body-worn camera footage of the arrest of Plaintiffs; arrest/summons paperwork, including TRI Reports, pertaining to the named Plaintiffs; and TARU footage documenting the arrests of the named Plaintiffs.

**DOCUMENT REQUEST NO. 9:**

For each person identified in response to **Interrogatory No. 6 in Plaintiffs' First Consolidated Set of Interrogatories to All Defendants**, provide the following Documents:

18

a) Any and all records created by Officers related to each person Arrested, including all arrest processing paperwork;

b) Online Booking System ("OLBS") Report (including handwritten/scratch version);

c) Online Booking System Arrest Worksheet (PD244-159) (including handwritten/scratch version);

d) Arrest Report – Supplement (PD244-157);

e) Prisoner Pedigree Card (PD244-092);

f) Arrest processing photographs, including digital movement slips and photographs taken as part of NYPD large-scale or mass arrest processing;

g) Mass Arrest Pedigree Label (244-093);

h) Complaint Report (313-152) (including handwritten/scratch version);

i) Complaint Report Worksheet (313-152A) and Omniform Complaint Revision (including handwritten/scratch versions);

j) Online Prisoner Arraignment ("OLPA") Report;

k) Property Clerk Invoice (521-141);

l) Records reflecting the disposition of property recorded in each such Property Clerk Invoice;

m) Medical Treatment of Prisoner (244-150);

n) Activity Logs (112-145) and other similar logs for the tour during which the incident occurred for any and all Officers involved;

o) Scratch and/or memo book or activity log entries for any and all officers involved;

p) C-Summons;

19

q) Desk Appearance Ticket (PD 260-121);

r) Desk Appearance Ticket Investigation Sheets (360-091);

s) Records provided to any local prosecutor;

t) DA Datasheets;

u) Decline to Prosecute Forms;

v) Criminal Court Complaint; and

w) Body worn camera footage associated with their Arrest, including associated audit trails and activity logs.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9, incorporating by reference Interrogatory No. 6, on the grounds that it is compound, and vastly overbroad and unduly burdensome to the extent that it requests "any and all records" including records completely unrelated to the instant case or indeed any protest, regarding each and every person whom NYPD "stopped, detained, questioned or arrested" "at or near" more than one hundred (100) separate protests other than the discrete protest on April 30, 2024 at issue in this litigation. Defendants further object to Document Request No. 9, incorporating by reference Interrogatory No. 6, on the grounds that the phrase "stopped, detained, questioned or arrested" is vague and ambiguous. Defendants further object to this request on the grounds that it seeks information unrelated to any party's claims or defenses and is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing all of the records outweighs any likely benefit to Plaintiffs. Defendants further object to this request to the extent that it impermissibly seeks discovery of absent putative class members and seeks documents or records protected from disclosure by the doctor/patient privilege, and/or other applicable privileges and/or HIPAA, and to the extent that

20

this request seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and therefore, not accessible to Defendants. Defendants further object to the extent that this request implicates the privacy interests and personal safety interests of non-parties. No further response will be interposed.

**DOCUMENT REQUEST NO. 10:**

For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify all persons stopped by Officers during the Protests, including:

a) the date, time, and location of the encounter;

b) the name, rank, shield number, and command of any and all Officers involved;

c) the supervising Officer that made the decision and/or gave the order to stop the person;

d) the identity of the person stopped; and

e) the total number of stops disaggregated by race, date the stops occurred, and the precinct of the Officers involved.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is vastly overbroad and unduly burdensome as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that the phrases "persons stopped" and "any and all officers involved" are vague and ambiguous and overly broad, and to the extent that this request assumes facts not established, i.e. that a supervising officer made a decision or gave an order pertaining to each particular protester. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering

21

the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request seeks impermissible discovery of absent putative class members, seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and therefore not in Defendants' possession, custody or control, and implicates the privacy interests and personal safety interests of non-parties. Subject to, and without waiving or in any way limiting these specific objections, and limiting this response to the protest of April 30, 2024, at which Plaintiffs were arrested, Defendants respond as follows: See Mass Arrest Report pertaining to the April 30, 2024 City College of New York Protest, produced herewith.

**DOCUMENT REQUEST NO. 11:**

For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify all Arrests by Officers at such Protest Location, including but not limited to:

a) the total number of Arrests;

b) the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

c) the total number of DATs issued elated [*sic*] to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

d) the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

e) the summons number, DAT number, and/or arrest number associated with each Arrest;

f) the full name, shield number, and tax identification number of the issuing or arresting Officer;

g) the identity of the person Arrested;

22

h) location where the Arrest occurred (*i.e.*, borough and address);

i) length of time of custodial detention, including date and time of stop and date and time of release;

j) criminal charge(s); and

k) disposition of any such charge(s).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is vastly overbroad and unduly burdensome as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that the phrases "number of summonses related to those Arrests issued" and "number of arrests processed on-line related to those Arrests" are vague and ambiguous. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request seeks impermissible discovery of absent putative class members, seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, seeks documents that are not in Defendants' possession, custody, or control, and implicates the privacy interests and personal safety interests of non-parties. Notwithstanding and without waiving or limiting these specific objections, and limiting this request to the arrest of the named Plaintiffs at the protest outside City College of New York on April 30, 2024, and the total number of arrests made and summonses issued at that protest, Defendants respond as follows: See Mass Arrest Report pertaining to the April 30, 2024 City College of New York Protest, produced herewith.

**DOCUMENT REQUEST NO. 12:**

Provide all Documents relating to policies, procedures, directives, and training materials regarding use of force reporting and investigation, including the completion of the TRI Incident Worksheets (370-154) and the TRI Incident-Investigating Supervisor's Assessment Reports (370-154A), including but not limited to the Data Entry Guide for Threat, Resistance or Injury (TRI) Incident Worksheet (SP542).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 to the extent that "all Documents" is overly broad and on the grounds that this request is not reasonably limited to a time period pertinent to this litigation and is overly broad and unduly burdensome as it seeks documents about policies, procedures, directives, and training materials which may not have been in effect at the time of the protest at issue in this litigation. Notwithstanding and without waiving or limiting these specific objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.

**DOCUMENT REQUEST NO. 13:**

For each Protest Location listed in the attached Schedule A, provide Documents sufficient to identify each and every use of force by an Officer, including but not limited to information sufficient to show:

a) the type of force used;

b) date/time when used;

c) the full name, shield number, and tax identification number of the Officer using force;

d) the assigned command of the Officer using force;

24

e) supervising Officer(s);

f) whether the Officer was on-duty or off-duty;

g) the location where the incident occurred (including borough);

h) the race and gender of individual against whom force was used; and

i) the factual circumstances surrounding the force used.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that the phrase "each and every use of force" is overly broad and vague and ambiguous and assumes facts not established (i.e., that force was used) and further object on the grounds that the phrase "race and gender" is vague and ambiguous. Defendants further object to Document Request No. 13 on the grounds that it is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that this document request seeks information, including about race and gender, that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object on the grounds that this request impermissibly seeks discovery of absent putative class members and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and therefore not in Defendants' possession, custody or control. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to handcuffing or any force required to arrest the individually named Plaintiffs, Defendants will produce body-worn camera footage of the Plaintiffs' arrests on April 30, 2024, and any TRI incident worksheets prepared for those arrests, on a rolling basis.

25

## DOCUMENT REQUEST NO. 14:

For each Protest Location listed in the attached Schedule A, provide all Documents concerning any incidents currently or formerly under investigation or referred for internal investigation by the NYPD (including but not limited to the Internal Affairs Bureau ("IAB"), the Chief of Department ("COD"), Department Advocates Office, Office of the Chief of the Department, Risk Management Bureau, and/or Patrol Bureau Investigations) including all related complaints, log entries, record reviews, video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service as well as members of services, body-worn camera footage and associated audit trails and activity logs, and radio transmissions, TARU recordings and any other recordings (such as Argus videos) and/or [*sic*], and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, settlement offers, case analysis, or other outcome recommendations made by any person within the NYPD with respect to any occurrence that happened at such Protest Location.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:

Defendants object to Document Request No. 14 on the grounds that the phrases "all Documents," "any incidents," "related complaints," "log entries," "record reviews," "other documents collected, considered or reviewed" and "any occurrence that happened" are vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' detention, arrest and/or prosecution in this matter, and to the extent that this request seeks documents not in Defendants' possession, custody, or control and impermissibly seeks discovery of absent putative class members. Defendants further object to Document Request No. 14 on the grounds that it is vastly overbroad and unduly burdensome as it seeks documents pertaining to more than one hundred

26

(100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation, and on the grounds that it is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, implicates the privacy interests and personal safety interests of non-parties to this litigation, and implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges. No further response will be interposed.

## DOCUMENT REQUEST NO. 15:

For each Protest Location listed in the attached Schedule A, provide all Documents concerning any incidents currently or formerly under investigation or referred for investigation by the Civilian Complaint Review Board ("CCRB") including all related complaints, video (including Argus video) and audio recordings, body-worn camera footage and radio transmissions, investigator notes and reports, and any other Documents collected, considered, or reviewed, and any determinations, disciplinary recommendations, or other outcome recommendations made by the NYPD or CCRB with respect to any occurrence that happened at such Protest Location.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:

Defendants object to Document Request No. 15 on the grounds that the phrases "all Documents," "any incidents," "related complaints," "other Documents collected, considered, or reviewed" and "any occurrence that happened" are vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' detention, arrest and/or prosecution in this matter, and to the extent that

27

this request seeks documents not in Defendants' possession, custody, or control and impermissibly seeks discovery of absent putative class members. Defendants further object to Document Request No. 15 on the grounds that it is vastly overbroad and unduly burdensome as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation, and on the grounds that it is not proportional to the needs of the case, considering the amount in controversy and the importance of the discovery in resolving the issues, insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, implicates the privacy interests and personal safety interests of non-parties to this litigation, and implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges. No further response will be interposed.

**DOCUMENT REQUEST NO. 16:**

For each Officer identified in response to **Interrogatory Nos. 8 and/or 9 in Plaintiffs' First Set of Interrogatories to All Defendants**, all personnel-related records in the possession of the NYPD or the City of New York, including but not limited to:

a) Records reflecting the Officer's histories as to CCRB and IAB investigations, as well as underlying records;

b) The Academy Transcript and all training logs and other records reflecting the NYPD training each Officer received at the NYPD Academy and after graduating the NYPD Academy;

c) Central Personnel Index ("CPI") file records or similarly defined records;

28

d) Any and all records concerning internal NYPD disciplinary action, letters in the personnel file, command discipline, chares [*sic*] and specifications, transfers, and/or warnings and admonishments;

e) Performance profiles, or similarly defined records;

f) Psychological Services Unit ("PSU") records or similarly defined records;

g) Risk Assessment Information Liability System ("RAILS") records;

h) Early warning or intervention records or similarly defined records;

i) Supervisor complaint reports or command discipline election reports;

j) Any and all letters requesting sealing of disciplinary records or charges;

k) Any and all documents related to performance monitoring;

l) *Giglio* profiles and/or similar resume providing information regarding all internal NYPD and CCRB complaints, investigations, and dispositions, including the Police Commissioner's case analysis;

m) Records from the Internal Affairs Bureau, Inspectional Services Division, Office of the Chief of the Department, or Department Advocates Office;

n) The caption, complaint, and records reflecting the disposition of any and all lawsuits against each such Officer;

o) To the extent not covered in the preceding sub-paragraphs, all Documents relating to any civilian or departmental-generated complaints of police misconduct, dereliction of duty or violation of the New York State penal laws or regulations of the NYPD, including but not limited, physical brutality, verbal abuse, and violence or abuse.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:

Defendants object to Document Request No. 16 on the grounds that it is compound, and overbroad and unduly burdensome to the extent that it requests "all personnel-related records" including records completely unrelated to the instant case, regarding officers "at or near" more than one hundred (100) separate protests other than the discrete protest on April 30, 2024 at issue in this litigation, as well as the complete personnel records of officers "associated with or otherwise involved in the factual circumstances" giving rise to complaints against officers "at or near" those over one hundred (100) separate protests. Defendants further object on the grounds that this request is not properly limited in time or scope and is overly broad as it seeks disciplinary records not limited to the ten years before the incident giving rise to the instant lawsuit, it seeks post-incident disciplinary histories, and it seeks information about allegations not similar to Plaintiffs' claims or any individual defendant's character for truthfulness. Defendants further object to this request on the grounds that "similarly defined records" is vague and ambiguous. Defendants further object to this request on the grounds that it seeks information unrelated to any party's claims or defenses as it seeks information about members of service who were not present at the arrests at issue in this litigation, who had no interaction with the named Plaintiffs on the date of the incident at issue in this litigation and who were not even employed by NYPD at the time of the arrests at issue in this litigation. Defendants further object because this request is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing all of the records outweighs any likely benefit to Plaintiffs. Defendants further object on the grounds that some of the documents sought may be protected by law enforcement privilege and official information privilege, and, to the extent that this request seeks documents or records from psychological services, on the

30

grounds that it seeks documents which are protected from disclosure by the doctor/patient privilege, and/or other applicable privileges, and/or HIPAA, and on the grounds that this request seeks documents that are private and/or sensitive in nature and that this request is an unwarranted invasion of the privacy of defendant officers and/or officers unrelated to this litigation. Defendants further object to this request to the extent that it seeks information about lawsuits which is public, and equally available to Plaintiffs as to Defendants, and to the extent that portions of this request seek documents which are not in Defendants' possession, custody, or control. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to allegations of a similar nature to those in the complaint (i.e., false arrest and excessive force) or allegations about the defendant officers' character for truthfulness, for the 10 years prior to this incident, that are included in their CPIs, CCRB histories, and IAB resumes, Defendants state that they are continuing to search for the named defendants' IAB resumes, CPIs, and CCRB histories and will produce them, with the redactions set forth above, on a rolling basis, subject to the Protective Order entered into in this case.

**DOCUMENT REQUEST NO. 17:**

Provide all Documents concerning Officers receiving discipline for misconduct occurring during the Protests, or who have been recommended to receive discipline for such misconduct.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 on the grounds that "all Documents" is overly broad, and "recommended to receive discipline" is vague and ambiguous as it does not specify in whose opinion discipline was recommended. Defendants further object on the grounds that this request is vastly overbroad and not limited to a time period pertinent to this litigation as it seeks information about disciplinary decisions and recommendations

31

pertaining to over one hundred (100) protests over a period of more than twenty (20) years, including information about members of service who were not present at the protest of April 30, 2024 at issue in this litigation or even employed by NYPD at that time. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action and is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs, and to the extent that it seeks documents that are not within Defendants' possession, custody, or control. Defendants further object to the extent that this request implicates the privacy interests and personal safety interests of non-parties and seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55. Defendants further object insofar as the request for recommendations of discipline may be protected by the deliberative process privilege. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to discipline imposed by NYPD on the individually named defendants arising from conduct from the April 30, 2024 protest outside City College of New York at issue in this litigation, Defendants state that there are no documents responsive to this request.

**DOCUMENT REQUEST NO. 18:**

Provide all Documents concerning communications from October 7, 2023 to present between and among any and all NYPD personnel and personnel of the Office of the Mayor, including Adams or his designees, and the Mayor's Office of Criminal Justice, regarding NYPD's planning for and response to any protest anticipated to take place in New York City following October 7, 2023, including but not limited to the Protests.

32

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendants object to Document Request No. 18 on the grounds that the phrases "all Documents," and "between and among any and all NYPD personnel" are overly broad, and "all Documents concerning communications" is overly broad and vague and ambiguous, and on the grounds that this request is not limited to a time period pertinent to this litigation and is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation, and on the grounds that it is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to communications between NYPD personnel and the Office of the Mayor and the Mayor's Office of Criminal Justice, in anticipation of the April 30, 2024 protest at issue in this litigation, Defendants state that they will search for non-privileged communications from custodians to be agreed upon by the parties and will supplement on a rolling basis, if appropriate.

## DOCUMENT REQUEST NO. 19:

Provide all Documents concerning communications about any protest anticipated to take place in New York City following October 7, 2023, including but not limited to the Protests, from October 7, 2023 to present, by Defendants, Mayor Eric Adams, any NYPD Commissioners including but not limited to Caban and Tisch, any NYPD Chief including but not limited to Maddrey, all Borough Commanders, and any Deputy Commissioner of Intelligence including but not limited to Rebecca Weiner.

33

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:

Defendants object to Document Request No. 19 on the grounds that "all Documents," is overly broad, and "all Documents concerning communications" is overly broad and vague and ambiguous, and on the grounds that this request is not limited to a time period pertinent to this litigation and is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation, and on the grounds that it is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to communications, in anticipation of the April 30, 2024 protest at issue in this litigation, Defendants state that they will search for non-privileged communications from custodians to be agreed upon by the parties and will supplement on a rolling basis, if appropriate.

## DOCUMENT REQUEST NO. 20:

Provide all documents received by, referenced, or reviewed by Mayor Adams, Commissioners Caban and Tisch, and/or Chief Maddrey, Borough Commanders, Deputy Commissioner of Intelligence Rebecca Weiner, and Incident Commanders documenting occurrences and/or interactions between Officers and civilians at any and all Protest Locations from October 7, 2023, to present.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:

Defendants object to Document Request No. 20 on the grounds that the phrase "all Documents," is overly broad, and the phrases "received by, referenced, or reviewed" and

34

"documenting occurrences and/or interactions between Officers and civilians" are overly broad and vague and ambiguous. Defendants further object to this request on the grounds that it is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation, that it seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter, and that it is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges, to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, and to the extent that this request impermissibly seeks discovery about absent putative class members. Defendants further object on the grounds that this request seeks information more appropriately sought by other means, such as by deposition. No further response will be interposed.

**DOCUMENT REQUEST NO. 21:**

For each Protest Location listed in the attached Schedule A, provide all communications between and among any Officers supervising, commanding, or otherwise directing NYPD's response to the Protests at each Protest Location, including but not limited to communications between and among Borough Commanders, SRG Command, and Deputy Commissioner of Intelligence Rebecca Weiner.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No. 21 on the grounds that "all communications," is overly broad, and that this request is not limited to a time period pertinent to

35

this litigation and is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024 at issue in this litigation, and seeks communications between officers who supervised, commanded, or otherwise directed responses to those protests even if those communications were completely unrelated to protest activities. Defendants further object to this request on the grounds that it seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter, and that are not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to the extent that this request implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to communications about the policing of the April 30, 2024 protest at issue in this litigation, Defendants state that they will search for non-privileged communications between custodians to be agreed upon by the parties and will supplement on a rolling basis, if appropriate.

**DOCUMENT REQUEST NO. 22:**

Provide all Documents, including all non-privileged communications, in Defendants' possession custody [*sic*], or control concerning the December 30, 2020 Corporation Counsel Report Pursuant to Executive Order 58 (June 20, 2020) Directing an Analysis of Factors Impacting the George Floyd Protests in New York City, including any and all Documents received or reviewed by Corporation Counsel in preparing such report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that the phrase "all Documents," is overly broad, and the phrase "received or reviewed by Corporation Counsel"

36

is vague and ambiguous, and to the extent that this request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter, to the extent that this request implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges, to the extent that this request seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, and to the extent that this request seeks confidential documents which may be covered by Protective Orders precluding their disclosure in the instant lawsuit. Defendants further object to this request on the grounds that it seeks information completely unrelated to the singular protest outside City College of New York on April 30, 2024 at issue in this litigation, such that the request is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 23:**

Provide all Documents, including all non-privileged communications, in Defendants' possession custody [*sic*], or control concerning the December 2020 Report by the New York City Department of Investigation ("DOI") titled: Investigation into NYPD Response to the George Floyd Protests, including any and all Documents received or reviewed by DOI in preparing such report.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that the phrase "all Documents," is overly broad, and the phrase "received or reviewed by DOI" is vague and ambiguous, and to the extent that this request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in

37

this matter, to the extent that this request implicates the attorney-client, attorney-work product, law enforcement, official information, and/or deliberative/pre-decisional privileges, to the extent that this request seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55, to the extent that this request seeks documents which are not in Defendants' possession, custody, or control, and to the extent that this request seeks confidential documents which may be covered by Protective Orders precluding their disclosure in the instant lawsuit. Defendants further object to this request on the grounds that it seeks information completely unrelated to the singular protest outside City College of New York on April 30, 2024 at issue in this litigation, such that the request is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. No further response will be interposed.

## DOCUMENT REQUEST NO. 24:

Provide all Documents concerning any communications between any NYPD personnel, including from the Community Affairs Bureau and/or any other neighborhood policing liaisons and organizers of the Protests.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:

Defendants object to Document Request No. 24 on the grounds that it is vague, ambiguous, unintelligible, and/or improperly punctuated such that it is impossible to determine the parties between whom communications are allegedly sought, and it seeks documents "between any NYPD personnel, including . . . organizers of the Protests" even though organizers of the Protests were presumably not NYPD personnel. Defendants further object to this request on the grounds that it vastly overbroad in that, as written, it apparently seeks all communications from and to all NYPD personnel, from or to anyone, about anything, unrestricted by time or

38

scope.  Defendants further object to the extent that the phrase "all Documents" is overly broad. Defendants further object to this request on the grounds that it seeks information completely unrelated to any protest, let alone the singular protest outside City College of New York on April 30, 2024, that is at issue in this litigation, such that the request is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs.  No further response will be interposed.

## DOCUMENT REQUEST NO. 25:

Provide all Documents concerning reports, reviews, communications, discussions, assessments, and analyses, including but not limited to after-action reviews, Sentinel Event reviews, post-mortem reviews, and project debriefs, concerning the NYPD's deployment of officers to protests related to Occupy Wall Street (2011-2012) and in response to the death of Eric Garner (2014-2015).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:

Defendants object to Document Request No. 25 on the grounds that the phrase "all Documents" is overly broad, and the request for all documents "concerning reports, reviews, communications, discussions, assessments, and analyses" is vastly overbroad, and vague and ambiguous, and "protests related to Occupy Wall Street" is vague and ambiguous in that it does not specify what protests Plaintiffs believe to be "related" to Occupy Wall Street.  Defendants further object on the grounds that the request for documents pertaining to Occupy Wall Street and the death of Eric Garner, many years before the April 2024 protest at issue here, seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter, especially given the passage of the ensuing fifteen years and the intervening changes in policing of First Amendment activities during those

39

years. Defendants further object to this request on the grounds that it seeks information that is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. Defendants further object to this request on the grounds that it seeks documents from incidents between 2011 and 2015, which is not reasonably limited to a time period pertinent to this litigation, and to the extent that this request seeks confidential documents which may be covered by Protective Orders precluding their disclosure in the instant lawsuit. No further response will be interposed.

**DOCUMENT REQUEST NO. 26:**

Provide all Documents concerning the decision by then-District Judge Richard Sullivan concerning defendant Monahan's actions as reported in *Dinler v. City of New York*, No. 04 Civ. 7921 (RJS) (JCF), 2012 U.S. Dist. LEXIS 141851, at *27-39 (S.D.N.Y. Sept. 30, 2012), including but not limited to discipline of defendant Monahan, changes in policies, directives, orders, and/or instructions concerning group arrests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that the request for "all documents" concerning a judicial decision "concerning . . . [an individual's] actions" is vague and ambiguous as it is not clear what documents Plaintiffs are seeking, that the reference to "defendant Monahan" is vague and ambiguous as there is no defendant named "Monahan" in the instant litigation, that it is overly broad, and that it seeks documents not in Defendants' possession custody or control. Defendants further object on the grounds that this request, about a judicial decision from 2012, seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter, and, given that it seeks documents regarding a 2012 judicial decision, it seeks documents not

40

reasonably limited to a time period pertinent to the instant litigation. Defendants further object to this request to the extent that it seeks confidential documents which may be covered by Protective Orders precluding their disclosure in the instant lawsuit. Defendants further object to this request on the grounds that it seeks information that is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of identifying what documents Plaintiff seeks and producing these documents outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 27:**

Provide all Documents concerning the jury's verdict against defendant Monahan in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.), including but not limited to discipline of defendant Monahan.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that the request for "all documents" concerning a jury verdict in a case filed in 2005 is vague, ambiguous, and unintelligible as it is not clear what documents Plaintiffs seek, that the reference to "defendant Monahan" is vague and ambiguous as there is no defendant named "Monahan" in the instant litigation, and that this request is overly broad and seeks documents that are not related to any claim or defense in this matter and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to this request on the grounds that it seeks information about a case filed in 2005, decades before the protest at issue in this litigation, and is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. Defendants further object on the

41

grounds that requests for all documents regarding a jury verdict from many years before the protest at issue is not reasonably limited to a time period pertinent to this litigation. Defendants further object to this request to the extent that it seeks confidential documents which may be covered by Protective Orders precluding their disclosure in the instant lawsuit. No further response will be interposed.

**DOCUMENT REQUEST NO. 28:**

Provide all Documents concerning the payment of the punitive damages awarded in *Abdell v. City of New York*, No. 05 Civ. 8453 (RJS) (S.D.N.Y.).

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28 on the grounds that the request for "all Documents" is vague and ambiguous, and the request for documents concerning the payment of a punitive damages award after a trial held in 2014 is vague and ambiguous as it is not clear what documents regarding such a payment Plaintiffs are seeking. Defendants further object to this request on the grounds that the request for documents regarding a damages award in a case filed in 2005, resolved in or around 2015, is overly broad, and seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to this request on the grounds that it seeks information that is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents pertaining to a ten (10)-year litigation brought over twenty (20) years ago outweighs any likely benefit to Plaintiffs. Defendants further object on the grounds that requests for all documents regarding a damages award assessed in 2014, by a jury, a decade before the protest at issue here, is not reasonably limited to a time period pertinent to this litigation. Defendants further object on the grounds that this request can

42

be construed to seek information that implicates the attorney-client, attorney-work product, and/or deliberative/pre-decisional privileges.  No further response will be interposed.

## DOCUMENT REQUEST NO. 29:

Provide all Documents concerning any disciplinary action taken regarding Deputy Inspector Edward Winski concerning his actions during Occupy Wall Street protests, which were the subject of several litigations: *Vincent v. Winski*, No. 14 Civ. 7744; *Gersbacher v. Winski*, No. 14 Civ. 7600.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:

Defendants object to Document Request No. 29 on the grounds that the request for "all Documents" is overly broad and the request for all documents regarding "any disciplinary action" is vague and ambiguous.  Defendants further object on the grounds that the request for documents regarding disciplinary actions taken against a non-party in connection with protests from 2011 and 2012, over a decade before the singular protest on April 30, 2024 at issue here, seeks documents that are not related to any claim or defense in this matter and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter.  Defendants further object to this request on the grounds that it seeks information that is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs, and to the extent that it seeks confidential documents which may be covered by Protective Orders precluding their disclosure in the instant lawsuit.  Defendants further object on the grounds that requests for all documents regarding discipline of a non-party pertaining to protests from over a decade before the protest at issue here is not reasonably limited to a time period pertinent to this litigation, and implicates the privacy interests and personal safety interests of non-parties.  Defendants also object to the extent that this request implicates

43

the attorney-client, attorney work-product, law enforcement, official information, and/or deliberative/pre-decisional privileges. No further response will be interposed.

**DOCUMENT REQUEST NO. 30:**

Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any NYPD officer displaying a "white power" symbol during any of the Protests listed on the attached Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that the phrase "all Documents" is overly broad and the phrase "'white power' symbol" is vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to Document Request No. 30 on the grounds that it is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that this document request seeks information that is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of examining all complaints made by thousands of protesters to NYPD and/or CCRB, to determine whether any such allegation, regardless of its validity or lack thereof, was made, outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 31:**

Provide all Documents concerning any complaint made to or investigation by the NYPD or CCRB, of any NYPD officer for making racist statements or for racist conduct, including but not limited to, racial profiling.

44

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:

Defendants object to Document Request No. 31 on the grounds that the phrases "all Documents," "racist statements," and "racist conduct" are overly broad and vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to Document Request No. 31 on the grounds that it is vastly overbroad, and not reasonably limited to a time period pertinent to this litigation, as it seeks documents pertaining to all complaints, substantiated and unsubstantiated, made against all officers of NYPD, unrestricted by time, and not restricted to officers present at any pro-Palestine protests, let alone the discrete protest at issue in this litigation on April 30, 2024. Defendants further object on the grounds that this request seeks information which is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. No further response will be interposed.

## DOCUMENT REQUEST NO. 32:

Provide all Documents concerning any investigation into, or assessments of, NYPD officers' possible affiliations with racist or white supremacist organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:

Defendants object to Document Request No. 32 on the grounds that phrases "all Documents," "possible affiliations" and "racist or white supremacist organizations" are overly broad and vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object on the grounds that this request, with no

45

time parameters, and not limited to officers who attended the protest at issue in this litigation, let alone those who had any contact with Plaintiffs, is not reasonably limited to a time period or scope pertinent to this litigation. Defendants further object on the grounds that this request seeks information which is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 33:**

Provide all Documents concerning investigations into, or assessments of, NYPD officers' possible affiliations with Proud Boys, Oath Keepers, Three Percenters, or other far-right or neo-Nazi organizations, including but not limited to IAB, Intelligence or Anti-terrorism unit investigations or assessments.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that the phrases "all Documents," "possible affiliations" and "other far-right or neo-Nazi organizations" are overly broad and vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object on the grounds that this request, with no time parameters, and not limited to officers who attended the protest at issue in this litigation, let alone those who had any contact with Plaintiffs, is not reasonably limited to a time period or scope pertinent to this litigation. Defendants further object on the grounds that this request seeks information which is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 34:**

All Documents concerning any investigation into NYPD officers' participation in online far-right/racist message boards, such as the Law Enforcement Rant site Deputy Inspector James Kobel posted on.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that the phrases "all Documents," and "online far-right/racist message boards, such as the Law Enforcement Rant site" are overly broad and vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object on the grounds that this request, with no time parameters, and not limited to officers who attended the protest at issue in this litigation, let alone those who had any contact with Plaintiffs, is not reasonably limited to a time period or scope pertinent to this litigation. Defendants further object on the grounds that this request seeks information which is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**DOCUMENT REQUEST NO. 35:**

Provide all Documents concerning any discipline of any NYPD officer for use of racist language during the Protests.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that the phrases "all Documents" and "racist language" are overly broad and vague and ambiguous, and that the request seeks documents that are not related to any claim or defense in this matter and which

47

have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to Document Request No. 35 on the grounds that it is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action and which has no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object on the grounds that this request, with no time parameters, and not limited to officers who attended the protest at issue in this litigation, let alone those who had any contact with Plaintiffs, is not reasonably limited to a time period or scope pertinent to this litigation. Defendants further object on the grounds that this request seeks information which is not is proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. No further response will be interposed.

**<u>DOCUMENT REQUEST NO. 36:</u>**

Provide all Unusual Incident reports (UF-49s), after-action reports, to/from memoranda, and Mass Arrests Reports, made or maintained at any time, concerning the following protests:

a) World Economic Forum protests in 2002;

b) Republican National Convention protests in 2004;

c) Occupy Wall Street in 2011 and 2012;

d) Black Lives Matter protests between 2013 and 2020;

e) Pro-Trump car caravans on November 1, 2020;

f) Protests or demonstrations in support of Gaza or Palestine, or in opposition to the genocide described in the Complaint

48

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the ground that the request for "all" reports is vague, ambiguous and overly broad. Defendants further object to this request on the grounds that requests for reports about protests dating from 2002 onwards, decades prior to the protest on April 30, 2024 at issue in this litigation, are overly broad and unduly burdensome, and not limited to a time period pertinent to this litigation, and even the request for reports about "protests or demonstrations in support of Gaza or Palestine, or in opposition to the genocide described in the Complaint" is vague and ambiguous as it does not identify which demonstrations were purportedly convened in support of Gaza or Palestine or in connection with an alleged genocide and it is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to this request to the extent that it may implicate the law enforcement and other applicable privileges and to the extent that it may implicate the privacy interests of non-parties and may seek disclosure of information that is sealed pursuant to N.Y. C.P.L. §§ 160.50 and/ or 160.55. No further response will be interposed.

**DOCUMENT REQUEST NO. 37:**

Provide all Documents concerning complaints, made at any time, alleging NYPD excessive force and use of racial epithets during policing of each protest listed in **Request No. 36**.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:

Defendants object to Document Request No. 37 on the grounds that the phrases "all Documents," "complaints," and "racial epithets" are vague and ambiguous, that the request is vastly overbroad as it does not describe or limit the entities to which any such "complaints" were made, and that the request seeks documents which are not in Defendants' possession, custody, or control. Defendants further object on the grounds that the request seeks documents that are not related to any claim or defense in this matter, and which have no bearing on Plaintiffs' arrest and/or prosecution in this matter. Defendants further object to Document Request No. 37 on the grounds that it is vastly overbroad and unduly burdensome as it seeks documents pertaining to protests dating from 2002 onwards, decades prior to the protest on April 30, 2024, at issue in this litigation, and is not limited to a time period pertinent to this litigation, and even the request for complaints pertaining to "protests or demonstrations in support of Gaza or Palestine, or in opposition to the genocide described in the Complaint" is vague and ambiguous as it does not identify which demonstrations were purportedly convened in support of Gaza or Palestine or in connection with an alleged genocide and is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to this request to the extent that it may implicate the privacy interests of non-parties and may constitute disclosure of information that is sealed pursuant to N.Y. C.P.L. §§ 160.50 and/ or 160.55. No further response will be interposed.

## DOCUMENT REQUEST NO. 38:

Provide all Documents sufficient to identify all Arrests effected by Officers at each protest listed in **Request No. 36,** including the following information:

    a)  the total number of Arrests;

    b)  the total number of summonses related to those Arrests issued disaggregated by race, date the summons was issued, and the command of the issuing Officers;

    c)  the total number of DATs issued related to those Arrests disaggregated by race, date the DAT was issued, and the command of the issuing Officers;

    d)  the total number of arrests processed on-line related to those Arrests disaggregated by race, date of arrest, and the command of the arresting Officers;

    e)  the summons number, DAT number, and/or arrest number associated with each Arrest;

    f)  the full name, shield number, and tax identification number of the issuing or arresting Officer;

    g)  the identity of the person Arrested;

    h)  location where the Arrest occurred (*i.e.*, borough and address);

    i)  length of time of custodial detention, including date and time of stop and date and time of release;

    j)  criminal charge(s); and

    k)  disposition of any such charge(s).

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:

Defendants object to Document Request No. 38 on the ground that the request for "all" documents is overly broad. Defendants further object to this request on the grounds that the request for detailed information about the arrests, summonses, and DATs arising from protests

51

dating from 2002 onwards, decades prior to the April 30, 2024 protest at issue in this litigation, is overly broad and unduly burdensome, and not limited to a time period pertinent to this litigation, and even the request for such information pertaining to "protests or demonstrations in support of Gaza or Palestine, or in opposition to the genocide described in the Complaint" is vague and ambiguous as it does not identify which demonstrations were purportedly convened in support of Gaza or Palestine or in connection with an alleged genocide and it is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to this request to the extent that it seeks documents, including about the outcome of criminal charges, that are not in Defendants' possession, custody, or control. Defendants further object to this request to the extent that it may implicate the privacy interests of non-parties, seeks information that is sealed pursuant to N.Y. C.P.L. §§ 160.50 and/ or 160.55, and improperly seeks discovery about absent putative class members. Subject to, and without waiving or in any way limiting these specific objections, and limiting this response to documents pertaining to the April 30, 2024 protest at issue in this litigation, Defendants respond as follows:  See Mass Arrest Report for the protest outside City College of New York on April 30, 2024, produced herewith.

**DOCUMENT REQUEST NO. 39:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding who is authorized to determine when a person related to a protest or

52

demonstration may be released with a Summons or DAT, including any relevant NYPD Patrol Guide provisions.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds that the phrase "all Documents" is overly broad, that the phrase "person related to a protest or demonstration" is vague and ambiguous, and that this request is not reasonably limited to a time period pertinent to this litigation. Defendants further object to this request on the grounds that it is overly broad and unduly burdensome as it seeks documents about policies and practices which may not have been in effect at the time of the April 30, 2024 protest at issue in this litigation. Defendants further object to this request on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Notwithstanding and without waiving or limiting these specific objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.

**DOCUMENT REQUEST NO. 40:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense outside of a protest or demonstration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 on the grounds that "all Documents" is overly broad, that this request is overly broad and unduly burdensome as it seeks documents about policies and practices which may not have been in effect at the time of the

53

April 30, 2024 protest at issue in this litigation, and that this request is not reasonably limited to a time period pertinent to this litigation. Defendants further object to this request on the grounds that the phrase "outside of a protest or demonstration" is vague and ambiguous. Notwithstanding and without waiving or limiting these specific objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.

**DOCUMENT REQUEST NO. 41:**

Provide all Documents reflecting NYPD policies and practices in effect during the Protests regarding the steps involved in processing an Arrest for a Protest-Related Violation or Offense related to a protest or demonstration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 on the grounds that "all Documents" is overly broad, that this request is overly broad and unduly burdensome as it seeks documents about policies and practices which may not have been in effect at the time of the April 30, 2024 protest at issue in this litigation, and that this request is not reasonably limited to a time period pertinent to this litigation. Defendants further object to this request on the grounds that the phrase "related to a protest or demonstration" is vague and ambiguous. Notwithstanding and without waiving or limiting these specific objections, Defendants respond that the NYPD Patrol Guide and Administrative Guide are publicly available at https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.

**DOCUMENT REQUEST NO. 42:**

Provide the Academy Transcript and all training logs and other records reflecting the NYPD training each named Defendant received at the NYPD Academy and after graduating the NYPD Academy.

54

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:

Defendants object to Document Request No. 42 on the grounds that the phrase "other records reflecting the NYPD training" is vague and ambiguous and to the extent that the request is overly broad seeking information about NYPD courses unrelated to arrests and summons and policing First Amendment Activities. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to the training transcripts of the individually named defendants, Defendants state that they are continuing to search for documents responsive to this request and will supplement on a rolling basis, if appropriate.

## DOCUMENT REQUEST NO. 43:

For each and every dataset produced pursuant to these Requests or in response to any of Plaintiffs' Interrogatories, provide any and all data dictionaries identifying and defining all terms and codes used in each field of the dataset.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:

Defendants object to Document Request No. 43 on the grounds that the phrases "each and every dataset" and "any and all data dictionaries" are vague and ambiguous and to the extent that the request is overly broad as it is not clear for what terms Plaintiffs are seeking clarification. Defendants further object to this request to the extent that it seeks information that is already known to Plaintiffs and assumes facts not true or established, i.e., that "data dictionaries" exist defining all terms and codes used in each field of data provided to Plaintiffs. No further response will be interposed.

## DOCUMENT REQUEST NO. 44:

Provide all documents identified or relied upon in responding to Plaintiffs' Interrogatories served in these Actions.

55

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to Document Request No. 44 on the grounds that the phrase "all documents" is overly broad and the phrase "identified or relied upon in responding" is vague and ambiguous and to the extent that this request seeks documents covered by the attorney work-product doctrine and seeks to discover the thought processes and mental impressions of counsel. Subject to, and without waiving or in any way limiting these specific objections, Defendants respond as follows: See Defendants' Responses and Objections to Plaintiffs' Interrogatories.

**DOCUMENT REQUEST NO. 45:**

Provide all Documents concerning any complaint made to, or investigation by the NYPD or CCRB, of any individual on the basis of their use or display of a keffiyeh, watermelon, or Palestinian flag during any of the Protests listed on the attached Schedule A.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendants object to Document Request No. 45 on the grounds that the phrase "all Documents" is overly broad, the phrase "on the basis of their use or display" is vague and ambiguous, and the request is unintelligible and/or improperly punctuated such that it is impossible to ascertain, for example, the individuals or entities from whom Plaintiffs are seeking complaints or by whom the complaints Plaintiffs seek were made, or to whom "their" in "their use or display" is referring. Defendants further object to this request, to the extent that it can be deciphered, on the grounds that it assumes facts not established, i.e. complaints were made or investigations were initiated because an individual was using or displaying a keffiyeh, watermelon, or Palestinian flag, as opposed to for any other reason. Defendants further object to Document Request No. 45 on the grounds that it seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the

56

burden and/or expense outweighs any likely benefit to Plaintiffs, and to the extent that it seeks information that is not within Defendants' possession, custody, or control. Defendants further object on the grounds that this request is vastly overbroad as it seeks documents pertaining to more than one hundred (100) separate protests other than the discrete protest on April 30, 2024, outside City College of New York, at issue in this litigation. Defendants further object to this request to the extent that it seeks impermissible discovery of absent putative class members and documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and to the extent that it implicates the privacy interests and personal safety interests of non-parties. No further response will be interposed.

## DOCUMENT REQUEST NO. 46:

Provide all Documents concerning flexcuffs, and relevant related products (such as, without limitation, tools for removing flexcuffs, flexcuff padding, flexcuff extenders, and the like), including, but not limited to:

a) All documents concerning Defendants' purchase of flexcuffs and related products;

b) All documents concerning any cost analysis of the purchase of flexcuffs and related products;

c) All documents concerning any advertisement, advocacy, or outreach by manufacturers of flexcuffs to the City;

d) All documents concerning (1) the number and availability of tools to remove flexcuffs; (2) the feasibility of having more such tools available; (3) the feasibility of using safer models of flexcuffs; (4) the feasibility of providing officers with and using flexcuff padding or other similar measures; (5) the feasibility of any other flexcuff related production; (6) the risks and any other considerations

57

associated with using flexcuffs when an arrestee is wearing a backpack or other similar device that may fall and put pressure on flexcuffs; and (7) any other decision about the implementation of flexcuffs.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:[1]

Defendants object to the first of the two requests which Plaintiffs called Document Request No. 46 on the grounds that the phrase "all Documents" is overly broad and the phrases "and the like," "relevant related products," "related products," "safer models of flexcuffs," "similar measures," flexcuff related production," "other similar device," and "decision about the implementation of flexcuffs" are vague and ambiguous. Defendants further object on the grounds that this request is not limited to a time period pertinent to this litigation, and seeks information about products which may have no longer been in use at the time of the protest at issue in this litigation. Defendants further object to this request on the grounds that it is overly broad and unduly burdensome as it seeks, for example, financial, marketing, and procurement documents, about purchases unrestricted by time, such that the request is not proportional to the needs of the case, considering the amount in controversy, and the importance of the discovery in resolving the issues, and insofar as the burden and/or expense of producing these documents outweighs any likely benefit to Plaintiffs. No further response will be interposed.

## DOCUMENT REQUEST NO. 46:

Provide all Documents concerning the origin of Defendants' choice to begin using and training to members of the NYPD about VTL § 1156(a) as a basis for charges at protests or demonstrations, including, but not limited to any internal communications, policy memos, UF-

---

[1] Plaintiffs have propounded two requests marked "Request No. 46."

49s, and the like.

**<u>OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:</u>**

Defendants object to the second of the two requests which Plaintiffs called Document Request No. 46 on the grounds that the phrase "all Documents" is overly broad, the phrase "and the like" is vague and ambiguous, and the phrase "origin of Defendants' choice" is vague and ambiguous as it is unclear what time frame the "origin" lasts for and it assumes facts not established, i.e., that a conscious choice was made to train members of NYPD about using VTL § 1156(a) as a basis for charges at protests or demonstrations. Defendants further object on the grounds that this request, unlimited in time and scope, is overly broad and not reasonably limited to a time period pertinent to the April 30, 2024 protest at issue in this litigation. Defendants further object on the grounds that this request seeking UF-49s "and the like" about all protests, unlimited by time, is vastly overbroad and seeks documents that are sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55 and implicates the privacy interests and personal safety interests of non-parties. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to this request to the extent that it seeks impermissible discovery of absent putative class members and implicates the attorney-client, attorney work-product, law enforcement, official information, and/or deliberative/pre-decisional privileges. Notwithstanding and without waiving or limiting these specific objections, and limiting this response to policy memos and training to members of the NYPD about VTL § 1156(a) as a basis for charges at protests or demonstrations, in effect on April 30, 2024, Defendants state that they are continuing to search for documents responsive to this request and

59

will supplement on a rolling basis, if appropriate.

## DOCUMENT REQUEST NO. 47:

Provide all Documents concerning the instances of members of the NYPD, at protests or demonstrations, (1) covering their badge numbers; (2) using the wrong helmets or otherwise obscuring their helmet numbers; (3) otherwise engaging in actions that make it difficult to identify officers during the Summer 2020 demonstrations and thereafter, including but not limited to, internal investigatory documents, any relevant disciplinary documents or policy changes, decisions not to impose discipline, and any other document relevant to NYPD's response to the documented issues with identifying members of the NYPD referenced above.

## OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:

Defendants object to Document Request No. 47 on the grounds that the phrase "all Documents" is overly broad, the phrases "concerning the instances" and "the documented issues . . . referenced above" are vague and ambiguous and assume facts not established, i.e., that any such instances did in fact take place, and the phrase "otherwise engaging in actions that make it difficult to identify officers" is vague and ambiguous. Defendants further object on the grounds that this request, seeking information about allegations from "during the Summer 2020 demonstrations," is not reasonably limited to a time period pertinent to the April 30, 2024 protest at issue in this litigation. Defendants further object on the grounds that this document request seeks information that is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to Plaintiffs. Defendants further object to this request to the extent that it seeks impermissible discovery of absent putative class members and implicates the attorney-client, attorney work-product, law enforcement, official information, and/or deliberative/pre-decisional

60

privileges.  No further response will be interposed.

Dated:        New York, New York
              April **13th**, 2026

                              **STEVEN BANKS**
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants*
                              100 Church Street
                              New York, New York 10007
                              (212) 356-2413


                              By: _____
                                   Joanne M. McLaren
                                   *Senior Counsel*

61

<u>Via Electronic Mail</u>

TO: Elena L. Cohen
   J. Remy Green
   Regina J. Yu
   Leena M. Widdi
   Nayantara Bhushan
   **COHEN & GREEN PLLC**
   1639 Centre Street, Suite 216
   Ridgewood (Queens), New York
   11385
   (929) 888-9480
   elena@femmelaw.com


TO: Tahanie A. Aboushi, Esq.
   **THE ABOUSHI LAW FIRM PLLC**
   1441 Broadway, 5th Floor
   New York, New York 10018
   (212) 391-8500
   tahanie@aboushi.com


TO: Gideon Orion Oliver
   **GIDEON LAW**
   277 Broadway, Suite 1501
   New York, New York 10007
   (718) 783-3682
   Gideon@GideonLaw.com


TO: David B. Rankin
   Luna Droubi
   **BELDOCK LEVINE &**
   **HOFFMAN LLP**
   99 Park Avenue, PH/26th Floor
   New York, New York 10016
   (212) 277-5825
   drankin@blhny.com


TO: Jessica Massimi
   **MASSIMI LAW PLLC**
   99 Wall Street, Suite 1264
   New York, New York 10005
   (646) 241-9800
   jessica.massimi@gmail.com