

**STEVEN BANKS**
Corporation Counsel

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**JOANNE M. McLAREN**
*Senior Counsel*
Telephone: (212) 356-2413
jmclaren@law.nyc.gov

June 3, 2026

**VIA ECF**
Honorable Marcia M. Henry
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:    *Hilary Steadman, et al.  v. City of New York, et al.*
             25-CV-4081 (RER) (MMH)

Your Honor:

       I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent the City of New York, Detective Craig Jacob, and P.O. Candice Richards ("Defendants") in the above-referenced matter.[1]  Defendants write in opposition to Plaintiffs' motion dated May 27, 2026 (ECF No. 50), seeking an order compelling a final date for document production, directing additional, or different, discovery responses to Plaintiffs' voluminous demands, and requiring privilege logs and verifications.  Defendants respectfully submit that Plaintiffs' motion is premature and mischaracterizes both the status of discovery and Defendants' good faith efforts to parse, from Plaintiffs' unbridled requests, what is necessary and appropriate discovery from what is merely tactical.

       By way of background, Plaintiffs bring this putative class action pursuant to 42 U.S.C. § 1983 alleging, inter alia, that the City of New York and members of the New York City Police Department ("NYPD") violated their rights while they were participating in a protest near City College of New York in Harlem on April 30, 2024.  They seek to represent a class consisting of all persons who took part in that singular protest on April 30, 2024, who were subject to certain defined police action.  See ECF No. 9 at ¶ 217.  The same consortium of Plaintiffs' counsel has brought, in the Southern District of New York, another putative class action seeking redress for alleged constitutional and state law violations occurring at all pro-Palestine protests, in all five boroughs, from October 21, 2023 onwards.  See Makkawi et al. v. City of New York, et al., 25-cv-6321 (DEH) (S.D.N.Y.) (Makkawi ECF No. 9 at ¶ 483(a)).  The Makkawi plaintiffs specifically

---

[1] Six additional defendants have been recently named in a Second Amended Complaint.  The undersigned is in the process of conducting representation interviews of these members of service, whose Answer is due on June 17, 2026.

defined their putative class to exclude members of the putative <u>Steadman</u> class, <u>see</u> <u>id.</u> at ¶ 483(b)(4), who would otherwise have been included in the <u>Makkawi</u> proposed class.

As an initial matter, discovery in <u>Steadman</u> is in its early stages. Six new defendants have recently been served and their Answer is not yet due. Defendants served comprehensive responses to Plaintiffs' document requests on April 15, 2026, and contemporaneously made a substantial document production of almost 900 pages. In their requests, Plaintiffs sought dozens of categories of documents pertaining to <u>102</u> separate pro-Palestine protests listed in an annexed Schedule A, plus discovery about all protests mentioned in their Amended Complaint, which includes protests spanning several decades, where policing tactics now obsolete would have been used, and thus discovery about such protests and policies will be of no relevance here.[2]

Defendants are not "freez[ing] this case without any possibility to make progress." ECF No. 50 at 2. To the contrary, Defendants are actively and meaningfully participating in discovery. At the meet and confer on May 19, 2026, Plaintiffs' counsel stated that, despite their substantial team, they had not yet reviewed all of the documents produced by Defendants to date. During the meet and confer, I advised Plaintiffs' counsel that I would review and produce additional documents from NYPD as soon as practicable, on a rolling basis. I also informed Plaintiffs' counsel that I had body-worn camera footage (capturing the named Plaintiffs and putative class members) which we could produce as soon as Plaintiffs provide an appropriate unsealing order. To date, Plaintiffs have not provided such an order. Once an appropriate unsealing order is in place, Defendants are prepared to produce approximately <u>860</u> videos from the protest at issue.

Plaintiffs complain that Defendants have not provided "a date certain" for completion of document discovery. Such a deadline at this early stage would be premature. This is particularly the case as the parties are still in fundamental disagreement as to the scope of discovery. Moreover, as Plaintiffs' counsel (most, if not all, of whom were involved in the 2020 protest litigation) are well aware, discovery in the prior case lasted several years. While Plaintiffs sent Defendants a proposed motion seeking a six-month extension of discovery after the meet and confer, Defendants maintain that seeking an extension at this point is premature. Discovery is not set to close until September 4, 2026, and waiting until discovery is further along will permit a better understanding of what extension, if any, is necessary.

Plaintiffs also complain about Defendants' alleged failures to state what is being withheld. Plaintiffs' complaints are not accurate and elevate form over substance. Plaintiffs argued on multiple occasions to Judge Reyes that the <u>Steadman</u> putative class is somehow unique, and special, justifying its being excised from the <u>Makkawi</u> putative class of which it would otherwise have been a part. Despite that, Plaintiffs do not limit their discovery demands to the April 30, 2024 protest, but, as described above, seek dozens of categories of documents about all 102 pro-Palestine protests listed in their Exhibit A, plus the protests peppered throughout the Complaint going back to the early 1990s. Defendants made clear throughout their discovery responses that, at least at this juncture, they would not produce documents pertaining to protests other than the April 30, 2024 protest at issue. Additionally, Plaintiffs seek discovery about, for example, all arrests of individuals at the over-100 protests, injuries sustained by such individuals, the arrest

---

[2] For example, protests discussed in the Amended Complaint, encompassed by Plaintiffs' discovery requests, include a protest "in the early 1990s" featured in <u>Dwares v. City of New York</u>, 985 F.2d 94, protests from 2002 WEF, litigated in <u>Burley v. City of New York</u>, 03-cv-2915 (WHP)(FM), and 2003 anti-war protests, litigated in <u>Larsen v. City of New York, et al.</u>, 04-cv-0665 (RWS) (S.D.N.Y.). <u>See</u> Second Amended Complaint (ECF No. 46) at ¶¶ 117(a), 148(b) and 148(d).

reports and photographs of such individuals, their charges and the disposition of their charges etc. See, e.g., Document Request Nos. 8, 9, and 11. Defendants appropriately objected on the grounds that such requests impermissibly seek discovery of absent putative class members, see Currency Conversion Fee Antitrust Litig., MDL No. 1409, 2004 U.S. Dist. LEXIS 22320, at *5 (S.D.N.Y. Nov. 3. 2004), and seek documents sealed pursuant to N.Y. C.P.L. §§ 160.50 and/or 160.55. To the extent that Plaintiffs wish Defendants to aggregate and review all these documents, before withholding them, such an exercise would be a colossal waste of time and an abuse of the discovery process. Defendants have made clear what they are not producing and why, while also making clear that they will produce: 1) relevant non-Plaintiff-specific material, e.g., policies and training materials pertaining to the policing of First Amendment activities (Response to Document Request No. 1), instructions given to police officers staffing the protest at issue (Response to Document Request No. 7), and roll calls and command logs from the protest at issue and open-source data compiled in advance of the protest at issue (Response to Document Request No. 8); and 2) all pertinent material specific to the named Plaintiffs and their interactions with police, e.g., all summons and arrest paperwork, and TRI reports (Response to Document Request No. 8), and training and disciplinary materials pertaining to the named Plaintiffs' arresting officers and those assisting (Response to Document Request Nos. 16 and 42).

Unlike the undersigned who was not involved in the 2020 protest litigation, most, if not all, of Plaintiffs' counsel in this case were also counsel in the 2020 protest litigation. Therefore, they are (or at least should be) intimately familiar with the documents produced in the 2020 protest litigation (upon information and belief, over one million pages). They are in a better position to articulate what documents exist, and what would be useful, and identify those documents to Defendants. Some of the documents produced in the 2020 litigation are covered by a Confidentiality Agreement preventing their use in other litigations, including this one. Defendants have asked Plaintiffs how they propose handling these confidentiality issues and whether a modification of any of the existing Confidentiality Agreements is appropriate. Defendants have received no response.

Plaintiffs take issue with the valid and appropriate objections which Defendants interposed. Defendants are prepared to provide further details about their objections at the next regularly-scheduled court conference in this matter, on June 17, 2026. The rationale and good faith basis underlying these objections should, however, be apparent from a review of the entirety of Defendants' responses. For example, requests for all documents pertaining to complaints, whether meritorious or wholly frivolous, from all 102 protests in Exhibit A, including all "video and audio recordings, all recordings of interrogations of the members of service, interviews of any and all non-members of service . . . body-worn camera footage and associated audit trails and activity logs, and radio transmissions, TARU recordings and any other recordings (such as Argus videos) . . . and any other Documents collected, considered, or reviewed" (Document Request No. 14) is colossally overbroad -- even calculating the time to collect and review such documents and the potentially lengthy interviews and BWC would be unduly burdensome. Such discovery is not proportional to the needs of this case and Plaintiffs' attempt to compel this only serves to derail appropriate, proportional discovery. Likewise, documents pertaining to deaths in custody (Document Request No. 3) and about a jury verdict from a case filed in 2005 (Document Request Nos. 27 and 28) are of no relevance here. Plaintiffs sought, in their interrogatories, the names of every officer who "stopped, detained, questioned, or arrested" anyone at over 100 protests, and any officer who, at any time before, during or after the police encounter, saw the person who was stopped, detained, questioned or arrested (Interrogatory Nos. 6 and 12). The burden and absurdity of such a request is obvious on its face. Similarly, Plaintiffs seek identification of all officers

"present, deployed, or otherwise involved in performing official duties at or near" over 100 protest locations (Interrogatory No. 1). Such a request surely encompasses officers performing unrelated traffic duties or responding to robberies or homicides several blocks away from each protest location, on each separate pro-Palestine protest date. Would it also encompass officers a precinct away, a borough away (Queens is "near" Manhattan, relatively speaking), on vacation in a neighboring state? The requests are completely unworkable and Defendants' responses are appropriate and valid.

Interrogatories and Privilege Logs: FRCP 26(g) requires that discovery responses must be signed by at least one attorney of record, or by the party personally if the party is unrepresented. Defendants' counsel signed the interrogatories. Plaintiffs complain that no privilege log has been provided. No documents have been withheld, so far, on grounds of privilege, so no privilege log has been prepared. In the future, if necessary, a privilege log will of course be provided to Plaintiffs.

Defendants remain committed to the production of proportional discovery in this case, and to working through discovery issues cooperatively, to the extent possible, without unnecessary motion practice. For the reasons discussed above, Defendants respectfully request that the Court deny Plaintiffs' motion to compel as premature and unnecessary. Defendants thank the Court for its attention to this matter.

Respectfully submitted,

s/ *Joanne M. McLaren*

Joanne M. McLaren
*Senior Counsel*
Special Federal Litigation Division

cc:    All counsel of record (via ECF)